UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE S. HARASZ AND | : | NO.: 3:15-cv-01528 (MPS) |
| DOUGLAS A. WIRTH | : | |
| | : | |
| v. | : | |
| | : | |
| JOETTE KATZ, ELIZABETH FERREIRA, | : | |
| TOWN OF GLASTONBURY, JAMES A. | : | |
| KENNEDY AND WILLIAM TRANTALIS | : | DECEMBER 4, 2015 |

## RULE 26(f) REPORT OF PARTIES PLANNING MEETING

**Date Claims Filed:** Plaintiffs commenced an action against the Defendants in State Court by way of Complaint dated September 21, 2015.  The Defendants removed the case to United States District Court on October 21, 2015.

**Date Claims Served:** The Complaint was served on defendants Town of Glastonbury, James A. Kennedy, and William Trantalis on September 25, 2015; upon the defendants Joette Katz and Elizabeth Ferreira on September 25, 2015.

**Date of Defendants' Appearance:** October 21, 2015.

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), and Local Civil Rules 16 and 26(e), the parties conferenced this case by exchanging emails and drafts of this report commencing on November 17, 2015.  Sally A. Roberts, Esq., participated for the Plaintiffs, George S. Harasz and Douglas A. Wirth.  Katherine E. Rule, Esq., participated for Defendants Town of Glastonbury, James A. Kennedy, and William Trantalis.  John E. Tucker, Esq., participated for Defendants Joette Katz and Elizabeth Ferreira.

**I.     CERTIFICATION:**

The undersigned parties certify that, after consultation with their clients, they discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, developed the following proposed case management plan.  Counsel further certify that they forwarded a copy of this report to their respective clients.

**II.    JURISDICTION:**

    **A.    Subject Matter Jurisdiction.**

Jurisdiction is based upon federal question grounds (42 U.S.C. § 1983) and diversity of citizenship.

    **B.    Personal Jurisdiction.**

Personal jurisdiction is not contested.

**III.   BRIEF DESCRIPTION OF THE CASE:**

    **A.    Claims of the Plaintiff.**

Plaintiffs bring claims against Commissioner Katz for failure to train/supervise, for malicious prosecution against Katz, Ferreira, Kennedy and Trantalis, for fabrication of evidence against Katz, Ferreira, Kennedy and Trantalis, hate crimes under C.G.S. § 52-571c against Katz, Ferreira, Kennedy and Trantalis, and excessive force and unlawful search and seizure against the Glastonbury police defendants.

There is no qualified immunity for perjury, fabrication of evidence, and malice.

**B.   Defenses and Claims of Defendants.**

<u>Defendants Town of Glastonbury, James A. Kennedy, William Trantalis</u>:

The Defendants Town of Glastonbury, James A. Kennedy, and William Trantalis deny the material allegations of the complaint.  Furthermore, the plaintiff's complaint fails to state a cause of action against defendants upon which relief may be granted, and said claims are further barred by the doctrine of qualified immunity.

<u>Defendants Joette Katz and Elizabeth Ferreira</u>:

Plaintiffs were the adoptive parents of numerous children—nine in all.  Some of the children and professionals working with the family made reports of suspected abuse and neglect.  The Department of Children and Families conducted an investigation as did the Glastonbury Police Department.  The adoptive children were removed pursuant to an order of the state superior court for juvenile matters, and the children were adjudicated neglected and committed. Ultimately, the superior court for juvenile matters entered judgment terminating the plaintiffs' parental rights to five of the children. All of the judgments rendered in the superior court for juvenile matters were uncontested, and no appeal was filed.  Plaintiffs were criminally charged.  Ultimately, the judge in the criminal cases determined that the State could not satisfy its high standard of proof of beyond a reasonable doubt, and entered a judgment in favor of the Plaintiffs.  Plaintiffs aver that the named Defendants acted with malice towards the Plaintiffs in connection their respective investigations or dealings with the Plaintiffs.

As required by state law, the Department of Children and Families conducted an investigation of the reports of suspected child abuse and neglect.  Plaintiffs do not contest the fact that at least two of the children disclosed abuse and neglect against the

Plaintiffs, but contend, instead, that the Department should have discounted the disclosures and/or reports from professionals who were working with the family.

Plaintiffs failed to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  As best Defendants Joette Katz and Elizabeth Ferreira can understand the complaint, they deny the material allegations in that complaint.  Notwithstanding the Plaintiffs' claims of malice, both Joette Katz and Elizabeth Ferreira acted reasonably under the circumstances, and are entitled to qualified immunity.  In addition, particular claims made by the Plaintiffs are not justiciable and, as pled, are not "plausible" claims under the pleading standard of *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

**IV.** **STATEMENT OF UNDISPUTED FACTS:**

Counsel certify that they have made a good faith effort to determine whether there are any material facts that are not in dispute.  At this time, counsel have not identified any material facts not in dispute.

**V.** **CASE MANAGEMENT PLAN:**

**A.** **Standing Order on Scheduling in Civil Actions.**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

**B.** **Scheduling Conference with the Court.**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.     Early Settlement Conference.**

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.  The parties do not request an early settlement conference at this time.

3.  The parties prefer a settlement conference with a United States Magistrate Judge.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.     Joinder of Parties and Amendment of Pleadings.**

1. Plaintiffs and Defendants should be allowed until **January 1, 2016** to file motions to join additional parties.

2. Defendants should be allowed until March 3, 2016, after the plaintiffs respond to the pending motions to dismiss on February 3, 2016, to file a response to the plaintiffs' filings.

**E.     Discovery.**

1.     The parties anticipate that discovery will be needed on the following subjects:  All of the Plaintiffs' claims, all of the affirmative allegations of the defendants, prior history of the parties, damages. Plaintiffs adopted nine children. At least two of the children participated in forensic interviews at Saint Francis Hospital and Medical Center. Numerous mental health professionals worked with the children and with the adoptive family at different times.  Various family members or family friends reported concerns and/or information related to the Plaintiffs and the children.  Both plaintiffs will need to

be deposed. Both reside out of state: Defendant Harasz in Illinois; Defendant Wirth in North Carolina.

    2.    All discovery including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced immediately and completed by **April 30, 2017.**

    3.    Discovery will not be conducted in phases.

    4.    Discovery will be completed by **April 30, 2017.**

    5.    The parties anticipate that Plaintiffs will require a total of up to six to eight (6-8) depositions of fact witnesses, that Defendants Town of Glastonbury, James A. Kennedy, and William Trantalis will require a total of six to eight (6-8) depositions of fact witnesses, and that Defendants Joette Katz and Elizabeth Ferreira will require a total of six to ten (6-10) depositions of fact witnesses; however, the parties may require more if rebuttal fact witnesses become necessary. The depositions will be completed by **December 30, 2016**.

    6.    The parties may request permission to serve more than 25 interrogatories.

    7.    Plaintiffs may call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **December 30, 2016**. Depositions of any such experts will be completed by **April 30, 2017**.

    8.    Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide Plaintiffs with reports retained from experts by **February 1, 2017**. Depositions of such experts will be completed by **April 1, 2017**.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages by **December 1, 2016**.

10. Undersigned parties have discussed the disclosure and preservation of electronically stored information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: Unless otherwise agreed upon by the parties or ordered by the Court, both parties will make available any documents (if requested in the discovery process and otherwise non- objectionable) in electronic format and available for inspection in hard copy format for inspection by the other party or for copying at the other party's expense. The parties reserve the right to make appropriate objections to any discovery issued in accordance with the Federal Rules of Civil Procedure and applicable case law. Both sides agree to instruct the parties to preserve electronically stored records relating to this litigation. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

11. The undersigned parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. If one party receives (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, such party must provide written notification to the other party within 15 calendar days of the receipt of the same identifying such information and/or attaching such document(s) thereto. In response, the disclosing party has 15 calendar days to provide written notification to the non-disclosing party that it is asserting a claim for attorney-client

privilege or work-product protection with respect to such information or document(s). Alternatively, if the disclosing party is the one who initially learns that it has produced (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, the disclosing party must provide written notification to the other party within 15 calendar days of learning of the same that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s). Upon the receipt of any attorney-client privilege or work-product protection claim from the disclosing party, the non-disclosing party must (within 15 calendar days of the receipt of the assertion of such claim) either: (a) agree in writing to the disclosing party's assertion of such claim and return to the disclosing party any original document(s)(and destroy and not retain any copies of such original document(s)) and never make use of or otherwise disclose or publicize in any manner during the course of the litigation or otherwise any such document(s) or information that is the subject of such claim; or (b) inform the disclosing party in writing that it objects to the assertion of such claim. If the non-disclosing party objects or fails to respond to the assertion of such claim, then the non-disclosing party agrees not to make use of or otherwise disclose or publicize in any manner any such document(s) or information that is the subject of such claim until the Court is afforded the opportunity to review and decide upon such claim in response to the disclosing party's request for adjudication of such claim by the Court.

    **F.**    **Dispositive Motions.**

    Dispositive motions will be filed on or before **May 31, 2017**.

**G.     Joint Trial Memorandum.**

Joint Trial Memorandum required by the standing order on trial memoranda in civil actions will be filed by the latter of **May 31, 2017** or 60 days after the Court's ruling on any dispositive motion.

**VI.     <u>TRIAL READINESS</u>:**

The case will be ready for trial one month after the submission of the Joint Trial Memorandum.

As officers of the Court, the undersigned counsel agree to cooperate with the each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS,
GEORGE S. HARASZ AND
DOUGLAS A. WIRTH

By /s/ Sally A. Roberts
    Sally A. Roberts, Esquire
    ct24828
    Law Office of Sally A. Roberts, LLC
    11 Franklin Square
    New Britain, CT  06051
    (860) 384-6701
    (860) 920-5233 fax
    E-Mail: sallyroberts@sallyrobertslegal.com

DEFENDANTS,
TOWN OF GLASTONBURY, JAMES A. KENNEDY AND WILLIAM TRANTALIS

By /s/ Katherine E. Rule
    Thomas R. Gerarde, Esq.
    ct05640
    Katherine E. Rule, Esq.
    ct27360
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    E-Mail:  tgerarde@hl-law.com
    E-Mail:  krule@hl-law.com

DEFENDANTS,
JOETTE KATZ AND ELIZABETH FERREIRA

By /s/ John E. Tucker
    John E. Tucker, Esq.
    Assistant Attorney General
    ct04576
    Office of the Attorney General
    110 Sherman Street
    Hartford, CT 06105
    (860) 808-5480
    (860) 808-5595
    Email: john.tucker@ct.gov

## **CERTIFICATION**

       This is to certify that on December 4, 2015, a copy of the foregoing RULE 26(f) REPORT OF PARTIES PLANNING MEETING was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Sally A. Roberts, Esquire
Law Office of Sally A. Roberts, LLC
11 Franklin Square
New Britain, CT  06051

John Tucker, AAG
State of Connecticut Attorney General
Mackenzie Hall
110 Sherman Street
Hartford, CT 06105

                                                            /s/ Katherine E. Rule
                                                            Katherine E. Rule