## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GEORGE S. HARASZ AND : DOCKET NO.: 3:15-cv-01528-MPS
DOUGLAS A. WIRTH :

v. :

JOETTE KATZ, ELIZABETH FERREIRA, :
TOWN OF GLASTONBURY, JAMES A.
KENNEDY AND WILLIAM TRANTALIS : FEBRUARY 10, 2016

### MOTION TO DISMISS

Pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure (F.R.C.P.)

and for the reasons stated in the accompanying memorandum of law, the defendants,

Commissioner Joette Katz and Social Worker Elizabeth Ferreira, respectfully move for

this Court to dismiss the above-captioned action.

ORAL ARGUMENT REQUESTED/

NO TESTIMONY REQUIRED

DEFENDANTS

Joette Katz (in her individual capacity)
Elizabeth Ferreira (in her individual capacity)

GEORGE JEPSEN
ATTORNEY GENERAL

BY:        /S/ John E. Tucker
        _____
        John E. Tucker
        Assistant Attorney General
        Federal Bar No. ct 04576
        110 Sherman Street
        Hartford, CT  06l05
        Tel: (860) 808-5480
        Fax: (860) 808-5595
        Email: john.tucker@ct.gov

## CERTIFICATION

This is to certify that on February 10, 2016 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Sally A. Roberts, Esquire
Law Office of Sally A. Roberts, LLC
11 Franklin Square
New Britain, CT  06051
Email: sallyroberts@SallyRobertsLegal.com

Attorney Thomas R. Gerarde
Attorney Katherine E. Rule
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
Email: krule@HL-Law.com

/S/ John E. Tucker

John E. Tucker
Assistant Attorney General

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

</div>

| | |
|---|---|
| GEORGE S. HARASZ AND<br>DOUGLAS A. WIRTH | :  DOCKET NO.: 3:15-cv-01528-MPS<br>: |
| v. | : |
| JOETTE KATZ, ELIZABETH FERREIRA,<br>TOWN OF GLASTONBURY, JAMES A.<br>KENNEDY AND WILLIAM TRANTALIS | :<br>:<br>:  FEBRUARY 10, 2016 |

<div align="center">

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

</div>

**Background:**

This civil rights action was originally filed in state superior court in September, 2015. The action is directed against, *inter alia*, Commissioner Joette Katz, Commissioner of the Department of Children and Families (DCF) and Elizabeth Ferreira, a Social Worker employed by DCF.[1]  Both are sued solely in their individual capacities. (Complaint, ¶¶ 5,6)  The Town of Glastonbury and two members of the Glastonbury Police Department are also named defendants.  A notice of removal to federal court was filed by the Glastonbury defendants.

The plaintiffs aver that Commissioner Katz assumed office as Commissioner of the Department of Children and Families in February, 2011. (Complaint, ¶ 55) The plaintiffs aver that Elizabeth Ferreira was a Social Worker employed by DCF, and that she was involved in the case concerning the plaintiffs' children. (Complaint, ¶ 6) Plaintiffs do not aver that Ms. Ferreira had any involvement prior to February, 2011.

---

[1] The Department of Children and Families is a department within the executive branch of the State of Connecticut, and the child welfare authority of this state.  Conn. Gen. Stat. §§ 4-38c, 17a-2, 17a-3.

Defendants Commissioner Joette Katz and Elizabeth Ferreira filed a motion to dismiss dated November 19, 2015. Plaintiffs moved for an extension of time to respond. This Court allowed the plaintiffs until February 3, 2016 to respond to the motion to dismiss. On February 2, 2016, the plaintiffs filed an amended complaint. In the amended complaint, the plaintiffs deleted the causes of action for violation of the hate crimes statute under state law, the claim of fabrication of evidence directed against Commissioner Joette Katz, the claim of malicious prosecution directed against Elizabeth Ferreira, and all claims for injunctive relief.

The February 2, 2016 amended complaint avers the violation of 42 U.S.C. § 1983. The amended complaint contains five counts directed against Commissioner Katz and/or Elizabeth Ferreira:

> Count One: Failure to properly train and supervise directed against Commissioner Joette Katz;
>
> Counts Three and Six—Malicious prosecution directed against Commissioner Joette Katz;
>
> Counts Four and Seven—Fabrication of evidence directed against Social Worker Elizabeth Ferreira.

The plaintiffs seek compensatory damages "according to proof, but in no event less than $100,000,000", punitive damages, interest, attorney's fees and costs.[2]

---

[2] In adjudicating a motion to dismiss the court may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels* v. *Air Transport Local 504*, 992 F. 2d 12, 15 (2nd Cir. 1993). Although this memorandum of law may make reference to matters of which this Court may take judicial notice, nothing in this memorandum should be construed to convert the present motion to one for summary judgment.

The plaintiffs adopted a number of children—nine children in all. (Complaint, ¶ 13) DCF personnel and the police investigated the plaintiffs based on the repeated disclosures of abuse or neglect by their adoptive children and the reports of various professionals that were or had been working with the family. With reference to one of the children who disclosed abuse (designated by the plaintiffs as John Doe #4) (also referred to as "RH") the plaintiffs aver: "DCF mistakenly believed the outlandish lies of a troubled teen." (Complaint, ¶ 3)

The other victim was Doe # 9 (also referred to as "CoH"). He was born in 2006 (Complaint, ¶13); and he was adopted by the plaintiffs in April 2007. (Complaint, ¶ 26) The plaintiffs attribute fault to the forensic interviewer for the disclosure of abuse and neglect by John Doe #9. (Complaint, ¶¶ 89-93) The plaintiffs concede, however, that the forensic interviewer was not actually an employee of DCF. (Complaint, ¶ 83)

Seven of the children were removed from the plaintiffs' home pursuant to orders of temporary custody issued by the juvenile session of superior court.[3] (Complaint, ¶¶ 96, 144) Thereafter, the children were adjudicated neglected and committed to the Department of Children and Families. See Conn. Gen. Stat. § 46b-129. Ultimately, the superior court terminated the plaintiffs' parental rights to the five youngest children. (Complaint ¶¶ 194-195) See Conn. Gen. Stat. §§ 17a-93, 17a-112. The plaintiffs did not contest the orders of temporary custody, the adjudications of neglect, the orders

---

[3] Conn. Gen. Stat. § 46b-129 (b) authorizes the superior court to issue an *ex parte* order of temporary custody to remove children from the custody of their parents if the children would be in immediate risk of physical harm from their surroundings. The parents are entitled to a prompt hearing in which the petitioner has the burden of proof. See *In re Kaurice B.*, 83 Conn. App. 519, 522 (2004).

3

committing the children to the Department, or the judgments terminating the plaintiffs'

parental rights.[4]

The plaintiffs were criminally prosecuted by the Office of the State's Attorney in

connection with offenses against two of the children (designated by plaintiffs: John Doe

---

[4] In the amended complaint, the plaintiffs  make reference to proceedings in the juvenile session of superior court. *See*, e.g., Complaint, ¶¶ 43,47,78, 81, 107.  Attached as Exhibit A are redacted state court orders of temporary custody, orders adjudicating the subject children neglected, and orders granting termination of parental rights.
The following orders were entered in the juvenile session of superior court:
On April 16, 2010, the Superior Court (Wollenberg, J.) granted an *ex parte* order of temporary custody of RH., finding that the youth was in immediate physical danger from his surroundings.  On April 23, 2010, the order of temporary custody was sustained by agreement.
On January 10, 2011, the Superior Court (Frazzini, J.)  adjudicated  RH. neglected and committed him to the Department of Children and Families.
The attorney for CH., Attorney Thomas Babson Kane,  filed an *ex parte* motion for order of temporary custody of his client.  On August 23, 2010, the Superior Court (Keller, J.) granted the motion, finding that the youth was in immediate physical danger from his surroundings. On August 27, 2010, the order of temporary custody was sustained by agreement.
On January 10, 2011, the Superior Court (Frazzini, J.) adjudicated CH. neglected and committed him to the Department of Children and Families.
On January 10, 2011, the Superior Court (Frazzini, J.) adjudicated the following children neglected:  JH., GH., TH., ChH., CoH., and ordered a period of protective supervision.
On February 10, 2011, the Superior Court (Mulcahy, J.) granted *ex parte* motions for temporary custody of the following children: JH., GH., TH., ChH., CoH.; finding that they were in immediate risk of physical harm from their surroundings.
On February 16, 2011, the Department of Children and Families filed a motion to open and modify disposition, seeking commitment of the following children: JH., GH., TH., ChH., CoH..
On September 6, 2011, the Superior Court (Bentivegna, J.) granted the motion to open and modify disposition to commitment by agreement, thereby committing the following children to the Department of Children and Families:  JH., GH., TH., ChH., CoH..
On November 28, 2011, the Department of Children and Families filed termination of parental rights petitions with respect to the following children: JH., GH., TH., ChH., CoH
On October 4, 2012, the Superior Court (Elgo, J.) granted the petitions of the Department of Children and Families to terminate the Plaintiffs' parental rights to the following children:  JH., GH., TH., ChH., CoH..  In terminating the plaintiffs' parental rights, with respect to each child, the Superior Court found by clear and convincing evidence "that termination of parental rights is in the best interest of the child or youth."

#4 and John Doe #9). With respect to the prosecution related to John Doe #4 the trial court concluded that the state could not satisfy its high burden of proving its case beyond a reasonable doubt. (*See* Complaint, ¶ 162) In the other case related to John Doe #9, the charges against plaintiff Harasz were dismissed after it became clear that the complaining witness was unable to proceed due to his emotional fragility.[5] (*See* Complaint, ¶ 165).

The gravamen of the plaintiffs' complaint is that DCF personnel acted with malice in investigating the children's disclosures and generally in their dealings with the plaintiffs. Although the plaintiffs repeatedly aver misconduct on the part of DCF, few of the paragraphs even mention the two individual capacity defendants: Commissioner Joette Katz and Social Worker Elizabeth Ferreira. Rather, the plaintiffs repeatedly aver that "DCF" was at fault. In contradistinction with the original complaint, the plaintiffs assert that: "Reference to DCF in matters prior to 2011 are for background only." (Complaint, ¶5)

The plaintiffs aver:

> Plaintiffs seek damages for malicious prosecution against all defendants for an incomplete, misleading and biased investigation; and **against DCF** for unconstitutional policies, and for failure to train and supervise, and for willfully and knowingly attacking by twisting truths and facts. The Department and Children and Families ("**DCF**") **system,** including the biased and leading forensic interviews, is designed to convict people accused of child sexual abuse; it

---

[5] Defendant Wirth was found not guilty on September 29, 2014. *State* v. *Douglas A. Wirth*, Docket No. HHD-CR11-0237270-T (Judicial District of Hartford). The charges against Defendant Harasz were dismissed on October 28, 2014. *State* v. *George Harasz*, Docket Nos.HHD-CR11-0237271-T, HHD-CR11-0237272-T, HHD-CR140249230-T (Judicial District of Hartford).

does not exist to protect falsely accused people, and here was used to fabricate a case.

**DCF's** biased social workers and investigators credited allegations of sexual abuse, notwithstanding that it was contrary to other contemporaneous evidence, including the statements of other sons. **DCF** believed the outlandish lies of a troubled teen and rushed in to remove the five youngest children.   The day after the removal **DCF** did a forensic investigation  of the troubled teen only to find that he had made many known lies during that interview.
Instead of admitting a mistake, returning the five youngest children,   and   helping   the   family   with   appropriate counselling, **DCF** started a long twisted path of covering up and accusations against  Harasz and Wirth.

**DCF** withheld from the police much of the documentation of the pathological problems of the  accusing boy, and then **DCF** motivated another boy by a barrage of leading questions to back up  the first boy when they realized their misstep in rushing in to remove the five younger children based on the lies from the first boy, before doing an investigation.

(Emphasis added) (Complaint, ¶¶ 1-3) The allegations of the complaint largely focus on alleged wrongdoing of the Department of Children and Families rather than the actions or omissions of Commissioner Katz and Social Worker Ferreira. Although this action names Commissioner Katz and Social Worker Ferreira in their individual capacities,   the plaintiffs seek in this lawsuit to condemn the DCF   "system." (Complaint, ¶ 1) The plaintiffs repeatedly aver wrongdoing against <u>DCF</u> as opposed to the named individual defendants. (See, e.g., Complaint ¶¶ 1,2,3,12,18,48,51,69, 76, 77, 81, 89, 90, 104, 127, 137.)   The Department of Children and Families is not a named defendant in this action. [6]

---

[6] Rather than suing Commissioner Katz and Elizabeth Ferreira in their individual capacity, the plaintiffs could have sought permission to sue the State of Connecticut

For the reasons stated below, the action should be dismissed.

**Argument:**

## I.    PLAINTIFFS HAVE FAILED TO STATE A PLAUSIBLE CLAIM AGAINST COMMISSIONER JOETTE KATZ.

Rule 8 of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard of Rule 8 does not require "detailed factual allegations," but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678(2009), citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> [W]e apply a "plausibility standard," which is guided by "[t]wo working principles," *Ashcroft v. Iqbal*, 556 U.S. 662, 129 [...](2009). First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific

---

from the Office of the Claims Commissioner. If the plaintiffs had brought a claims commission action and permission to sue was granted, sovereign immunity would not have barred a suit for damages against the state. Conn. Gen. Stat.§ 4-141, *et seq.*; *Prigge* v. *Ragaglia*, 265 Conn. 338, 349 (2003); *Miller* v. *Egan*, 265 Conn. 301, 315 (2003). The plaintiffs have instead elected to sue Commissioner Katz and Social Worker Ferreira individually, but aver that the "state" erred in the handling of their case.

> task that requires the reviewing court to draw on its judicial
> experience and common sense." *Id.* at 1950.

*Harris* v. *Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).

> "To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to state a claim to
> relief that is plausible on its face. A claim has facial
> plausibility when the plaintiff pleads factual content that
> allows the Court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged." *Id.* at 678
> (internal citation and quotation marks omitted). In evaluating
> a motion to dismiss the Court accepts as true all of the
> complaint's factual, non-conclusory allegations. *Bell Atl.
> Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Finally, the
> Court must "draw all reasonable inferences in favor of the
> nonmoving party." *Vietnam Ass'n for Victims of Agent
> Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir.2008).

*Kaminsky* v. *Schriro*, No. 3:14-CV-01885 MPS, 2015 WL 3755975, at *2 (D. Conn. June 16, 2015).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

"[T]he conclusory assertion that a supervisory official was personally involved in the deprivation of constitutional rights, without supporting factual allegations, is not sufficient to state a claim under § 1983." *Nielsen v. City of Rochester,* 58 F.Supp.3d 268, 274 (W.D.N.Y.2014) (quoting *Roberites v. Huff,* 11–CV–521SC, 2012 WL 1113479, at *6 (W.D.N.Y. Mar. 30, 2012) and collecting cases). *Kaminsky* v. *Schriro*, No. 3:14-CV-01885 MPS, 2015 WL 3755975, at *4 (D. Conn. June 16, 2015).

8

**Malicious Prosecution**:

"[T]the elements of a malicious prosecution claim are that (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *Turner* v. *Boyle*, No. 3:13-CV-616 SRU, 2015 WL 4393005, at *16 (D. Conn. July 15, 2015). There is a "longstanding presumption of regularity accorded to prosecutorial decision making." *Hartman* v. *Moore*, 547 U.S. 250, 263 (2006).

For the reasons stated below, the plaintiffs have failed to state a plausible claim for malicious prosecution (counts 3 and 6) against Commissioner Katz.

## A. No Plausible Claim That Commissioner Katz Initiated Or Procured Institution Of Criminal Proceedings.

While the plaintiffs aver that Commissioner Katz had involvement in the criminal case as guardian of the victims, responsibility for prosecuting the criminal case rested with the Office of the State's Attorney. *See* Conn. Gen. Stat. § 51-286a ("Each state's attorney, assistant state's attorney and deputy assistant state's attorney shall diligently inquire after and make appropriate presentment and complaint to the Superior Court of all crimes and other criminal matters within the jurisdiction of the court or in which the court may proceed, whether committed before or after his appointment to office.") Conn. Gen. Stat. § 51-276 provides that the division of criminal justice "shall be in charge of the investigation and prosecution of all criminal matters in the superior court."

9

"The state's attorneys, who are responsible for prosecuting violations of the criminal laws of this state, are executive branch officials....There can be no doubt that [t]he doctrine of separation of powers requires judicial respect for the independence of the prosecutor." *State* v. *Kinchen*, 243 Conn. 690, 699 (1998).

The plaintiffs contend that "DCF is part of the prosecution function of the state and local police, and the Office of the State's Attorney." (Complaint, ¶ 195) Plaintiffs misunderstand the statutory scheme in this area. The legislature has mandated that law enforcement personnel, school personnel and relevant state agencies "cooperate" in connection with "the prevention, identification and investigation of child abuse and neglect."   Conn. Gen. Stat. § 17a-106.   The legislature has also established multidisciplinary teams — consisting of professionals involved in the investigation of or treatment of child abuse or neglect. The reason for multidisciplinary teams is to "advance and coordinate the prompt investigation of suspected cases of child abuse or neglect, to reduce the trauma of any child victim and to ensure the protection and treatment of the child." Conn. Gen. Stat. § 17a-106a. The purpose "is to, in essence, avoid multiple interviews and prevent undue trauma of children who have already been traumatized by child abuse and it's also to ensure that the necessary information and necessary services are provided to those children." *State* v. *Cruz*, 260 Conn. 1, 12  n. 9 (2002).  Merely because the investigating agencies, including DCF, are mandated to try to reduce the number of interviews the child victim is subjected to and to attempt to prevent undue trauma to the child, does not make DCF an arm of the prosecutor's office as claimed by the plaintiffs.

10

The plaintiffs aver essentially that Commissioner Katz attended hearings during the criminal prosecution and communicated with the Office of the State's Attorney. They aver:  "Katz remained very active and involved in the Harasz and Wirth case throughout and in fact, attended several hearings in the case." (Complaint, ¶55)  The victims in those prosecutions were children or youth for whom the Department of Children and Families was guardian.   As guardian, the Department had the responsibility to make decisions relative to the welfare of its ward. Conn. Gen. Stat. § 17a-1 (12).  The criminal case was the opportunity for these victims to be heard, and to obtain a measure of justice for the harm done to them. The Department has an important responsibility to advocate on behalf of such victims. Thus, it was appropriate and necessary that the Commissioner or her representative attend court hearings at which her ward would be present.

Plaintiffs aver that Commissioner Katz had communications with the prosecutor's office, suggesting that such communications were somehow nefarious.  (Complaint, ¶¶130-132, 137-144)   It was appropriate and necessary for the Department to communicate with the Office of the State's Attorney relative to any wards of the Department who might be a complaining witness, and to advocate on their behalf.   Far from being improper, Commissioner Katz's attendance a court hearings and her meeting with or communicating with the Office of the State's Attorney was commendable and consistent with her duties and responsibilities as guardian.

Not only was Commissioner Katz's actions consistent with her duties as guardian, they were a protected activity under the Connecticut Constitution.  Article 1,

11

Section 8 of the Connecticut Constitution (commonly referred to as the Victim's Rights

Amendment) provides in relevant part:

> "(b) In all criminal prosecutions, a victim...shall have the
> following rights: (1) The right to be treated with fairness and
> respect throughout the criminal justice process; (2) the right
> to timely disposition of the case following arrest of the
> accused, provided no right of the accused is abridged; (3)
> the right to be reasonably protected from the accused
> throughout the criminal justice process; **(4) the right to
> notification of court proceedings**; (5) **the right to attend
> the trial and all other court proceedings the accused has
> the right to attend**, unless such person is to testify and the
> court determines that such person's testimony would be
> materially affected if such person hears other testimony; **(6)
> the right to communicate with the prosecution**; (7) **the
> right to object to or support any plea agreement entered
> into by the accused and the prosecution and to make a
> statement to the court prior to the acceptance by the
> court of the plea of guilty or nolo contendere by the
> accused**; (8) **the right to make a statement to the court at
> sentencing**; (9) the right to restitution which shall be
> enforceable in the same manner as any other cause of
> action or as otherwise provided by law; and (10) the right to
> information about the arrest, conviction, sentence,
> imprisonment and release of the accused....

(Emphasis added) Article 1, Section 8 of the Connecticut Constitution.

This section enshrines in the state constitution the rights of victims to

"notification of court proceedings", "the right to attend the trial and all other court

proceedings the accused has the right to attend...", "the right to communicate with the

prosecution" , "the right to object to or support any plea agreement... and to make a

statement to the court."  Cf.  *State* v. *Gault*, 304 Conn. 330, 333 (2012). "The legislative

history of the victims' rights amendment demonstrates the legislature's clear intent to

provide crime victims with the opportunity to participate meaningfully in the sentencing

and plea bargaining process." *State* v. *Thomas*, 296 Conn. 375, 391 n.11 (2010).  As

12

the representative of the victim, not only did Commissioner Katz have the responsibility to attend court hearings and communicate with the prosecutor, that was a constitutionally protected activity.[7]

The plaintiffs also appear to criticize the Commissioner for making statements to the press. (Complaint, ¶¶122-124)   In fact, as the head of a department within the executive branch, one of Commissioner Katz's duties was to make statements to the press on matters of public interest. Conn. Gen. Stat. § 4-38c. *See Hultman* v. *Blumenthal*, 67 Conn. App. 613, 623, *cert. denied*, 259 Conn. 929 (2002) (duties of attorney general extend to making statements to the press); *Barr* v. *Matteo*, 360 U.S. 564, 574 (1959)("The issuance of press releases was standard agency practice, as it has become with many governmental agencies in these times.").[8]

---

[7] "The defense of qualified or 'good faith' immunity shields government officials from civil liability if the official's conduct did not violate constitutional rights that were clearly established at the pertinent time or if was objectively reasonable for the official to believe that the conduct did not violate such rights." *Pace* v. *Montalvo*, 186 F. Supp. 2d 90, 97 (D. Conn. 2001). Not only were Commissioner Katz's attendance at hearings and communications with the prosecutor or the court not a violation of clearly established constitutional rights, it was clearly established that she had a constitutional right under the state constitution to engage in that conduct.

[8] To the extent that plaintiffs are seeking to hold Commissioner Katz liable for alleged defamatory statements to the press, as a high level executive branch official, Commissioner Katz has absolute immunity for statements to the press made in the performance of her duties. *Barr* v. *Matteo*, 360 U.S. 564, 574 (1959); *see Poss* v. *Lieberman*, 187 F. Supp. 841, 843 (E.D.N.Y. 1960) *aff'd*, 299 F.2d 358 (2d Cir. 1962); *Lombardo* v. *Stoke*, 18 N.Y.2d 394, 400, 222 N.E.2d 721, 724 (1966); *Firth* v. *State*, 12 A.D.3d 907, 907, 785 N.Y.S.2d 755, 756 (2004); *Jones* v. *State*, 426 S.W.3d 50, 56 (Tenn. 2013); Restatement (Second) of Torts § 591 (1977) ("An absolute privilege to publish defamatory matter concerning another in communications made in the performance of his official duties exists for (a) any executive or administrative officer of the United States; or (b) a governor or other superior executive officer of a state."). *See Ryan* v. *Illinois Dep't of Children & Family Servs.*, 963 F. Supp. 1490, 1513 (C.D. Ill. 1997), *reversed on other grounds, Ryan* v. *Illinois Dep't of Children & Family Servs.*,

13

Plaintiffs further aver that the plaintiffs were prepared to plead guilty to "felony risk of injury to [a] minor, but serve no jail time." According to the plaintiffs "the deal blew up" when new allegations emerged. (Complaint, ¶148)   The plaintiffs allege not so much that "DCF" initiated or procured criminal proceedings, but that it failed to put the brakes on such proceedings. The plaintiffs aver: "DCF did not do an objective investigation. DCF simply tossed the ball to the Glastonbury police and the state's attorney and gave no one an objective analysis based upon documented credibility problems with the three older accusers that were in school records or the Glastonbury Police Department, with private therapists and with DCF records." (Complaint, ¶¶ 127, 137) Such allegations are insufficient to establish malicious prosecution.

Whatever criticisms plaintiffs may have of "DCF" are irrelevant. The above captioned action is not directed against DCF; it is directed against Commissioner Katz and Social Worker Elizabeth Ferreira in their individual capacities.  The gravamen of the plaintiffs' complaint is that Commissioner Katz maliciously prosecuted the criminal charges against the plaintiffs. The amended complaint is devoid of any plausible claim that Commissioner Katz initiated or procured the initiation of criminal proceedings against the plaintiffs.

## B. No Plausible Claim Of Malice.

Although the plaintiff makes a multiplicity of allegations that **DCF** twisted facts, mishandled the investigation, and asserts the specious claim that Social Worker

185 F.3d 751 (7th Cir. 1999) (high level DCF officials entitled to absolute immunity from defamation suit).

14

Ferreira fabricated John Doe # 9's disclosure of abuse,[9] there is no claim that Commissioner Katz fabricated evidence or had any reason to believe that there was not probable cause for the criminal charges brought by the police.

Although the plaintiffs' amended complaint is less than a model of clarity, the plaintiffs aver that both John Doe # 4 and John Doe #9 made disclosures of abuse against the plaintiffs. With respect to John Doe # 4, plaintiffs aver: "DCF mistakenly believed the outlandish lies of a troubled teen." (Complaint, ¶ 3) Thus, plaintiffs do not dispute that this youth made the disclosure that plaintiffs abused him, they simply claim that those disclosures should not have been credited. Dr. Carol Kagel, a psychologist in private practice, reported suspected abuse based upon John Doe # 9's disclosures to her. (Complaint, ¶ 108) Plaintiffs are critical of Dr. Kagel in that they aver that she provided him "trauma therapy." (Complaint, ¶66) The plaintiffs aver that forensic interviewers, employed by Saint Francis Hospital and Medical Center, were either biased or incompetent. (Complaint, ¶¶ 83, 88, 89)

Notably, before the criminal trials proceeded, issues related to neglect or abuse of the children were extensively litigated in juvenile session of superior court from April 2010 to October 2012. The children, including Doe # 4 and Doe # 9, were removed under an order of temporary custody. The court necessary found the children were in immediate risk of harm from their surroundings in the plaintiffs' care. Conn. Gen. Stat. § 46b-129 (b). The children were adjudicated neglected and committed to DCF. The court granted petitions to terminate the parental rights of the plaintiffs as to the five youngest children, including John Doe # 9, and found by clear and convincing evidence

---

[9] *See* discussion, *infra*.

that it was in the best interests of the children to do so.  Conn. Gen. Stat. § 17a-112. "The best interest determination...must be supported by clear and convincing evidence." *In re Katia M.*, 124 Conn. App. 650, 661, *cert. denied*, 299 Conn. 920 (2010).

The plaintiffs did not choose to contest any of those state court orders or judgments.[10]  Given the legal history in the juvenile session of superior court, Commissioner Katz had every reason to believe that the plaintiffs had maltreated their children.  Furthermore, as acknowledged in the amended complaint, the police submitted arrest warrants that were signed by a superior court judge who found probable cause to proceed with the criminal charges in November, 2011.[11]  (Complaint, ¶¶ 88, 108-121)[12]  See Connecticut Practice Book §36-1.  The juvenile session of

---

[10] Plaintiffs attempt to suggest that because it is alleged that John Doe # 4 suffered from reactive attachment disorder (RAD) his statements should not have been credited.  As the District Court has noted: "It would be deeply troubling to conclude that an RAD child who had lied in the past could never be believed regarding child abuse..." *Carroll v. Ragaglia*, 292 F. Supp. 2d 324, 339-40 (D. Conn. 2003), *aff'd in part, rev'd in part and remanded,* 109 F. App'x 459 (2d Cir. 2004). There is no allegation that John Doe # 9 suffered from reactive attachment disorder. He was born in 2006 (Complaint, ¶13); and he was adopted by the plaintiffs in April 2007. (Complaint, ¶ 26) Thus, that child was placed with the plaintiffs as a baby.

[11] Probable cause "is a bona fide belief in the existence of facts essential under the law for the action *and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.*" ' (Emphasis added.) *Ledgebrook Condominium Assn., Inc. v. Lusk Corporation,* 172 Conn. 577, 584 (1977), quoting *Wall v. Toomey,* 52 Conn. 35, 36 (1884). "Evidence is not required to rise to a significant level of trustworthiness in order to meet the probable cause standard." *State v. Lewis,* 245 Conn. 779, 808 (1998).  *See Krause v. Bennett,* 887 F.2d 362, 372 (2d Cir. 1989).

[12] Plaintiffs quote extensively but selectively from the arrest warrants. (Complaint, ¶¶ 108-114)  There were three arrest warrants: November 8, 2011, November 22, 2011, November 29, 2011. The arrest warrants, signed by the superior court, are attached as Exhibit B.  In all three the superior court found probable cause. The arrest warrants are expressly referred to in the complaint. Thus, they should be deemed to be incorporated by reference. *See Muhammad v. New York City Transit Auth.*, 450 F. Supp. 2d 198, 204 (E.D.N.Y. 2006).   Because the plaintiffs quote extensively from the arrest warrants,

superior court orders and findings of probable cause pre-dated the communications between Commissioner Katz and the prosecutor's office that are alleged in the amended complaint.   Even without that history, however, the amended complaint is devoid of any well-pleaded allegations that Commissioner Katz acted with malice.

The plaintiffs' threadbare recitals aside, there are no plausible allegations that Commissioner Katz acted maliciously or for any other reason than to bring the offenders to justice. Because there are no plausible allegations that Commissioner Katz initiated or procured the institution of criminal proceedings against the plaintiffs or acted with malice, the malicious prosecution counts directed against Commissioner Katz should be dismissed.

**Failure To Train/Supervise**:

With respect to Count 1, alleging that Commissioner Katz's conduct violated 42 U.S.C. § 1983 because of her failure to train and/or supervise, the amended complaint fails to state a plausible claim.  First, as the plaintiffs concede, Commissioner Katz was appointed in February, 2011. (Complaint, ¶ 5)  Much of the alleged misconduct occurred before she became commissioner.   Many of the plaintiffs' allegations concern alleged flaws in the Department's handling of the case literally years before Commissioner Katz

---

they are integral to the complaint and therefore are properly considered in a Rule 12 (b) (6) motion to dismiss. *Mangiafico* v. *Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.")   If this Court disagrees that the arrest warrants are either incorporated by reference or integral to the complaint, then the defendants request that the Court disregard Exhibit B.

became Commissioner of the Department. She cannot have responsibility for alleged errors of the Department before she was appointed commissioner.[13]

Second, there are no plausible allegations that there are, in fact, deficiencies in training or that the alleged deficiencies led to the alleged mishandling of the plaintiffs' case. Conclusory allegations and threadbare recitals are insufficient to establish a plausible claim. "[T]he conclusory assertion that a supervisory official was personally involved in the deprivation of constitutional rights, without supporting factual allegations, is not sufficient to state a claim under § 1983." *Nielsen v. City of Rochester,* 58 F.Supp.3d 268, 274 (W.D.N.Y.2014) (quoting *Roberites v. Huff,* 11–CV–521SC, 2012 WL 1113479, at *6 (W.D.N.Y. Mar. 30, 2012) and collecting cases). *Kaminsky* v. *Schriro*, No. 3:14-CV-01885 MPS, 2015 WL 3755975, at *4 (D. Conn. June 16, 2015).

As pled, Commissioner Katz attended court hearings on behalf of the victims, the Department's wards, and made public statements about their cases. However, the complaint does not contain any well pleaded allegations that Commissioner Katz was personally supervising the investigation or other aspects of the plaintiffs' case. "An official cannot be held liable merely because he or she occupies a high position in a government agency hierarchy." *P.C.* v. *Connecticut Dep't of Children & Families*, 662 F. Supp. 2d 218, 227 (D. Conn. 2009). "A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort. *See Blyden v. Mancusi,* 186 F.3d 252, 264 (2d Cir.1999) (explaining that because section 1983 imposes liability only upon those officials who actually cause a violation, the doctrine of *respondeat superior* is inapplicable). " *Poe* v. *Leonard*, 282 F.3d 123, 140 (2d Cir.

---

[13] Nor is there any allegation tying Defendant Elizabeth Ferreira to pre-2011 events alleged in the complaint.

18

2002). Plaintiffs have not alleged any specific circumstances giving rise to supervisory

liability. *See Shirback* v. *Lantz*, No. CIV.A. 3:06-CV-995JC, 2008 WL 878939, at *3 (D.

Conn. Mar. 28, 2008).   Merely because Commissioner Katz was at a high level within

the chain of command does not mean that she can be held liable for a constitutional

tort—assuming, for the sake of argument, that a constitutional tort was committed by

DCF personnel. The bare-bones listing of alleged deficiencies of the Department does

not constitute a plausible claim of failure to train or supervise. This count, too, should be

dismissed.


## II.   PLAINTIFFS HAVE FAILED TO STATE A PLAUSIBLE CLAIM AGAINST SOCIAL WORKER ELIZABETH FERREIRA.

The sole counts against Social Worker Elizabeth Ferreira (Counts 4 and 7) allege

that she fabricated evidence.

### Fabrication of Evidence:

The amended complaint is replete with allegations that DCF mishandled its

investigation, wrongly removed plaintiffs' children, wrongly credited the children's

disclosures of abuse, etc.. Few of the allegations, however, directly concern Elizabeth

Ferreira.

The plaintiffs aver:

> Ferreira claimed Doe #9 made a "disclosure" to her but it
> was when Ferreira was alone with Doe  #9 in DCF's office.
> DCF's own policy dictates that a witness be called in.
> Ferreira wrote up the  entire report after taking the statement
> alone.  Just four months earlier Doe #9's special education
> goal was set for him to offer an expressive response to
> questions with two words or more and  now he makes this
> incredible long, detailed statement to Ferreira. The timing
> and believability is  too opportunistic, which is what Judge

Dewey said in her ruling of not guilty against Wirth, and that Doe #4's disclosures were opportunistic as well.

According to Harasz, this was yet another instance of the vindictive and mean-spirited treatment by Ferreria. There is substantial doubt as to the veracity of Doe #9's "disclosure" to Ferreira, which was not witnessed, used adult terminology and was filled with other indicia of having been fabricated in a blatant display of malice.

(Complaint, ¶ 106)

The plaintiffs believe that Ferreira disliked them. From that the plaintiffs theorize that "[T]here is **substantial doubt** as to the veracity of Doe #9's 'disclosure' to Ferreira." (Emphasis added) (Complaint, ¶ 106) In conclusory fashion, the plaintiffs repeatedly aver that Elizabeth Ferreira had malice towards Mr. Harasz. *See*, e.g., Complaint, ¶ 70 ("According to Harasz, Ferreira animatedly hated him and made no qualms about it"); Complaint, ¶ 106 ("According to Harasz, this was yet another instance of the vindictive and mean-spirited treatment by Ferreira"); Complaint ¶168 ("Ferreira...accordingly to the plaintiffs, demonstrated overt hostility towards Harasz").

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris* v. *Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). Only a complaint that states a plausible claim for relief survives a motion to dismiss. Other than conclusory allegations that must be discounted under the *Ashcroft* v. *Iqbal* standard, there are no plausible allegations that Elizabeth Feirreira fabricated evidence. Although the amended complaint makes repeated claims that "DCF" mishandled the case, DCF is not a named defendant. The action against Elizabeth Ferreira should be dismissed.

**Conclusion:**

Pursuant to Rule 12 (b) (6) and for the reasons stated herein, the defendants,

Commissioner Joette Katz and Social Worker Elizabeth Ferreira, respectfully move for

this Court to dismiss the above-captioned action.

DEFENDANTS

Joette Katz (in her individual capacity)
Elizabeth Ferreira (in her individual capacity)

GEORGE JEPSEN
ATTORNEY GENERAL

/S/ John E. Tucker

BY: _____

John E. Tucker
Assistant Attorney General
Federal Bar No. ct 04576
110 Sherman Street
Hartford, CT  06105
Tel: (860) 808-5480
Fax: (860) 808-5595
Email: john.tucker@ct.gov

21

## CERTIFICATION

This is to certify that on February 10, 2016 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Sally A. Roberts, Esquire
Law Office of Sally A. Roberts, LLC
11 Franklin Square
New Britain, CT  06051
Email: sallyroberts@SallyRobertsLegal.com


Attorney Thomas R. Gerarde
Attorney Katherine E. Rule
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
Email: krule@HL-Law.com


/S/ John E. Tucker
_____

John E. Tucker
Assistant Attorney General

22

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GEORGE S. HARASZ AND         :    DOCKET NO.: 3:15-cv-01528-MPS
DOUGLAS A. WIRTH             :

v.                              :

JOETTE KATZ, ELIZABETH FERREIRA,   :
TOWN OF GLASTONBURY, JAMES A.
KENNEDY AND WILLIAM TRANTALIS    :   FEBRUARY 10, 2016

**APPENDIX TO MOTION TO DISMISS**

# EXHIBIT A

**MOTION/ORDER OF TEMPORARY CUSTODY/ORDER TO APPEAR**
JD-JM-69 Rev. 9-09
C.G.S. § 46b-129(b) & (k), P.A. 09-185, Sec. 3, P.B. 33a-6

SUPERIOR COURT
JUVENILE MATTERS
HARTFORD

**STATE OF CONNECTICUT
SUPERIOR COURT
JUVENILE MATTERS**
www.jud.ct.gov

| Address of Court | | | Docket Number |
|---|---|---|---|
| 920 Broad Street, Hartford, CT 06066 | | | |

| Name of Child/Youth | Address of Child/Youth | Date of Birth |
|---|---|---|
| R____ | C/O DCF Licensed Foster Home | 3/__/95 |

| Name of Mother | Address of Mother |
|---|---|
| (Father) George Harasz | 185 Williams Street Extension, Glastonbury, CT 06033 |

| Name of Father | Address of Father |
|---|---|
| Douglas Wirth | 185 Williams Street Extension, Glastonbury, CT 06033 |

| Name of Legal Guardian (if any) | Address of Legal Guardian |
|---|---|
| | |

| Name of Putative Father (if any) | Address of Putative Father |
|---|---|
| | |

| If Parent(s) is/are Minor(s), Name(s) of Grandparent(s) or Guardian(s) | Address(es) of Grandparent(s) or Guardian(s) |
|---|---|
| | |

## Motion

[X] The child or youth has been placed in the care and custody of the Commissioner of Children and Families pursuant to section 17a-101g (96 hour hold) on (date) 4/13/10 at (time) 2:30 pm

Based on the allegations of the petition and verified affirmations of fact, the petitioner requests an ex parte Order of Temporary Custody/Order to Appear under section 46b-129(b) of the general statutes.

| Name of Petitioner Hamilton, MSW, JD Susan Commissioner M.S.W, J.D. Department of Children and Families | Address of Petitioner 364 West Middle Turnpike, Manchester, CT 06040 | Relationship to Child Commissioner D.C.F. |
|---|---|---|
| By: Duly Authorized Agent | Sworn and Subscribed To Before Me On: 4-16-10 | Judge, Assistant Clerk, Notary, Commissioner of Superior Court |

## Order

The court having reviewed the verified affirmations of fact accompanying this motion hereby finds that there is reasonable cause to believe that:

CELESTE LEWIS
NOTARY PUBLIC
MY COMMISSION EXPIRES 1-31-0

[ ] A. Said child or youth is suffering from serious physical illness, or
[ ] B. Said child or youth is suffering from serious physical injury, or
[X] C. Said child or youth is in immediate physical danger from surroundings;
And As a result of said conditions, the child's or youth's safety is endangered and immediate removal from such surroundings is necessary to ensure the child's or youth's safety and continuation in the home is contrary to the welfare of said child or youth.

It is Hereby Ordered That:
A. [X] The temporary care and custody of said child or youth shall be vested in: DCF pending a hearing as set forth below on the confirmation of this order;
And it is further found that:
[ ] Reasonable efforts to prevent or eliminate the need for removal of said child or youth were made by the state, or
[X] Reasonable efforts to prevent or eliminate the need for removal of said child or youth were not possible, or
[ ] Reasonable efforts to prevent removal were not made.
OR
B. [ ] The respondent(s) appear before the court as set forth below to determine whether an order vesting temporary custody of said child or youth, in a person related to the child or youth by blood or marriage or in some other person or suitable agency, should be issued pending disposition of the petition.

And it is further ordered that the above-named mother/father/guardian be and hereby is/are summoned to appear before the court on the Hearing Date(s) set out below, at the address shown above, by having a proper officer leave a true and attested copy of this order and summons with them or at their usual place of abode, or if so ordered, by publication or mail and return same to the court on or before the date indicated.
OR
C. [ ] The motion is denied.

| | Date | Time of Hearing |
|---|---|---|
| Hearing Date - Preliminary Hearing On Temporary Custody → | 4-23-10 | 9:15 A.M. |
| Hearing Date - Petition → | 5-27-10 | 3:00 P.M. |
| Court Location → | Court Location (Number, street, and town) 920 Broad Street, Hartford, CT 06066 | Telephone Number (860) 244-7900 |

| Publication For: | Statutory Mail For: | Service on or Before (Date) 4-20-10 | Return Date 4-21-10 |
|---|---|---|---|
| Name of Judge Hon. William Wollenberg | Signed (Judge) Wollenberg | | Date Signed 4/16/10 |

(Continued)

RE: R██████ H████ ET AL                                          JUDGE:   C. KELLER
NATURE OF HEARING: 10 DAY OTC HEARING/NEGLECT PLEA                MONITOR: E. WILTSIE
DATED AT HARTFORD  Friday, April 23, 2010                         CLERK:   C. DIONNE

| COURT FINDINGS: | | | | APPEARANCES: | | EXHIBITS: |
|---|---|---|---|---|---|---|
| FA   SERVICE: | FA | FA. | LG | AAG | M. MULHOLLAND | |
| ABODE | | | | DCF SW | J. GOLD-DCF SUPERVISOR | |
| X  IN HAND | X | | | ATT/CHILD | T. VALERY | |
| PUBLICATION | | | | FATHER | G. HARASZ | |
| CERTIFIED | | | | ATT/FA | A. STAROPOLI | |
| X  CONFIRMED | X | | | FATHER | D. WIRTH | |
| PRESUMED | | | | ATTY/FA | | |
| NO SERVICE | | | | GAL | | |
| X  ADVISED | X | | | CSO | | |
| X  P/F DENIALS | X | | | OTHER | | |
| DEFAULTED | | | | OTHER | | |

| FINDINGS BY: | | ORDER: | | | | |
|---|---|---|---|---|---|---|
| HEARING | AGREEMENT | X | PSYCHOLOGICAL | MOTHER | X | CHILD(REN) |
| TRIAL | DEFAULT OF | | PSYCHIATRIC | X  FATHERS | | PARENT/CHILD |
| | NOLO | | BLOODTEST | OTHER | | |
| | ADMISSION | | | | | |
| | | | PAID BY DCF | EVALUATOR: | | |

ADJUDICATION:                          DOCUMENTS:
    NEGLECT        DENIALS ARE TO ENTER ON THE NEGLECT OF ALL OTHER SIBLINGS PETITIONS
    UNCARED FOR    OTC IS SUSTAINED BY AGREEMENT
    REVOCATION     ATTY VALERY STATES TOM KANE REPRESENTED C████████ IN THE PROBATE COURT
                   CASE AND KNOWS THE FAMILY; COURT ORDERS ATTY KANE TO BE APPOINTED FOR
                   C████████

DISPOSITION:
    COMMITMENT INDEFINITE          COURT ORDERS PSYCH EVAL FOR BOTH FATHERS AND ALL THE CHILDREN
    MAINTAIN COMMITMENT
    PROTECTIVE SUPERVISION
    REVOCATION OF COMMITMENT
    TRANSFER OF GUARDIANSHIP

PREVENTIVE/REUNIFICATION:
    EFFORTS MADE
    NOT POSSIBLE
    NOT MADE
CONTINUED EFFORTS TOWARD REUNIFICATION:
FA.                                    FA.
    APPROPRIATE
    NO LONGER APPRO.
    BEST INTEREST (VOL PLACEMENT)
X   SPECIFIC STEPS / EXPECTATIONS   X   REVIEWED, APPROVED AND ORDERED AS AMENDED PRELIMINARY
                                        STEPS.

    REASONABLE EFFORTS MADE TO EFFECTUATE PERMANENCY PLAN

RETURN TO COURT:
DATE: 5/27/10     TIME: 3:00 PM      REASON: NEGLECT PLEA ON FOR CHRISTOPHER'S CUSTODIAN –
                                     PROBATE PROTOCOL TO BE FOLLOWED.
DATE: 7/26/10     TIME: 9:00 AM      REASON: CSC FOR ALL CHILDREN
DATE:             TIME:              REASON:
DATE:             (K) 9:00, ROOM B   FILE
DATE: 5/27/10     (K) 9:00, ROOM B   FILE SOCIAL STUDY

CP 03
CP 04
CP 06
CP 21

_Kel_
JUDGE OF SUPERIOR COURT

**ADJUDICATORY/DISPOSITIONAL ORDERS**
JD-JM-65 Rev. 6-08
C.G.S. §§ 46b-120, 121, 129j, 17a-93(i)
Pr. Bk. Sec. 33-8, 33-9
Public Act 05-102

STATE OF CONNECTICUT
**SUPERIOR COURT**
JUVENILE MATTERS
*www.jud.ct.gov*



| ADDRESS OF COURT | DOCKET NO. |
|---|---|
| 920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | H12CP10013095A |

| NAME OF PETITIONER | NAME OF CHILD/YOUTH | DATE OF BIRTH |
|---|---|---|
| ROCKVILLE MANCHESTER DCF | R⬛ H⬛ | 03/⬛/1995 |

NAME OF FATHER: **GEORGE HARASZ**
ADDRESS OF FATHER: **185 WILLIAMS STREET EXT GLASTONBURY, CT 06033**

NAME OF MOTHER FATHER *Douglas Wirth*
ADDRESS OF MOTHER *185 Williams St. Ext. Glastonbury, CT 06033*

NAME OF GUARDIAN (if applicable)
ADDRESS OF GUARDIAN (if applicable)

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the above named child/youth:

**ADJUDICATION**

The court finds said child/youth: [X] NEGLECTED  [ ] UNCARED FOR  [ ] DEPENDENT  **OR**

[ ] The court has found said child/youth: [ ] NEGLECTED  [ ] UNCARED FOR  [ ] DEPENDENT on _____

**REASONABLE EFFORTS FINDING (if necessary)**

Continuation in the home is *contrary to the welfare* of said child/youth and

[ ] Voluntary placement

   [ ] Such out-of-home placement is in the best interests of the child/youth.

[ ] Reasonable efforts to *prevent removal* finding:

   [ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth were made by the state.

   [ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth from the home were not possible.

   [ ] Reasonable efforts were not made.

**DISPOSITION**

1. [X] The court hereby finds that the following disposition is in the best interest of the child/youth:  **OR**

2. [ ] The court hereby grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child/youth:

[X] A. **COMMITMENT** Said child/youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of said child/youth according to the statutes in such cases. Commitment is effective **01/10/2011**

[ ] B. **PROTECTIVE SUPERVISION** Continuation in the home is not contrary to the best interest of the child/youth. The Commissioner of Children and Families shall provide Protective Supervision for said child/youth effective _____ until _____ Child's place of abode is with

(name) _____ who is a suitable and worthy person.

Page 1 of 2

☐ **C. CUSTODY/GUARDIANSHIP** The ☐ custody ☐ guardianship of said child/youth is vested in

(name) _____ who is/are found to be suitable and worthy caretaker(s).

☐ Subject to an order of Protective Supervision for said child/youth
effective _____ until _____

☐ **D. EXTENSION OF PROTECTIVE SUPERVISION** The Commissioner of Children and Families shall provide
Protective Supervision for said child/youth for an additional period effective _____ until _____

## FURTHER ORDER OF THE COURT

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☒ The Commissioner of Children and Families shall file:

☐ A **Status Report** on or about _____

☒ A **Motion for Review of Permanency Plan** on or before **01/31/2011**

A hearing to review the permanency plan shall be held on . **03/10/2011**

☐ A **Motion for:**

☐ **Revocation/Transfer of Guardianship** no later than *(date):* _____

☐ **MODIFICATION OF DISPOSITION** no later than *(date):* _____

A hearing to review said motion shall be held on *(date):* _____

☐ A **Petition for Termination of Parental Rights** no later than *(date):* _____

☐ An **In Court Judicial Review** shall be held on *(date):* _____

☐ Other orders:

JAN 2 0 2011

| NAME OF JUDGE | SIGNED *(Judge)* | | DATE ORDERED |
|---|---|---|---|
| **HON STEPHEN F FRAZZINI** | | | **01/10/2011** |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| SIGNED *(Judge, Clerk)* | AT *(Town)* | ON *(Date)* |
|---|---|---|
| | | |

JD-JM-85 Rev. 8-08 (Page 2)

RESET   PRINT

| MOTION/ORDER OF TEMPORARY CUSTODY/ORDER TO APPEAR | STATE OF CONNECTICUT |
|---|---|
| JD-JM-59, Rev. 9-09<br>C.G.S. § 46b-129(b) & (k), P.A. 09-185, Sec. 3, P.B. 33a-6 | SUPERIOR COURT<br>JUVENILE MATTERS<br>www.jud.ct.gov |

| Address of Court | Docket Number |
|---|---|
| 920 Broad Street, Hartford, CT 06106 | H12-CP10-013994 |

| Name of Child/Youth | Address of Child/Youth | Date of Birth |
|---|---|---|
| C██████ H█ | 26 Towhee Lane, Glastonbury, CT 06033 | 4-██-0993 |

| Name of Mother | Address of Mother |
|---|---|
| George Harasz | 185 Williams Street Extension, Glastonbury, CT |

| Name of Father | Address of Father |
|---|---|
| Douglas Wirth | 185 Williams Street Extension, Glastonbury, CT |

| Name of Legal Guardian (if any) | Address of Legal Guardian |
|---|---|
| | |

| Name of Putative Father (if any) | Address of Putative Father |
|---|---|
| | |

| If Parent(s) is/are Minor(s), Name(s) of Grandparent(s) or Guardian(s) | Address(es) of Grandparent(s) or Guardian(s) |
|---|---|
| | |

## Motion

☐ The child or youth has been placed in the care and custody of the Commissioner of Children and Families pursuant to section 17a-101g (96 hour hold) on (date) _____ at (time) _____

Based on the allegations of the petition and verified affirmations of fact, the petitioner requests an ex parte Order of Temporary Custody/Order to Appear under section 46b-129(b) of the general statutes.

| Name of Petitioner | Address of Petitioner | Relationship to Child |
|---|---|---|
| Thomas Babson Kane | 972 New London Tpke, Glastonbury, CT | Attorney |

| Signed (Petitioner) | Sworn and Subscribed To Before Me On: | Date Signed<br>8/23/10 | Judge, Assistant Clerk, Notary, Commissioner of Superior Court |
|---|---|---|---|

## Order

The court having reviewed the verified affirmations of fact accompanying this motion hereby finds that there is reasonable cause to believe that:

☐ A. Said child or youth is suffering from serious physical illness, or
☐ B. Said child or youth is suffering from serious physical injury, or
☒ C. Said child or youth is in immediate physical danger from surroundings;

And As a result of said conditions, the child's or youth's safety is endangered and immediate removal from such surroundings is necessary to ensure the child's or youth's safety and continuation in the home is contrary to the welfare of said child or youth.

It is Hereby Ordered That:

A. ☒ The temporary care and custody of said child or youth shall be vested in: **Carol and James Clark** pending a hearing as set forth below on the confirmation of this order;

And it is further found that:

☐ Reasonable efforts to prevent or eliminate the need for removal of said child or youth were made by the state, or
☒ Reasonable efforts to prevent or eliminate the need for removal of said child or youth were not possible, or
☐ Reasonable efforts to prevent removal were not made.

OR

B. ☐ The respondent(s) appear before the court as set forth below to determine whether an order vesting temporary custody of said child or youth, in a person related to the child or youth by blood or marriage or in some other person or suitable agency, should be issued pending disposition of the petition.

And it is further ordered that the above-named mother/father/guardian be and hereby is/are summoned to appear before the court on the Hearing Date(s) set out below, at the address shown above, by having a proper officer leave a true and attested copy of this order and summons with them or at their usual place of abode, or if so ordered, by publication or mail and return same to the court on or before the date indicated.

OR

C. ☐ The motion is denied.

| | Date | Time of Hearing |
|---|---|---|
| Hearing Date - Preliminary<br>Hearing On Temporary Custody → | 8-27-10 | 11.15 A.M. |
| Hearing Date - Petition → | 10-5-10 | 3.15 P.M. |
| Court Location → | Court Location (Number, street, and town)<br>920 Broad Street, Hartford, CT 06106 | Telephone Number<br>860-244-7900 |

| Publication For: | Statutory Mail For: | Service on or Before (Date)<br>8-24-10 | Return Date<br>8-26-10 |
|---|---|---|---|

| Name of Judge<br>Christine E. Keller | Signed (Judge)<br>Keller. J | Date Signed<br>8/23/10 |
|---|---|---|

(Continued)

RE: C███████H███     JUDGE:     C. KELLER
NATURE OF HEARING: OTC     MONITOR: E. WILTSIE
DATED AT HARTFORD **Friday, August 27, 2010**     CLERK:   C. WILSON

**COURT FINDINGS:**          **APPEARANCES:**          **EXHIBITS:**

| | | | | |
|---|---|---|---|---|
| M.: SERVICE: | FA  FA. | LG | AAG | S. CASTONGUAY |
| ABODE | X   X | | DCF SW | E. OLIN |
| IN HAND | | | ATT/CHILD | T. KANE |
| PUBLICATION | | | FATHER | G. HARASZ-ABSENT |
| CERTIFIED | | | ATTY/FA | M. AGRANOFF SENT LETTER |
| CONFIRMED | X  X | | FAAD | D. WIRTH-ABSENT |
| PRESUMED | | | ATTY/FA | |
| NO SERVICE | | | GAL | |
| ADVISED | | | CSO | |
| P/F DENIALS | | | OTHER | |
| DEFAULTED | | | OTHER | |

**FINDINGS BY:**          **ORDER:**

| | | | | |
|---|---|---|---|---|
| HEARING | AGREEMENT | | PSYCHOLOGICAL | MOTHER | CHILD(REN) |
| TRIAL | DEFAULT | | PSYCHIATRIC | FATHER | PARENT/CHILD |
| | NOLO | | BLOODTEST | OTHER | |
| | ADMISSION | | | | |
| | | | PAID BY DCF | EVALUATOR: | |

**ADJUDICATION:**          DOCUMENTS:
NEGLECT          OTC-SUSTAINED AS TO BOTH FATHERS
UNCARED FOR
REVOCATION     **PLEAS ALREADY ENTERED**

**DISPOSITION:**
COMMITMENT INDEFINITE     LETTER FROM ATTY. AGRANOFF RE: FA. HARASZ AGREEING TO SUSTAIN OT
MAINTAIN COMMITMENT
PROTECTIVE SUPERVISION     ATTY. KANE IS ASKING THAT SUBSIDY BE GIVE TO THE TEMP. GUARDIAN
REVOCATION OF COMMITMENT  COURT CAN NOT ORDER THIS REQUEST
TRANSFER OF GUARDIANSHIP

**PREVENTIVE/REUNIFICATION:**
EFFORTS MADE
NOT POSSIBLE
NOT MADE
**CONTINUED EFFORTS TOWARD REUNIFICATION:**
Mo.                    FA.
APPROPRIATE
NO LONGER APPRO.
BEST INTEREST (VOL PLACEMENT)
SPECIFIC STEPS / EXPECTATIONS  X   STEPS IS TO REMAIN IN EFFECT SIGNED BY J. KELLER ON 8-21-10

REASONABLE EFFORTS MADE TO EFFECTUATE PERMANENCY PLAN

**RETURN TO COURT:**
DATE: 11-1-10    TIME: 9:00AM     REASON: CSC
DATE:            TIME:            REASON:
DATE:            TIME:            REASON:
DATE:            (K) 9:00, ROOM B   FILE
DATE:            (K) 9:00, ROOM B   FILE

JUDGE OF SUPERIOR COURT

**ADJUDICATORY/DISPOSITIONAL ORDERS**

JD-JM-65 Rev. 8-06
C.G.S. §§ 46b-120, 121, 129j, 17a-93(f)
Pr. Bk. Sec. 33-8, 33-9
Public Act 06-102

STATE OF CONNECTICUT
**SUPERIOR COURT**
JUVENILE MATTERS
*www.jud.ct.gov*



| ADDRESS OF COURT | DOCKET NO. |
|---|---|
| 920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | H12CP10013094A |

| NAME OF PETITIONER | NAME OF CHILD/YOUTH | DATE OF BIRTH |
|---|---|---|
| ROCKVILLE MANCHESTER DCF | C█████ H████ | 04/██ 1993 |

| NAME OF FATHER | ADDRESS OF FATHER |
|---|---|
| GEORGE HARASZ | 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |

| NAME OF MOTHER *Father* | ADDRESS OF MOTHER |
|---|---|
| *Douglas Wirth* | *186 Williams St. Ext Glastonbury, CT 06033* |

| NAME OF GUARDIAN *(if applicable)* | ADDRESS OF GUARDIAN *(if applicable)* |
|---|---|
| | |

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the above named child/youth:

## ADJUDICATION

The court finds said child/youth: [X] NEGLECTED  [ ] UNCARED FOR  [ ] DEPENDENT  **OR**

[ ] The court has found said child/youth: [ ] NEGLECTED  [ ] UNCARED FOR  [ ] DEPENDENT on _____

## REASONABLE EFFORTS FINDING *(if necessary)*

Continuation in the home is *contrary to the welfare* of said child/youth and

[ ] Voluntary placement

    [ ] Such out-of-home placement is in the best interests of the child/youth.

[ ] Reasonable efforts to *prevent removal* finding:

    [ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth were made by the state.

    [ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth from the home were not possible.

    [ ] Reasonable efforts were not made.

## DISPOSITION

1. [X] The court hereby finds that the following disposition is in the best interest of the child/youth:  **OR**

2. [ ] The court hereby grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child/youth:

[X] A. **COMMITMENT** Said child/youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of said child/youth according to the statutes in such cases. Commitment is effective   **01/10/2011**

[ ] B. **PROTECTIVE SUPERVISION** Continuation in the home is not contrary to the best interest of the child/youth. The Commissioner of Children and Families shall provide Protective Supervision for said child/youth

effective _____ until _____   Child's place of abode is with

(name) _____   who is a suitable and worthy person.

Page 1 of 2

☐ **C. CUSTODY/GUARDIANSHIP** The ☐ custody ☐ guardianship of said child/youth is vested in

(name) _____ who is/are found to be suitable and worthy caretaker(s).

    ☐ Subject to an order of Protective Supervision for said child/youth
    effective _____ · until _____·

☐ **D. EXTENSION OF PROTECTIVE SUPERVISION** The Commissioner of Children and Families shall provide
Protective Supervision for said child/youth for an additional period effective _____ until _____.

---

### FURTHER ORDER OF THE COURT

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☐ The Commissioner of Children and Families shall file:

    ☐ A Status Report on or about _____·

    ☐ A Motion for Review of Permanency Plan on or before _____·

    A hearing to review the permanency plan shall be held on _____

    ☐ A Motion for:

        ☐ Revocation/Transfer of Guardianship no later than (date): _____·

        ☐ MODIFICATION OF DISPOSITION no later than (date): _____·

        A hearing to review said motion shall be held on (date): _____·

☐ A Petition for Termination of Parental Rights no later than (date): _____·

☐ An In Court Judicial Review shall be held on (date): _____·

☐ Other orders:

JAN 20 2011

| NAME OF JUDGE | SIGNED (Judge) | | DATE ORDERED |
|---|---|---|---|
| HON STEPHEN F FRAZZINI | | | 01/10/2011 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| SIGNED (Judge, Clerk) | AT (Town) | ON (Date) |
|---|---|---|
| | | |

JD-JM-65 Rev. 8-09 (Page 2)

RESET  PRINT

**ADJUDICATORY/DISPOSITIONAL
ORDERS**

JD-JM-65 Rev. 8-06
C.G.S. §§ 46b-120, 121, 129j, 17a-93(f)
Pr. Bk. Sec. 33-8, 33-9
Public Act 06-102

STATE OF CONNECTICUT
**SUPERIOR COURT**
JUVENILE MATTERS
*www.jud.ct.gov*



| ADDRESS OF COURT | DOCKET NO: |
|---|---|
| 920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | H12CP10013096A |

| NAME OF PETITIONER | NAME OF CHILD/YOUTH | DATE OF BIRTH |
|---|---|---|
| ROCKVILLE MANCHESTER DCF | J█████ H█ | 09█/2000 |

| NAME OF FATHER | ADDRESS OF FATHER |
|---|---|
| GEORGE HARASZ | 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |

| NAME OF MOTHER FATHER | ADDRESS OF MOTHER |
|---|---|
| Douglas Wirth | 185 Williams St. Ext. Glastonbury, CT06033 |

| NAME OF GUARDIAN (if applicable) | ADDRESS OF GUARDIAN (if applicable) |
|---|---|
| | |

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the above named child/youth:

---

## ADJUDICATION

The court finds said child/youth: ☒ NEGLECTED ☐ UNCARED FOR ☐ DEPENDENT **OR**

☐ The court has found said child/youth: ☐ NEGLECTED ☐ UNCARED FOR ☐ DEPENDENT on _____

---

## REASONABLE EFFORTS FINDING *(if necessary)*

Continuation in the home is *contrary to the welfare* of said child/youth and

☐ Voluntary placement

☐ Such out-of-home placement is in the best interests of the child/youth.

☐ Reasonable efforts to *prevent removal* finding:

☐ Reasonable efforts to prevent or eliminate the need for removal of said child/youth were made by the state.

☐ Reasonable efforts to prevent or eliminate the need for removal of said child/youth from the home were not possible.

☐ Reasonable efforts were not made.

---

## DISPOSITION

1. ☒ The court hereby finds that the following disposition is in the best interest of the child/youth: **OR**

2. ☐ The court hereby grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child/youth:

☐ **A. COMMITMENT** Said child/youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of said child/youth according to the statutes in such cases. Commitment is effective _____

☒ **B. PROTECTIVE SUPERVISION** Continuation in the home is not contrary to the best interest of the child/youth. The Commissioner of Children and Families shall provide Protective Supervision for said child/youth effective **01/10/2011** until **07/10/2011** . Child's place of abode is with

(name) **GEORGE HARASZ     DOUGLAS WIRTH** who is a suitable and worthy person.

Page 1 of 2

☐ **C. CUSTODY/GUARDIANSHIP** The ☐ custody ☐ guardianship of said child/youth is vested in

(name) _____ who is/are found to be suitable and worthy caretaker(s).

    ☐ Subject to an order of Protective Supervision for said child/youth
        effective _____ until _____

☐ **D. EXTENSION OF PROTECTIVE SUPERVISION** The Commissioner of Children and Families shall provide
    Protective Supervision for said child/youth for an additional period effective _____ until _____

---

### FURTHER ORDER OF THE COURT

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☐ The Commissioner of Children and Families shall file:

    ☐ A Status Report on or about _____

    ☐ A Motion for Review of Permanency Plan on or before _____

    A hearing to review the permanency plan shall be held on _____

    ☐ A Motion for:

        ☐ Revocation/Transfer of Guardianship no later than (date): _____

        ☐ MODIFICATION OF DISPOSITION no later than (date): _____

        A hearing to review said motion shall be held on (date): _____

    ☐ A Petition for Termination of Parental Rights no later than (date): _____

☒ An In Court Judicial Review shall be held on (date): **05/10/2011**

☐ Other orders:

*JAN 20 2011*

| NAME OF JUDGE | SIGNED (Judge) | DATE ORDERED |
|---|---|---|
| HON STEPHEN F FRAZZINI | S F Frazzini | 01/10/2011 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| SIGNED (Judge_Clerk) | AT (Town) | ON (Date) |
|---|---|---|
| | Hartford | 1-18-11 |

JD-JM-55 Rev. 8-06 (Page 2)

# ADJUDICATORY/DISPOSITIONAL ORDERS

JD-JM-65 Rev. 8-06
C.G.S. §§ 46b-120, 121, 129j, 17a-93(i)
Pr. Bk. Sec. 33-8, 33-9
Public Act 06-102

STATE OF CONNECTICUT
## SUPERIOR COURT
JUVENILE MATTERS
*www.jud.ct.gov*



| ADDRESS OF COURT | DOCKET NO. |
|---|---|
| 920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | H12CP10013097A |

| NAME OF PETITIONER | NAME OF CHILD/YOUTH | DATE OF BIRTH |
|---|---|---|
| ROCKVILLE MANCHESTER DCF | G███ H███ | 12█/2000 |

NAME OF FATHER: GEORGE HARASZ
ADDRESS OF FATHER: 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033

NAME OF MOTHER: ~~Father~~ Douglas Wirth
ADDRESS OF MOTHER: 185 Williams Street. Ext Glastonbury, CT 06033

NAME OF GUARDIAN (if applicable)
ADDRESS OF GUARDIAN (if applicable)

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the above named child/youth:

## ADJUDICATION

The court finds said child/youth: [X] NEGLECTED  [ ] UNCARED FOR  [ ] DEPENDENT   OR

[ ] The court has found said child/youth: [ ] NEGLECTED  [ ] UNCARED FOR  [ ] DEPENDENT on _____

## REASONABLE EFFORTS FINDING (If necessary)

Continuation in the home is *contrary to the welfare* of said child/youth and

[ ] Voluntary placement

    [ ] Such out-of-home placement is in the best interests of the child/youth.

[ ] Reasonable efforts to *prevent removal* finding:

    [ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth were made by the state.

    [ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth from the home were not possible.

    [ ] Reasonable efforts were not made.

## DISPOSITION

1. [X] The court hereby finds that the following disposition is in the best interest of the child/youth:   OR

2. [ ] The court hereby grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child/youth:

[ ] A. COMMITMENT Said child/youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of said child/youth according to the statutes in such cases. Commitment is effective _____

[X] B. PROTECTIVE SUPERVISION Continuation in the home is not contrary to the best interest of the child/youth. The Commissioner of Children and Families shall provide Protective Supervision for said child/youth effective 01/10/2011 until 07/10/2011. Child's place of abode is with

(name) GEORGE HARASZ   DOUGLAS WIRTH   who is a suitable and worthy person.

Page 1 of 2

☐ **C. CUSTODY/GUARDIANSHIP** The ☐ custody ☐ guardianship of said child/youth is vested in

(name) _____ who is/are found to be suitable and worthy caretaker(s).

    ☐ Subject to an order of Protective Supervision for said child/youth
       effective _____ .until _____

☐ **D. EXTENSION OF PROTECTIVE SUPERVISION** The Commissioner of Children and Families shall provide
    Protective Supervision for said child/youth for an additional period effective _____ until _____

---

**FURTHER ORDER OF THE COURT**

---

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☐ The Commissioner of Children and Families shall file:

    ☐ A Status Report on or about _____

    ☐ A Motion for Review of Permanency Plan on or before _____

    A hearing to review the permanency plan shall be held on _____

    ☐ A Motion for: _____

       ☐ Revocation/Transfer of Guardianship no later than *(date):* _____

       ☐ MODIFICATION OF DISPOSITION no later than *(date):* _____

       A hearing to review said motion shall be held on *(date):* _____

    ☐ A Petition for Termination of Parental Rights no later than *(date):* _____

☒ An In Court Judicial Review shall be held on *(date):* 05/10/2011 _____

☐ Other orders: 

*JAN 20 2011*

| NAME OF JUDGE | SIGNED (Judge) | | DATE ORDERED |
|---|---|---|---|
| HON STEPHEN F FRAZZINI | | | 01/10/2011 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| SIGNED *(Judge, Clerk)* | AT *(Town)* | ON *(Date)* |
|---|---|---|
| | | ~18 (1 |

JD-JM-65 Rev. 8-06 (Page 2)

# ADJUDICATORY/DISPOSITIONAL ORDERS

JD-JM-65 Rev. 8-06
C.G.S. §§ 46b-120, 121, 129), 17a-93(f)
Pr. Bk. Sec. 33-8, 33-9
Public Act 06-102

### STATE OF CONNECTICUT
### SUPERIOR COURT
### JUVENILE MATTERS
*www.jud.ct.gov*



| ADDRESS OF COURT | DOCKET NO. |
|---|---|
| 920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | H12CP10013098A |

| NAME OF PETITIONER | NAME OF CHILD/YOUTH | DATE OF BIRTH |
|---|---|---|
| ROCKVILLE MANCHESTER DCF | T███ H█████ | 01/██/2003 |

| NAME OF FATHER | ADDRESS OF FATHER |
|---|---|
| GEORGE HARASZ | 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |

| NAME OF MOTHER FATHER | ADDRESS OF MOTHER |
|---|---|
| Douglas Wirth | 188 Williams St. Ext. Glastonbury, Ct 06033 |

| NAME OF GUARDIAN (if applicable) | ADDRESS OF GUARDIAN (if applicable) |
|---|---|

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the above named child/youth:

## ADJUDICATION

The court finds said child/youth:   [X] NEGLECTED   [ ] UNCARED FOR   [ ] DEPENDENT   **OR**

[ ] The court has found said child/youth: [ ] NEGLECTED [ ] UNCARED FOR [ ] DEPENDENT on _____

## REASONABLE EFFORTS FINDING (if necessary)

Continuation in the home is *contrary to the welfare* of said child/youth and

[ ] Voluntary placement

   [ ] Such out-of-home placement is in the best interests of the child/youth.

[ ] Reasonable efforts to *prevent removal* finding:

   [ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth were made by the state.

   [ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth from the home were not possible.

   [ ] Reasonable efforts were not made.

## DISPOSITION

1. [X] The court hereby finds that the following disposition is in the best interest of the child/youth:   **OR**

2. [ ] The court hereby grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child/youth:

[ ] **A.** **COMMITMENT** Said child/youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of said child/youth according to the statutes in such cases. Commitment is effective _____

[X] **B.** **PROTECTIVE SUPERVISION** Continuation in the home is not contrary to the best interest of the child/youth. The Commissioner of Children and Families shall provide Protective Supervision for said child/youth effective **01/10/2011** until **07/10/2011**. Child's place of abode is with

(name)   **GEORGE HARASZ**   **DOUGLAS WIRTH**   who is a suitable and worthy person.

Page 1 of 2

☐ C. CUSTODY/GUARDIANSHIP The ☐ custody ☐ guardianship of said child/youth is vested in

(name) _____ who is/are found to be suitable and worthy caretaker(s).

☐ Subject to an order of Protective Supervision for said child/youth
effective _____ until _____

☐ D. EXTENSION OF PROTECTIVE SUPERVISION The Commissioner of Children and Families shall provide
Protective Supervision for said child/youth for an additional period effective _____ until _____

## FURTHER ORDER OF THE COURT

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☐ The Commissioner of Children and Families shall file:

☐ A Status Report on or about _____

☐ A Motion for Review of Permanency Plan on or before _____

A hearing to review the permanency plan shall be held on_____

☐ A Motion for:

☐ Revocation/Transfer of Guardianship no later than *(date):* _____

☐ MODIFICATION OF DISPOSITION no later than *(date):* _____

A hearing to review said motion shall be held on *(date):* _____

☐ A Petition for Termination of Parental Rights no later than *(date):* _____

[X] An In Court Judicial Review shall be held on *(date):*  **05/10/2011**

☐ Other orders:

JAN 20 2011

| NAME OF JUDGE | SIGNED (Judge) | DATE ORDERED |
|---|---|---|
| HON STEPHEN F FRAZZINI | | 01/10/2011 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| SIGNED (Judge, Clerk) | AT (Town) | ON (Date) |
|---|---|---|
| | | ~18·11 |

JD-JM-85 Rev. 8-06 (Page 2)

**ADJUDICATORY/DISPOSITIONAL ORDERS**
JD-JM-65 Rev. 8-08
C.G.S. §§ 46b-120, 121, 129j, 17a-93(i)
Pr. Bk. Sec. 33-8, 33-9
Public Act 06-102

STATE OF CONNECTICUT
**SUPERIOR COURT**
JUVENILE MATTERS
www.jud.ct.gov

| | |
|---|---|
| ADDRESS OF COURT<br>920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | DOCKET NO.<br>H12CP10013098A |
| NAME OF PETITIONER<br>ROCKVILLE MANCHESTER DCF | NAME OF CHILD/YOUTH<br>C[redacted] H[redacted] — DATE OF BIRTH<br>10/[redacted]2004 |
| NAME OF FATHER<br>GEORGE HARASZ | ADDRESS OF FATHER<br>185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |
| NAME OF ~~MOTHER~~ Father<br>Douglas Wirth | ADDRESS OF MOTHER<br>185 Williams St. Ext Glastonbury, CT 06033 |
| NAME OF GUARDIAN *(If applicable)* | ADDRESS OF GUARDIAN *(If applicable)* |

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the above named child/youth:

## ADJUDICATION

The court finds said child/youth: [X] NEGLECTED [ ] UNCARED FOR [ ] DEPENDENT OR

[ ] The court has found said child/youth: [ ] NEGLECTED [ ] UNCARED FOR [ ] DEPENDENT on ____________

## REASONABLE EFFORTS FINDING *(If necessary)*

Continuation in the home is *contrary to the welfare* of said child/youth and

[ ] Voluntary placement

[ ] Such out-of-home placement is in the best interests of the child/youth.

[ ] Reasonable efforts to *prevent removal* finding:

[ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth were made by the state.

[ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth from the home were not possible.

[ ] Reasonable efforts were not made.

## DISPOSITION

1. [X] The court hereby finds that the following disposition is in the best interest of the child/youth: OR

2. [ ] The court hereby grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child/youth:

[ ] A. **COMMITMENT** Said child/youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of said child/youth according to the statutes in such cases. Commitment is effective ____________

[X] B. **PROTECTIVE SUPERVISION** Continuation in the home is not contrary to the best interest of the child/youth. The Commissioner of Children and Families shall provide Protective Supervision for said child/youth effective 01/10/2011 until 07/10/2011. Child's place of abode is with (name) GEORGE HARASZ DOUGLAS WIRTH who is a suitable and worthy person.

☐ **C. CUSTODY/GUARDIANSHIP** The ☐ custody ☐ guardianship of said child/youth is vested in

(name) _____ who is/are found to be suitable and worthy caretaker(s).

    ☐ Subject to an order of Protective Supervision for said child/youth

    effective _____ until _____.

☐ **D. EXTENSION OF PROTECTIVE SUPERVISION** The Commissioner of Children and Families shall provide
Protective Supervision for said child/youth for an additional period effective _____ until _____.

---

### FURTHER ORDER OF THE COURT

---

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☐ The Commissioner of Children and Families shall file:

    ☐ A **Status Report** on or about _____.

    ☐ A **Motion for Review** of Permanency Plan on or before _____

    A hearing to review the permanency plan shall be held on _____

    ☐ A **Motion for:**

        ☐ **Revocation/Transfer of Guardianship** no later than *(date):* _____

        ☐ **MODIFICATION OF DISPOSITION** no later than *(date):* _____

        A hearing to review said motion shall be held on *(date):* _____

    ☐ A **Petition for Termination of Parental Rights** no later than *(date):* _____

☒ An **In Court Judicial Review** shall be held on *(date):*  05/10/2011 .

☐ Other orders:

JAN 20 2011

| NAME OF JUDGE | SIGNED *(Judge)* | | DATE ORDERED |
|---|---|---|---|
| **HON STEPHEN F FRAZZINI** | | | **01/10/2011** |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| SIGNED *(Judge, Clerk)* | AT *(Town)* | ON *(Date)* |
|---|---|---|
| | | 7-18-11 |

JD-JM-65 Rev. 8-06 (Page 2)

**ADJUDICATORY/DISPOSITIONAL ORDERS**

JD-JM-65 Rev. 8-06
C.G.S. §§ 46b-120, 121, 129), 17a-93(f)
Pr. Bk. Sec. 33-8, 33-9
Public Act 06-102

STATE OF CONNECTICUT
**SUPERIOR COURT**
**JUVENILE MATTERS**
*www.jud.ct.gov*



| ADDRESS OF COURT | | DOCKET NO. |
|---|---|---|
| 920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | | H12CP10013100A |

| NAME OF PETITIONER | NAME OF CHILD/YOUTH | DATE OF BIRTH |
|---|---|---|
| ROCKVILLE MANCHESTER DCF | C D        H | 08  /2006 |

| NAME OF FATHER | ADDRESS OF FATHER |
|---|---|
| GEORGE HARASZ | 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |

| NAME OF MOTHER FATHER | ADDRESS OF MOTHER |
|---|---|
| Douglas Wirth | 185 Williams St. Ext. Glastonbury, CT 06033 |

| NAME OF GUARDIAN (if applicable) | ADDRESS OF GUARDIAN (if applicable) |
|---|---|
| | |

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the above named child/youth:

---

## ADJUDICATION

The court finds said child/youth:  [X] NEGLECTED    [ ] UNCARED FOR    [ ] DEPENDENT    OR

[ ] The court has found said child/youth:  [ ] NEGLECTED    [ ] UNCARED FOR    [ ] DEPENDENT on _____

---

## REASONABLE EFFORTS FINDING *(if necessary)*

Continuation in the home is *contrary to the welfare* of said child/youth and

[ ] Voluntary placement

    [ ] Such out-of-home placement is in the best interests of the child/youth.

[ ] Reasonable efforts to *prevent removal* finding:

    [ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth were made by the state.

    [ ] Reasonable efforts to prevent or eliminate the need for removal of said child/youth from the home were not possible.

    [ ] Reasonable efforts were not made.

---

## DISPOSITION

1. [X] The court hereby finds that the following disposition is in the best interest of the child/youth:    OR

2. [ ] The court hereby grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child/youth:

[ ] **A. COMMITMENT** Said child/youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of said child/youth according to the statutes in such cases. Commitment is effective _____

[X] **B. PROTECTIVE SUPERVISION** Continuation in the home is not contrary to the best interest of the child/youth. The Commissioner of Children and Families shall provide Protective Supervision for said child/youth

effective  01/10/2011   until  07/10/2011   Child's place of abode is with

(name)  **GEORGE HARASZ**   **DOUGLAS WIRTH**   who is a suitable and worthy person.

Page 1 of 2

☐ **C. CUSTODY/GUARDIANSHIP** The ☐ custody ☐ guardianship of said child/youth is vested in

(name) _____ who is/are found to be suitable and worthy caretaker(s).

    ☐ Subject to an order of Protective Supervision for said child/youth
       effective _____ until _____

☐ **D. EXTENSION OF PROTECTIVE SUPERVISION** The Commissioner of Children and Families shall provide
    Protective Supervision for said child/youth for an additional period effective _____ until _____

---

### FURTHER ORDER OF THE COURT

---

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☐ The Commissioner of Children and Families shall file:

    ☐ A Status Report on or about _____

    ☐ A Motion for Review of Permanency Plan on or before _____

    A hearing to review the permanency plan shall be held on _____

    ☐ A Motion for:

        ☐ Revocation/Transfer of Guardianship no later than *(date):* _____

        ☐ MODIFICATION OF DISPOSITION no later than *(date):* _____

        A hearing to review said motion shall be held on *(date):* _____

    ☐ A Petition for Termination of Parental Rights no later than *(date):* _____

☒ An **In Court Judicial Review** shall be held on *(date):*  **05/10/2011** _____

☐ Other orders: _____

JAN 20 2011

| NAME OF JUDGE | SIGNED *(Judge)* | DATE ORDERED |
|---|---|---|
| **HON STEPHEN F FRAZZINI** | X | 01/10/2011 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| SIGNED *(Audra, Clerk)* | AT *(Town)* | ON *(Date)* |
|---|---|---|
|  |  | 1-15-11 |

JD-JM-85 Rev. 8-06 (Page 2)

CUSTODY/ORDER TO APPEAR
JD-JM-59 Rev. 9-09
C.G.S. § 46b-129(b) & (k), P.A. 09-185, Sec. 2, P.B. 33a-6

**SUPERIOR COURT**
**JUVENILE MATTERS**
www.jud.ct.gov

| Address of Court | Docket Number |
|---|---|
| **920 Broad Street, Hartford, CT 06106** | **CP10- 013096** |

| Name of Child/Youth | Address of Child/Youth | Date of Birth |
|---|---|---|
| **J___ H___** | **DCF Licensed Foster Home** | 1/14/03  9/__/00 |

| Name of Mother | Address of Mother |
|---|---|
| **Douglas Wirth (Father)** | **185 Williams Street Ext., Glastonbury, CT 06033** |

| Name of Father | Address of Father |
|---|---|
| **George Harasz** | **185 Williams Street Ext., Glastonbury, CT 06033** |

| Name of Legal Guardian *(if any)* | Address of Legal Guardian |
|---|---|
| | |

| Name of Putative Father *(if any)* | Address of Putative Father |
|---|---|
| | |

| If Parent(s) is/are Minor(s), Name(s) of Grandparent(s) or Guardian(s) | Address(es) of Grandparent(s) or Guardian(s) |
|---|---|
| | |

## Motion

☒ The child or youth has been placed in the care and custody of the Commissioner of Children and Families pursuant to section 17a-101g *(96 hour hold)* on *(date)* **2/8/11** at *(time)* **4:00 PM**

Based on the allegations of the petition and verified affirmations of fact, the petitioner requests an ex parte Order of Temporary Custody/Order to Appear under section 46b-129(b) of the general statutes.

| Name of Petitioner | Address of Petitioner | Relationship to Child |
|---|---|---|
| Joette Katz, Commissioner, Department of Children and Families | 364 West Middle Turnpike, Manchester, CT 06040 | Commissioner |

| Signed *(Petitioner)* By: *Duly Authorized Agent* | Sworn and Subscribed To Before Me On: **2/10/11** | Date Signed **2/10/11** | Judge, Assistant Clerk, Notary, Commissioner of Superior Court *Julie Bardini* |
|---|---|---|---|

## Order

The court having reviewed the verified affirmations of fact accompanying this motion hereby finds that there is reasonable cause to
believe that:

**Julie Bardini**
**Notary Public**
**My Commission Expires: June 30, 20_15_**

☐ A. Said child or youth is suffering from serious physical illness, or

☐ B. Said child or youth is suffering from serious physical injury, or

☒ C. Said child or youth is in immediate physical danger from surroundings;

And    As a result of said conditions, the child's or youth's safety is endangered and immediate removal from such surroundings is necessary to ensure the child's or youth's safety and continuation in the home is contrary to the welfare of said child or youth.

It is Hereby Ordered That:

A. ☒ The temporary care and custody of said child or youth shall be vested in: _____ *D C F*
    pending a hearing as set forth below on the confirmation of this order;

And It is further found that:

☒ Reasonable efforts to prevent or eliminate the need for removal of said child or youth were made by the state, or

☐ Reasonable efforts to prevent or eliminate the need for removal of said child or youth were not possible, or

☐ Reasonable efforts to prevent removal were not made.

OR

B. ☐ The respondent(s) appear before the court as set forth below to determine whether an order vesting temporary custody of said child or youth, in a person related to the child or youth by blood or marriage or in some other person or suitable agency, should be issued pending disposition of the petition.

And it is further ordered that the above-named mother/father/guardian be and hereby is/are summoned to appear before the court on the Hearing Date(s) set out below, at the address shown above, by having a proper officer leave a true and attested copy of this order and summons with them or at their usual place of abode, or if so ordered, by publication or mail and return same to the court on or before the date indicated.

OR

C. ☐ The motion is denied.

| **Hearing Date - Preliminary Hearing On Temporary Custody** → | Date **2/18/11** | Time of Hearing **10/15** A.M. |
|---|---|---|
| **Hearing Date - Petition** → | Date | Time of Hearing **10:30** A.M. |
| **Court Location** → | Court Location *(Number, street, and town)* **920 Broad Street, Hartford, CT 06106** | Telephone Number **(860)872-7143** |

| Publication For: | Statutory Mail For: | Service on or Before (Date) **2/14/11** | Return Date **2/16/11** |
|---|---|---|---|
| Name of Judge *(illegible signature)* | Signed (Judge) *(illegible signature)* | | Date Signed **2/10/11** |

*(Continued)*

MOTION/ORDER OF TEMPORARY
CUSTODY/ORDER TO APPEAR
JD-JM-58 Rev. 9-09
C.G.S. § 46b-129(b) & (k), P.A. 09-185, Sec. 3, P.B. 33p-5

STATE OF CONNECTICUT
SUPERIOR COURT
JUVENILE MATTERS
www.jud.ct.gov



| Address of Court | | Docket Number |
|---|---|---|
| 920 Broad Street, Hartford, CT 06106 | | CP10 - 013099 |

| Name of Child/Youth | Address of Child/Youth | Date of Birth |
|---|---|---|
| G____ H____ | DCF Licensed Foster Home | 4/14/08  12/ /00 |

| Name of Mother | Address of Mother |
|---|---|
| Douglas Wirth (Father) | 185 Williams Street Ext., Glastonbury, CT 06033 |

| Name of Father | Address of Father |
|---|---|
| George Harasz | 185 Williams Street Ext., Glastonbury, CT 06033 |

| Name of Legal Guardian (if any) | Address of Legal Guardian |
|---|---|
| | |

| Name of Putative Father (if any) | Address of Putative Father |
|---|---|
| | |

| If Parent(s) is/are Minor(s), Name(s) of Grandparent(s) or Guardian(s) | Address(es) of Grandparent(s) or Guardian(s) |
|---|---|
| | |

## Motion

☒ The child or youth has been placed in the care and custody of the Commissioner of Children and Families, pursuant to section 17a-101g (96 hour hold) on (date) 2/8/11 at (time) 4:00 PM

Based on the allegations of the petition and verified affirmations of fact, the petitioner requests an ex parte Order of Temporary Custody/Order to Appear under section 46b-129(b) of the general statutes.

| Name of Petitioner | Address of Petitioner | Relationship to Child |
|---|---|---|
| Joette Katz, Commissioner | 364 West Middle Turnpike, Manchester, CT 06040 | Commissioner |

| Signed (Department of Children and Families) | Sworn and Subscribed | Date Signed | Judge, Assistant Clerk, Notary, Commissioner of Superior Court |
|---|---|---|---|
| By: _____ Duly Authorized Agent | To Before Me On: | 2/10/11 | Julie Bardini |

## Order

The court having reviewed the verified affirmations of fact accompanying this motion hereby finds that there is reasonable cause to believe that:

Julie Bardini
Notary Public
My Commission Expires: June 30, 20 15

☐ A. Said child or youth is suffering from serious physical illness, or

☐ B. Said child or youth is suffering from serious physical injury, or

☒ C. Said child or youth is in immediate physical danger from surroundings;

And   As a result of said conditions, the child's or youth's safety is endangered and immediate removal from such surroundings is necessary to ensure the child's or youth's safety and continuation in the home is contrary to the welfare of said child or youth.

It is Hereby Ordered That:

A. ☒ The temporary care and custody of said child or youth shall be vested in: ___DCF___ pending a hearing as set forth below on the confirmation of this order;

And it is further found that:

☒ Reasonable efforts to prevent or eliminate the need for removal of said child or youth were made by the state, or

☐ Reasonable efforts to prevent or eliminate the need for removal of said child or youth were not possible, or

☐ Reasonable efforts to prevent removal were not made.

OR

B. ☐ The respondent(s) appear before the court as set forth below to determine whether an order vesting temporary custody of said child or youth, in a person related to the child or youth by blood or marriage or in some other person or suitable agency, should be issued pending disposition of the petition.

And it is further ordered that the above-named mother/father/guardian be and hereby is/are summoned to appear before the court on the Hearing Date(s) set out below, at the address shown above, by having a proper officer leave a true and attested copy of this order and summons with them or at their usual place of abode, or if so ordered, by publication or mail and return same to the court on or before the date indicated.

OR

C. ☐ The motion is denied.

| Hearing Date - Preliminary Hearing On Temporary Custody → | Date 2/18/11 | Time of Hearing 10:15 A.M. |
|---|---|---|
| Hearing Date - Petition → | Date | Time of Hearing 9:30 A.M. |
| Court Location → | Court Location (Number, street, and town) 920 Broad Street, Hartford, CT 06106 | Telephone Number (860)872-7143 |

| Publication For: | Statutory Mail For: | Service on or Before (Date) 2/14/11 | Return Date 2/16/11 |
|---|---|---|---|
| Name of Judge McCahy | Signed (Judge) | | Date Signed 2/10/11 |

(Continued)

**MOTION/ORDER OF TEMPORARY**
**CUSTODY/ORDER TO APPEAR**
JD-JM-58 Rev. 9-09
C.G.S. § 46b-129(b) & (K), P.A. 09-185, Sec. 3, P.B. 33a-5

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
**JUVENILE MATTERS**
www.jud.ct.gov

| Address of Court | Docket Number |
|---|---|
| 920 Broad Street, Hartford, CT 06106 | CP10 - 013098 |

| Name of Child/Youth | Address of Child/Youth | Date of Birth |
|---|---|---|
| T█████ H█ | DCF Licensed Foster Home | 1/██/03 |

| Name of Mother | Address of Mother |
|---|---|
| Douglas Wirth (Father) | 185 Williams Street Ext., Glastonbury, CT 06033 |

| Name of Father | Address of Father |
|---|---|
| George Harasz | 185 Williams Street Ext., Glastonbury, CT 06033 |

| Name of Legal Guardian (if any) | Address of Legal Guardian |
|---|---|
| | |

| Name of Putative Father (if any) | Address of Putative Father |
|---|---|
| | |

| If Parent(s) is/are Minor(s), Name(s) of Grandparent(s) or Guardian(s) | Address(es) of Grandparent(s) or Guardian(s) |
|---|---|
| | |

## Motion

[X] The child or youth has been placed in the care and custody of the Commissioner of Children and Families pursuant to section 17a-101g (96 hour hold) on (date) 2/8/11 at (time) 4:00 PM

Based on the allegations of the petition and verified affirmations of fact, the petitioner requests an ex parte Order of Temporary Custody/Order to Appear under section 46b-129(b) of the general statutes.

| Name of Petitioner | Address of Petitioner | Relationship to Child |
|---|---|---|
| Commissioner | 364 West Middle Turnpike, Manchester, CT 06040 | Commissioner |
| Department of Children and Families | Sworn and Subscribed Date Signed To Before Me On: 2/10/11 | Judge, Assistant Clerk, Notary, Commissioner of Superior Court Julie Bardini |
| By: | | |

## Order | Duly Authorized Agent

The court having reviewed the verified affirmations of fact accompanying this motion hereby finds that there is reasonable cause to believe that:

Julie Bardini
Notary Public
My Commission Expires: June 30, 20__

[ ] A. Said child or youth is suffering from serious physical illness, or

[ ] B. Said child or youth is suffering from serious physical injury, or

[X] C. Said child or youth is in immediate physical danger from surroundings;

**And** As a result of said conditions, the child's or youth's safety is endangered and immediate removal from such surroundings is necessary to ensure the child's or youth's safety and continuation in the home is contrary to the welfare of said child or youth.

**It is Hereby Ordered That:**

A. [X] The temporary care and custody of said child or youth shall be vested in: _D.C.F._ pending a hearing as set forth below on the confirmation of this order;

**And it is further found that:**

[X] Reasonable efforts to prevent or eliminate the need for removal of said child or youth were made by the state, or

[ ] Reasonable efforts to prevent or eliminate the need for removal of said child or youth were not possible, or

[ ] Reasonable efforts to prevent removal were not made.

**OR**

B. [ ] The respondent(s) appear before the court as set forth below to determine whether an order vesting temporary custody of said child or youth, in a person related to the child or youth by blood or marriage or in some other person or suitable agency, should be issued pending disposition of the petition.

And it is further ordered that the above-named mother/father/guardian be and hereby is/are summoned to appear before the court on the Hearing Date(s) set out below, at the address shown above, by having a proper officer leave a true and attested copy of this order and summons with them or at their usual place of abode, or if so ordered, by publication or mail and return same to the court on or before the date indicated.

**OR**

C. [ ] The motion is denied.

| Hearing Date - Preliminary Hearing On Temporary Custody → | Date 2/18/11 | Time of Hearing 10:15 9:30 A.M. |
|---|---|---|
| Hearing Date - Petition → | Date | Time of Hearing 9:30 A.M. |
| Court Location → | Court Location (Number, street, and town) 920 Broad Street, Hartford, CT 06106 | Telephone Number (860)872-7143 |

| Publication For: | Statutory Mail For: | Service on or Before (Date) 2/14/11 | Return Date 2/14/11 |
|---|---|---|---|
| Name of Judge | Signed (Judge) | | Date Signed 2/10/11 |
| | (Continued) | | |

**MOTION/ORDER OF TEMPORARY CUSTODY/ORDER TO APPEAR**
JD-JM-65 Rev. 9-09
C.G.S.§ 46b-129(b) & (k), P.A. 09-185, Sec. 3, P.B. 33a-6

STATE OF CONNECTICUT
SUPERIOR COURT
JUVENILE MATTERS
www.jud.ct.gov



| Address of Court | | Docket Number |
|---|---|---|
| 920 Broad Street, Hartford, CT 06106 | | CP10-013099 |

| Name of Child/Youth | Address of Child/Youth | Date of Birth |
|---|---|---|
| Ch████ H████ | DCF Licensed Foster Home | 10 04 |

| Name of Mother | Address of Mother |
|---|---|
| Douglas Wirth (Father) | 185 Williams Street Ext., Glastonbury, CT 06033 |

| Name of Father | Address of Father |
|---|---|
| George Harasz | 185 Williams Street Ext., Glastonbury, CT 06033 |

| Name of Legal Guardian (if any) | Address of Legal Guardian |
|---|---|
| | |

| Name of Putative Father (if any) | Address of Putative Father |
|---|---|
| | |

| If Parent(s) is/are Minor(s), Name(s) of Grandparent(s) or Guardian(s) | Address(es) of Grandparent(s) or Guardian(s) |
|---|---|
| | |

## Motion

☒ The child or youth has been placed in the care and custody of the Commissioner of Children and Families pursuant to section 17a-101g (96 hour hold) on (date): 2/8/11 at (time) 4:00 PM

Based on the allegations of the petition and verified affirmations of fact, the petitioner requests an ex parte Order of Temporary Custody or Order to Appear under section 46b-129(b) of the general statutes.

| Name of Petitioner | Address of Petitioner | Relationship to Child |
|---|---|---|
| Commissioner Joette Katz Department of Children and Families | 364 West Middle Turnpike, Manchester, CT 06040 | Commissioner |

| Signed (Petitioner) Duly Authorized Agent | Sworn and Subscribed To Before Me On: | Date Signed 2/10/11 | Judge, Assistant Clerk, Notary, Commissioner of Superior Court |
|---|---|---|---|

June Barbieri
Notary Public
My Commission Expires: June 30, 2015

## Order

The court having reviewed the verified affirmations of fact accompanying this motion hereby finds that there is reasonable cause to believe that:

☐ A. Said child or youth is suffering from serious physical illness, or
☐ B. Said child or youth is suffering from serious physical injury, or
☒ C. Said child or youth is in immediate physical danger from surroundings;

And   As a result of said conditions, the child's or youth's safety is endangered and immediate removal from such surroundings is necessary to ensure the child's or youth's safety and continuation in the home is contrary to the welfare of said child or youth.

It is Hereby Ordered That:

A. ☒ The temporary care and custody of said child or youth shall be vested in: _DCF_ pending a hearing as set forth below on the confirmation of this order;

And it is further found that:
☒ Reasonable efforts to prevent or eliminate the need for removal of said child or youth were made by the state, or
☐ Reasonable efforts to prevent or eliminate the need for removal of said child or youth were not possible, or
☐ Reasonable efforts to prevent removal were not made.

OR

B. ☐ The respondent(s) appear before the court as set forth below to determine whether an order vesting temporary custody of said child or youth, in a person related to the child or youth by blood or marriage or in some other person or suitable agency, should be issued pending disposition of the petition.

And it is further ordered that the above-named mother/father/guardian be and hereby is/are summoned to appear before the court on the Hearing Date(s) set out below, at the address shown above, by having a proper officer leave a true and attested copy of this order and summons with them or at their usual place of abode, or if so ordered, by publication or mail and return same to the court on or before the date indicated.

OR

C. ☐ The motion is denied.

| | Date | Time of Hearing |
|---|---|---|
| Hearing Date - Preliminary Hearing On Temporary Custody → | 2/18/11 | 9:30 9:15 A.M. |
| Hearing Date - Petition → | | 9:30 A.M. |

| Court Location (Number, street, and town) | Telephone Number |
|---|---|
| Court Location → 920 Broad Street, Hartford, CT 06106 | (860) 872-7143 |

| Publication For: | Statutory Mail For: | Service on or Before (Date) 2/14/11 | Return Date 2/16/11 |
|---|---|---|---|
| Name of Judge | Signed (Judge) | | Date Signed 2/10/11 |

(Continued)

MOTION/ORDER OF TEMPORARY
CUSTODY/ORDER TO APPEAR
JD-JM-58 Rev. 9-08
C.G.S. § 46b-129(b) & (k), P.A. 06-186, Sec. 3, P.B. 33a-6

STATE OF CONNECTICUT
SUPERIOR COURT
JUVENILE MATTERS
www.jud.ct.gov



| Address of Court | Docket Number |
|---|---|
| 920 Broad Street, Hartford, CT 06106 | CP10 - 013100 |

| Name of Child/Youth | Address of Child/Youth | Date of Birth |
|---|---|---|
| Co‌‌‌‌ H‌‌‌‌ | DCF Licensed Foster Home | 4/14/05  9/06 |

| Name of Mother | Address of Mother |
|---|---|
| Douglas Wirth (Father) | 185 Williams Street Ext., Glastonbury, CT 06033 |

| Name of Father | Address of Father |
|---|---|
| George Harasz | 185 Williams Street Ext., Glastonbury, CT 06033 |

| Name of Legal Guardian (if any) | Address of Legal Guardian |
|---|---|
| | |

| Name of Putative Father (if any) | Address of Putative Father |
|---|---|
| | |

| If Parent(s) is/are Minor(s), Name(s) of Grandparent(s) or Guardian(s) | Address(es) of Grandparent(s) or Guardian(s) |
|---|---|
| | |

## Motion

☒ The child or youth has been placed in the care and custody of the Commissioner of Children and Families pursuant to section 17a-101g (96 hour hold) on (date) **2/8/11**     at (time) **4:00 PM** .

Based on the allegations of the petition and verified affirmations of fact, the petitioner requests an ex parte Order of Temporary Custody/Order to Appear under section 46b-129(b) of the general statutes.

| Name of Petitioner | Address of Petitioner | Relationship to Child |
|---|---|---|
| Commissioner Department of Children and Families | 364 West Middle Turnpike, Manchester, CT  06040 | Commissioner |

| Signed (Petitioner) By: Duly Authorized Agent | Sworn and Subscribed To Before Me On: | Date Signed 2/10/11 | Judge, Assistant Clerk, Notary, Commissioner of Superior Court Julie Bardini |
|---|---|---|---|

## Order

The court having reviewed the verified affirmations of fact accompanying this motion hereby finds that there is reasonable cause to believe that:

Julie Bardini
Notary Public
My Commission Expires June 30, 20__

☐ A. Said child or youth is suffering from serious physical illness, or

☐ B. Said child or youth is suffering from serious physical injury, or

☒ C. Said child or youth is in immediate physical danger from surroundings;

And  As a result of said conditions, the child's or youth's safety is endangered and immediate removal from such surroundings is necessary to ensure the child's or youth's safety and continuation in the home is contrary to the welfare of said child or youth.

It is Hereby Ordered That:

A. ☒ The temporary care and custody of said child or youth shall be vested in: ___ DCF

pending a hearing as set forth below on the confirmation of this order;

And it is further found that:

☒ Reasonable efforts to prevent or eliminate the need for removal of said child or youth were made by the state, or

☐ Reasonable efforts to prevent or eliminate the need for removal of said child or youth were not possible, or

☐ Reasonable efforts to prevent removal were not made.

OR

B. ☐ The respondent(s) appear before the court as set forth below to determine whether an order vesting temporary custody of said child or youth, in a person related to the child or youth by blood or marriage or in some other person or suitable agency, should be issued pending disposition of the petition.

And it is further ordered that the above-named mother/father/guardian be and hereby is/are summoned to appear before the court on the Hearing Date(s) set out below, at the address shown above, by having a proper officer leave a true and attested copy of this order and summons with them or at their usual place of abode, or if so ordered, by publication or mail and return same to the court on or before the date indicated.

OR

C. ☐ The motion is denied.

| | Date | Time of Hearing |
|---|---|---|
| Hearing Date - Preliminary Hearing On Temporary Custody → | 2/18/11 | 10:15  ~~9:30~~  A.M. |
| Hearing Date - Petition → | Date | Time of Hearing ~~9:30~~  A.M. |
| Court Location → | Court Location (Number, street, and town) 920 Broad Street, Hartford, CT 06106 | Telephone Number (860)872-7143 |

| Publication For: | Statutory Mail For: | Service on or Before (Date) 2/11/11 | Return Date 2/16/11 |
|---|---|---|---|
| Name of Judge | Signed (Judge) | | Date Signed 2/10/11 |

**(Continued)**

DOCKET NO: H12CP10013096A
H12CP10013097A
H12CP10013098A
H12CP10013099A
H12CP10013100A

IN RE: H███████, J█████ (B. 9/██/00)      :      SUPERIOR COURT FOR
H███████, G██████ (B. 12/██/00)           :      JUVENILE MATTERS
H███████, T██████ (B. 1/██/03)
H███████, CH█████ (B. 10/██/04)           :      TWELFTH DISTRICT
H███████, CO██████ (B. 8/██/06)           :      AT HARTFORD

                                          :      FEBRUARY 16, 2011

## MOTION TO OPEN AND MODIFY DISPOSITION

In accordance with the authority of Conn. Gen. Stat. §46b-121 and Conn. Practice Book

§34a-1, the Petitioner, Joette Katz, Acting Commissioner of the Department of Children and

Families ("DCF"), hereby moves to reopen and modify the disposition from protective

supervision to Commitment.

In support of this motion, the Petitioner hereby incorporates by reference the affidavit

date February 10, 2011.

THE PETITIONER

JOETTE KATZ
ACTING COMMISSIONER
DEPT. OF CHILDREN AND FAMILIES

GEORGE JEPSEN
ATTORNEY GENERAL

BY:   _Patricia Johnson_ (signature)
Patricia Johnson
Assistant Attorney Generals
Juris No. 085017
Office of the Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT. 06105-2294
Tel: (860) 808-5480
Fax: (860) 808-5595

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY MAY BE REQUIRED**

## ORDER

The foregoing motion having been heard it is hereby ORDERED:  GRANTED/DENIED.

By the Court

_____

Judge/Clerk

_____

Date

## CERTIFICATION

This is to certify that a copy of the foregoing Motion was mailed or place in panel boxes

at court to all counsel of record and pro se parties on February 16, 2011.

Thomas Kane, Esq.
972 New London Turnpike
P.O. Box 337
Glastonbury, CT. 06033
Tel: (860) 633-3651
Fax: (860) 657-9159

Traci Valery, Esq.
994 No. Colony Road #312
Wallingford, CT. 06492

Trudy Condio, Esq.
P.O. Box 175
Manchester, CT. 06040


Patricia Johnson
Assistant Attorney General
Commissioner of the Superior Court



**ADJUDICATORY/DISPOSITIONAL ORDERS**
JD-JM-65 Rev. 7-11
C.G.S. §§ 46b-120, 121, 129], 17a-93(f)
Pr. Bk. Sec. 33-8, 33-9; PA 11-240

STATE OF CONNECTICUT
**SUPERIOR COURT**
**JUVENILE MATTERS**
www.jud.ct.gov

| Address of court | Docket number |
|---|---|
| 920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | H12CP10013095A |

| Name of petitioner | Name of child or youth | Date of birth |
|---|---|---|
| ROCKVILLE MANCHESTER DCF | J██ H██ | 09/██/2000 |

| Name of father | Address of father |
|---|---|
| DOUGLAS WIRTH | 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |

| Name of mother | Address of mother |
|---|---|
| GEORGE HARASZ | 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |

| Name of guardian (if applicable) | Address of guardian (if applicable) |
|---|---|
| | |

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the child or youth named above:

## Adjudication

The court finds the child or youth:  ☐ Neglected  ☐ Uncared for  ☐ Abused  **or**

☒ The court has found the child or youth: ☒ Neglected  ☐ Uncared for  ☐ Abused  on  <u>01/10/2011</u>

## Reasonable Efforts Finding *(If necessary)*

Continuation in the home is *contrary to the welfare* of the child or youth and

☐ Voluntary placement

    ☐ Such out-of-home placement is in the best interests of the child/youth.

☒ Reasonable efforts to *prevent removal* finding:

    ☒ Reasonable efforts to prevent or eliminate the need for removal of the child or youth were made by the state.

    ☐ Reasonable efforts to prevent or eliminate the need for removal of the child or youth from the home were not possible.

    ☐ Reasonable efforts were not made.

## Disposition

1. ☐ The court finds that the following disposition is in the best interest of the child or youth:  **or**

2. ☒ The court grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child or youth:

☒ A. **Commitment** The child or youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of the child or youth according to the statutes in such cases. Commitment is effective <u>09/06/2011</u> .

☐ B. **Protective Supervision** Continuation in the home is not contrary to the best interest of the child or youth. The Commissioner of Children and Families shall provide Protective Supervision for the child or youth effective _____ until _____ . Child's place of abode is with (name) _____ who is a suitable and worthy person.

☐ **C. Custody/Guardianship** The ☐ custody ☐ guardianship of the child or youth is vested in (name) _____ who is/are found to be suitable and worthy caretaker(s).

☐ Subject to an order of Protective Supervision for the child or youth effective _____ until _____.

☐ **D. Extension of protective supervision** The Commissioner of Children and Families shall provide Protective Supervision for the child or youth for an additional period effective _____ until _____.

## Further Order Of The Court

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☒ The Commissioner of Children and Families shall file:

☐ A Status Report on or about _____.

☒ A Motion for Review of Permanency Plan on or before   **11/05/2011** .

A hearing to review the permanency plan shall be held on _____.

☐ A Motion for: _____.

☐ Revocation/Transfer of Guardianship no later than *(date)*: _____.

☐ Modification of disposition no later than *(date)*: _____.

A hearing to review said motion shall be held on *(date)*: _____.

☐ A Petition for Termination of Parental Rights no later than *(date)*: _____.

☐ An In-Court Judicial Review shall be held on *(date)*: _____.

☐ Other orders:

| Name of Judge<br>**HON JAMES M BENTIVEGNA** | Signed (Judge) | Date ordered<br>**09/06/2011** |
|---|---|---|

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| (Signed) Assistant Clerk | At (Town)  *Middletown* | On (Date)  *9-6-11* |
|---|---|---|

JD-JM-65 Rev. 7-11 (Page 2)

**ADJUDICATORY/DISPOSITIONAL ORDERS**
JD-JM-65 Rev. 7-11
C.G.S. §§ 46b-120, 121, 129), 17a-93(f)
Pr. Bk. Sec. 33-8, 33-9; PA 11-240

STATE OF CONNECTICUT
**SUPERIOR COURT
JUVENILE MATTERS**
www.jud.ct.gov



| Address of court | Docket number |
|---|---|
| 920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | H12CP10013097A |

| Name of petitioner | Name of child or youth | Date of birth |
|---|---|---|
| ROCKVILLE MANCHESTER DCF | G████ █ | 12/██/2000 |

| Name of father | Address of father |
|---|---|
| DOUGLAS WIRTH | 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |

| Name of mother | Address of mother |
|---|---|
| GEORGE HARASZ | 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |

| Name of guardian (if applicable) | Address of guardian (if applicable) |
|---|---|
| | |

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the child or youth named above:

## Adjudication

The court finds the child or youth: ☐ Neglected   ☐ Uncared for   ☐ Abused   **or**

☒ The court has found the child or youth ☒ Neglected   ☐ Uncared for   ☐ Abused   **on** 01/10/2011

## Reasonable Efforts Finding *(if necessary)*

Continuation in the home is *contrary to the welfare* of the child or youth and

☐ Voluntary placement

    ☐ Such out-of-home placement is in the best interests of the child/youth.

☒ Reasonable efforts to *prevent removal* finding:

    ☒ Reasonable efforts to prevent or eliminate the need for removal of the child or youth were made by the state.

    ☐ Reasonable efforts to prevent or eliminate the need for removal of the child or youth from the home were not possible.

    ☐ Reasonable efforts were not made.

## Disposition

1. ☐ The court finds that the following disposition is in the best interest of the child or youth:   **or**

2. ☒ The court grants the motion to reopen and modify the prior disposition in this case, and finds  the following modified disposition to be in the best interest of the child or youth:

☒ A. Commitment The child or youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of the child or youth according to the statutes in such cases. Commitment is effective  09/06/2011   .

☐ B. Protective Supervision Continuation in the home is not contrary to the best interest of the child or youth. The Commissioner of Children and Families shall provide Protective Supervision for the child or youth effective _____ until _____ . Child's place of abode is with (name) _____ who is a suitable and worthy person.

 

☐ **C. Custody/Guardianship** The ☐ custody ☐ guardianship of the child or youth is vested in
(name) _____ who is/are found to be suitable and worthy caretaker(s).

☐ Subject to an order of Protective Supervision for the child or youth
effective _____ until _____

☐ **D. Extension of protective supervision** The Commissioner of Children and Families shall provide    Protective
Supervision for the child or youth for an additional period effective _____ until _____

## Further Order Of The Court

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☒ The Commissioner of Children and Families shall file:

☐ A Status Report on or about _____

☒ A Motion for Review of Permanency Plan on or before    **11/05/2011**

A hearing to review the permanency plan shall be held on _____

☐ A Motion for:

☐ **Revocation/Transfer of Guardianship** no later than *(date)*: _____

☐ **Modification of disposition** no later than *(date)*: _____

A hearing to review said motion shall be held on *(date)*: _____

☐ A Petition for **Termination of Parental Rights** no later than *(date)*: _____

☐ An **In-Court Judicial Review** shall be held on *(date)*: _____

☐ Other orders:

| Name of Judge | Signed (Judge) | Date ordered |
|---|---|---|
| **HON JAMES M BENTIVEGNA** | | **09/06/2011** |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| Signed (Judge, Clerk) | At (Town) | On (Date) |
|---|---|---|
| | *Middletown* | 9-6-11 |

JD-JM-85 Rev. 7-11 (Page 2)

**ADJUDICATORY/DISPOSITIONAL ORDERS**
JD-JM-65 Rev. 7-11
C.G.S. §§ 46b-120, 121, 129, 17a-93(f)
Pr. Bk. Sec. 33-8, 33-9; PA 11-240

STATE OF CONNECTICUT
**SUPERIOR COURT**
JUVENILE MATTERS
www.jud.ct.gov



| Address of court | Docket number |
|---|---|
| **920 BROAD STREET, P.O. BOX 5219, STATION A HARTFORD, CT 06106** | **H12CP10013098A** |

| Name of petitioner | Name of child or youth | Date of birth |
|---|---|---|
| **ROCKVILLE MANCHESTER DCF** | T███████ H████ | 01█2003 |

| Name of father | Address of father |
|---|---|
| **GEORGE HARASZ** | **185 WILLIAMS STREET EXT GLASTONBURY, CT 06033** |

| Name of mother | Address of mother |
|---|---|
| | |

| Name of guardian (if applicable) | Address of guardian (if applicable) |
|---|---|
| | |

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the child or youth named above:

## Adjudication

The court finds the child or youth: ☐ Neglected ☐ Uncared for ☐ Abused **or**

☒ The court has found the child or youth: ☒ Neglected ☐ Uncared for ☐ Abused on <u>01/10/2011</u>

## Reasonable Efforts Finding *(If necessary)*

Continuation in the home is *contrary to the welfare* of the child or youth and

☐ Voluntary placement

☐ Such out-of-home placement is in the best interests of the child/youth.

☒ Reasonable efforts to *prevent removal* finding:

☒ Reasonable efforts to prevent or eliminate the need for removal of the child or youth were made by the state.

☐ Reasonable efforts to prevent or eliminate the need for removal of the child or youth from the home were not possible.

☐ Reasonable efforts were not made.

## Disposition

1. ☐ The court finds that the following disposition is in the best interest of the child or youth:   **or**

2. ☒ The court grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child or youth:

☒ A. Commitment The child or youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of the child or youth according to the statutes in such cases. Commitment is effective <u>09/06/2011</u>.

☐ B. Protective Supervision Continuation in the home is not contrary to the best interest of the child or youth. The Commissioner of Children and Families shall provide Protective Supervision for the child or youth effective _____ until _____ . Child's place of abode is with (name) _____ who is a suitable and worthy person.

 

☐ C. Custody/Guardianship The ☐ custody ☐ guardianship of the child or youth is vested in
(name) _____ who is/are found to be suitable and worthy caretaker(s).

    ☐ Subject to an order of Protective Supervision for the child or youth
    effective _____ until _____.

☐ D. Extension of protective supervision The Commissioner of Children and Families shall provide   Protective
Supervision for the child or youth for an additional period effective _____ until _____.

## Further Order Of The Court

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☒ The Commissioner of Children and Families shall file:

    ☐ A Status Report on or about _____

    ☒ A Motion for Review of Permanency Plan on or before   **11/05/2011**

    A hearing to review the permanency plan shall be held on _____

☐ A Motion for:

    ☐ Revocation/Transfer of Guardianship no later than *(date):* _____

    ☐ Modification of disposition no later than *(date):* _____

    A hearing to review said motion shall be held on *(date):* _____

    ☐ A Petition for Termination of Parental Rights no later than *(date):* _____

☐ An In-Court Judicial Review shall be held on *(date):* _____

☐ Other orders:

| Name of Judge | Signed (Judge) | | Date ordered |
|---|---|---|---|
| **HON JAMES M BENTIVEGNA** | | | **09/06/2011** |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| Signed (Asst. Clerk) | At (Town) | On (Date) |
|---|---|---|
| *Teri Ferrisi* | Middletown | 9-6-11 |

JD-JM-65 Rev. 7-11 (Page 2)

**ADJUDICATORY/DISPOSITIONAL
ORDERS**
JD-JM-65 Rev. 7-11
C.G.S. §§ 46b-120, 121, 129j, 17a-93(f)
Pr. Bk. Sec. 33-8, 33-9; PA 11-240

STATE OF CONNECTICUT
**SUPERIOR COURT
JUVENILE MATTERS**
www.jud.ct.gov



| Address of court | | Docket number |
|---|---|---|
| 920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | | H12CP10013099A |

| Name of petitioner | Name of child or youth | Date of birth |
|---|---|---|
| ROCKVILLE MANCHESTER DCF | CH█████ H██████ | 10/██/2004 |

| Name of father | Address of father |
|---|---|
| DOUGLAS WIRTH | 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |

| Name of mother | Address of mother |
|---|---|
| GEORGE HARASZ | 185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 |

| Name of guardian (if applicable) | Address of guardian (if applicable) |
|---|---|
| | |

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the child or youth named above:

## Adjudication

The court finds the child or youth: ☐ Neglected  ☐ Uncared for  ☐ Abused  **or**

☒ The court has found the child or youth: ☒ Neglected  ☐ Uncared for  ☐ Abused  on <u>01/10/2011</u>.

## Reasonable Efforts Finding *(if necessary)*

Continuation in the home is *contrary to the welfare* of the child or youth and

☐ Voluntary placement

☐ Such out-of-home placement is in the best interests of the child/youth.

☒ Reasonable efforts to *prevent removal* finding:

☒ Reasonable efforts to prevent or eliminate the need for removal of the child or youth were made by the state.

☐ Reasonable efforts to prevent or eliminate the need for removal of the child or youth from the home were not possible.

☐ Reasonable efforts were not made.

## Disposition

1. ☐ The court finds that the following disposition is in the best interest of the child or youth:  **or**

2. ☒ The court grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child or youth:

☒ **A. Commitment** The child or youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of the child or youth according to the statutes in such cases. Commitment is effective <u>09/08/2011</u>.

☐ **B. Protective Supervision Continuation** in the home is not contrary to the best interest of the child or youth. The Commissioner of Children and Families shall provide Protective Supervision for the child or youth effective _____ until _____ . Child's place of abode is with _____
(name) _____ who is a suitable and worthy person.

 

C. Custody/Guardianship The ☐ custody ☐ guardianship of the child or youth is vested in
(name) _____ who is/are found to be suitable and worthy caretaker(s).

☐ Subject to an order of Protective Supervision for the child or youth
effective _____ until _____

☐ D. Extension of protective supervision The Commissioner of Children and Families shall provide   Protective
Supervision for the child or youth for an additional period effective _____ until _____.

## Further Order Of The Court

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☒ The Commissioner of Children and Families shall file:

☐ A Status Report on or about _____

☒ A Motion for Review of Permanency Plan on or before   11/05/2011

A hearing to review the permanency plan shall be held on _____.

☐ A Motion for: _____

☐ Revocation/Transfer of Guardianship no later than *(date):* _____

☐ Modification of disposition no later than *(date):* _____

A hearing to review said motion shall be held on *(date):* _____

☐ A Petition for Termination of Parental Rights no later than *(date):* _____

☐ An In-Court Judicial Review shall be held on *(date):* _____

☐ Other orders:

| Name of Judge | Signed (Judge) | | Date ordered |
|---|---|---|---|
| HON JAMES M BENTIVEGNA | | | 09/06/2011 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| Signed (by the Clerk) | At (Town) | On (Date) |
|---|---|---|
| | Middletown | 9-6-11 |

JD-JM-65 Rev. 7-11 (Page 2)

**ADJUDICATORY/DISPOSITIONAL
ORDERS**
JD-JM-65 Rev. 7-11
C.G.S. §§ 46b-120, 121, 129], 17a-93(f)
Pr. Bk. Sec. 33-8, 33-9; PA 11-240

STATE OF CONNECTICUT
**SUPERIOR COURT**
JUVENILE MATTERS
*www.jud.ct.gov*



| Address of court<br>920 BROAD STREET, P.O. BOX 6219, STATION A HARTFORD, CT 06106 | | Docket number<br>H12CP10013100A | |
|---|---|---|---|
| Name of petitioner<br>ROCKVILLE MANCHESTER DCF | Name of child or youth<br>CO⬛ H.⬛ | | Date of birth<br>08/⬛/2006 |
| Name of father<br>GEORGE HARASZ · | Address of father<br>185 WILLIAMS STREET EXT GLASTONBURY, CT 06033 | | |
| Name of mother | Address of mother<br>- | | |
| Name of guardian (if applicable)<br>· · | Address of guardian (if applicable)<br>· | | |

At a session of the Superior Court and in accordance with the provisions of the applicable statutes in such case, the court makes the following findings and enters the following orders in the best interest of the child or youth named above:

## Adjudication

The court finds the child or youth: ☐ Neglected ☐ Uncared for ☐ Abused or

☒ The court has found the child or youth: ☒ Neglected ☐ Uncared for ☐ Abused on 01/10/2011 .

## Reasonable Efforts Finding *(If necessary)*

Continuation in the home is *contrary to the welfare* of the child or youth and

☐ Voluntary placement

☐ Such out-of-home placement is in the best interests of the child/youth.

☒ Reasonable efforts to *prevent removal* finding:

☒ Reasonable efforts to prevent or eliminate the need for removal of the child or youth were made by the state.

☐ Reasonable efforts to prevent or eliminate the need for removal of the child or youth from the home were not possible.

☐ Reasonable efforts were not made.

## Disposition

1. ☐ The court finds that the following disposition is in the best interest of the child or youth:   or

2. ☒ The court grants the motion to reopen and modify the prior disposition in this case, and finds the following modified disposition to be in the best interest of the child or youth:

☒ A. **Commitment** The child or youth is committed until further order of the court to the Commissioner of Children and Families who shall be the guardian of the child or youth according to the statutes in such cases. Commitment is effective 09/08/2011 .

☐ B. **Protective Supervision** Continuation in the home is not contrary to the best interest of the child or youth. The Commissioner of Children and Families shall provide Protective Supervision for the child or youth effective _____ until _____ . Child's place of abode is with (name) _____ who is a suitable and worthy person.

Page 1 of 2

☐ C. Custody/Guardianship The ☐ custody ☐ guardianship of the child or youth is vested in
(name) _____ who is/are found to be suitable and worthy caretaker(s).

☐ Subject to an order of Protective Supervision for the child or youth
effective _____ until _____.

☐ D. Extension of protective supervision The Commissioner of Children and Families shall provide   Protective.
Supervision for the child or youth for an additional period effective _____ until _____.

## Further Order Of The Court

☐ The above order incorporates the services and steps enumerated in the attached Specific Steps.

☒ The Commissioner of Children and Families shall file:

☐ A Status Report on or about _____.

☒ A Motion for Review of Permanency Plan on or before    11/05/2011 .

A hearing to review the permanency plan shall be held on _____.

☐ A Motion for:

☐ Revocation/Transfer of Guardianship no later than *(date):* _____.

☐ Modification of disposition no later than *(date):* _____.

A hearing to review said motion shall be held on *(date):* _____.

☐ A Petition for Termination of Parental Rights no later than *(date):* _____.

☐ An In-Court Judicial Review shall be held on *(date):* _____.

☐ Other orders:

| Name of Judge | Signed (Judge) | Date ordered |
|---|---|---|
| HON JAMES M BENTIVEGNA | | 09/08/2011 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families.

| Signed (Deputy Clerk) | At (Town) | On (Date) |
|---|---|---|
| Ferruse | Middletown | 9-6-11 |

JD-JM-35 Rev. 7-11 (Page 2)

**ORDER, TERMINATION OF PARENTAL
RIGHTS AND APPOINTMENT OF
STATUTORY PARENT/GUARDIAN**
JD-JM-31 Rev. 10-12
C.G.S. §§ 17a-42(b), 17a-111b, 17a-112, 45a-715, 45a-717(f), (g), (h), (k)
PA 12-82, Sec. 16;
Pr. Bk. 890. 35a-19(e)

STATE OF CONNECTICUT
SUPERIOR COURT
JUVENILE MATTERS
www.jud.ct.gov



| Address of court | | Docket number |
|---|---|---|
| CHILD PROTECTION SESSION, 1 COURT STREET, MIDDLETOWN, CT 06457 | | H12-CP10-13096-A |

| Name of petitioner | Name of child/youth | Date of birth |
|---|---|---|
| DEPARTMENT OF CHILDREN AND FAMILIES | J▮▮▮H▮▮▮▮ | 09/▮▮/2000 |

| Name of father | Address of father |
|---|---|
| GEORGE HARASZ | 185 WILLIAMS STREET EXT., GLASTONBURY, CT 06033 |

| Name of mother | Address of mother |
|---|---|
| | |

| Name of guardian (if applicable) | Address of guardian (if applicable) |
|---|---|
| | |

At a session of the Superior Court upon notice and hearing on the petition by the party indicated above, requesting that the parental rights of the mother and/or father named above in the child or youth be terminated in conformity with the provisions of the Connecticut General Statutes and that a statutory parent or guardian be appointed, the court finds clear and convincing evidence that:

I.  ☐ DCF has made reasonable efforts to locate the  ☐ mother  ☐ father *(if applicable).*

☐ DCF has made reasonable efforts to reunify the child or youth with the  ☐ mother  ☐ father, or

☐ Mother  ☐ Father is/are unable or unwilling to benefit from reunification efforts.

☐ Reasonable efforts to reunify are not required for  ☐ mother  ☐ father as the court determined at a hearing in accordance with Section 17a-111b of the Connecticut General Statutes or determined at a trial on the petition that such efforts are not required.

II. **The court finds clear and convincing evidence of the following ground(s) for termination of parental rights:**

☒ The  ☐ mother  ☒ father of said child or youth voluntarily and knowingly consents to the termination of any parental rights with respect to the child or youth; or

☐ A. The child or youth has been abandoned by the  ☐ mother  ☐ father in the sense that the parent(s) failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child or youth.

☐ B1. The child or youth has been found in a prior proceeding to have been neglected, uncared for or abused AND the ☐ mother  ☐ father has/have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child or youth, he/she/they could assume a responsible position in the life of the child or youth, or

☐ B2. The child or youth is neglected, uncared for, or abused and has been in the custody of the Commissioner for at least 15 months and the parent has been provided specific steps to take to facilitate the return of the child or youth AND the  ☐ mother  ☐ father has/have failed to achieve the degree of personal rehabilitation that would encourage the belief that within a reasonable time, considering the age and needs of the child or youth, he/she/they could assume a responsible position in the life of the child or youth.

☐ C. The child or youth has been denied, by reason of an act or acts of commission or omission, including but not limited to, sexual molestation or exploitation, severe physical abuse or a pattern of abuse, by the ☐ mother  ☐ father the care, guidance or control necessary for his or her physical, educational, moral or emotional well being.

☐ D. There is no ongoing parent-child or parent-youth relationship with respect to the  ☐ mother ☐ father that ordinarily develops as a result of a parent having met on a day-to-day basis the physical, emotional, moral, and educational needs of the child or youth and to allow further time for the establishment or re-establishment of the parent-child or parent-youth relationship would be detrimental to the best interests of the child or youth.

*(Continued)*

☐ E. The ☐ mother ☐ father of the child, under the age of seven years who is neglected, uncared for or abused has/have failed, is/are unable or is/are unwilling to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of the child, such parent(s) could assume a responsible position in the life of the child and such parent's/parents' parental rights of another child were previously terminated in accordance with a petition filed by the Commissioner of the Department of Children and Families.

☐ F. The ☐ mother ☐ father has killed through deliberate, non-accidental act another child or youth of the parent or has requested, commanded, importuned, attempted, conspired, or solicited such killing or has committed an assault, through deliberate non-accidental act that resulted in serious bodily injury of another child or youth of the parent.

☐ G. The ☐ mother ☐ father was convicted as an adult or a delinquent by a court of competent jurisdiction of a sexual assault resulting in the conception of the child/youth, except a conviction for a violation of section 53a-71 OR 63a-73a of the Connecticut General Statutes.

III. ☒ The court finds clear and convincing evidence that termination of parental rights is in the best interest of the child or youth.

## Order

It is therefore ordered that the parental rights of the ☐ mother ☒ father named above in the child or youth are terminated in accordance with the Connecticut General Statutes.

1. ☒ The statutory parent for the child or youth shall be the Commissioner of the Department of Children and Families,

    **or**

    ☐ The guardian of the person of the child or youth shall be the *(Name and address):*

2. The statutory parent or guardian shall file a case plan not later than (30 days after date of judgment) and at least every three months thereafter shall file a report or treatment plan/administrative review on the implementation of the plan.

| Case plan due date |
| --- |
| 11/05/2012 |

3. A hearing to review the permanency plan shall be convened and conducted no more than 12 months from the date of judgment or from the date of the last permanency plan hearing, whichever is earlier and at least once a year thereafter while the child or youth remains in the custody of the Commissioner of Children and Families.

| Hearing date |
| --- |
| 11/20/2012 |

4. ☐ The court approves the cooperative post-adoption agreement attached hereto and made a part hereof.

5. ☐ The Department of Children and Families shall place the child on the photo-list within 30 days of the termination of parental rights.

6. ☒ If an adoption occurs in the Probate Court, the Clerk of the Probate Court shall notify in writing the Deputy Chief Clerk of the Superior Court for Juvenile Matters at   **HARTFORD** _____ *(location)* of the date when the adoption is finalized.

| Name of Judge | Signed (Judge) | Date of order | Date signed |
| --- | --- | --- | --- |
| NINA F. ELGO | *[signature]* | 10/04/2012 | 10/04/2012 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families and *(if applicable)* to the Probate Court at: _____

| Signed (Judge, Clerk) | At (Town) | On (Date) |
| --- | --- | --- |
| *[signature]* | *Middletown* | 10/11/12 |

**ORDER, TERMINATION OF PARENTAL**
**RIGHTS AND APPOINTMENT OF**
**STATUTORY PARENT/GUARDIAN**
JD-JM-31 Rev. 10-12
C.G.S. §§ 17a-42(b), 17a-111b, 17a-112, 45a-715, 45a-717(f), (g), (h), (K)
PA 12-82, Sec. 16,
Pr. Bk. sec. 35e-19(a)

STATE OF CONNECTICUT
SUPERIOR COURT
JUVENILE MATTERS
*www.jud.ct.gov*



| Address of court | | Docket number |
|---|---|---|
| CHILD PROTECTION SESSION, 1 COURT STREET, MIDDLETOWN, CT 06457 | | H12-CP10-13097-A |
| Name of petitioner | Name of child/youth | Date of birth |
| DEPARTMENT OF CHILDREN AND FAMILIES | G███ H█ | 12/██/2009 |
| Name of father | Address of father | |
| GEORGE HARASZ | 185 WILLIAMS STREET EXT., GLASTONBURY, CT 06033 | |
| Name of mother | Address of mother | |
| | | |
| Name of guardian *(if applicable)* | Address of guardian *(if applicable)* | |
| | | |

At a session of the Superior Court upon notice and hearing on the petition by the party indicated above, requesting that the parental rights of the mother and/or father named above in the child or youth be terminated in conformity with the provisions of the Connecticut General Statutes and that a statutory parent or guardian be appointed, the court finds clear and convincing evidence that:

**I.** ☐ DCF has made reasonable efforts to locate the ☐ mother ☐ father *(if applicable)*.

☐ DCF has made reasonable efforts to reunify the child or youth with the ☐ mother ☐ father, or

☐ Mother ☐ Father is/are unable or unwilling to benefit from reunification efforts.

☐ Reasonable efforts to reunify are not required for ☐ mother ☐ father as the court determined at a hearing in accordance with Section 17a-111b of the Connecticut General Statutes or determined at a trial on the petition that such efforts are not required.

**II.** The court finds clear and convincing evidence of the following ground(s) for termination of parental rights:

☒ The ☐ mother ☒ father of said child or youth voluntarily and knowingly consents to the termination of any parental rights with respect to the child or youth; or

☐ **A.** The child or youth has been abandoned by the ☐ mother ☐ father in the sense that the parent(s) failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child or youth.

☐ **B1.** The child or youth has been found in a prior proceeding to have been neglected, uncared for or abused AND the ☐ mother ☐ father has/have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child or youth, he/she/they could assume a responsible position in the life of the child or youth, or

☐ **B2.** The child or youth is neglected, uncared for, or abused and has been in the custody of the Commissioner for at least 15 months and the parent has been provided specific steps to take to facilitate the return of the child or youth AND the ☐ mother ☐ father has/have failed to achieve the degree of personal rehabilitation that would encourage the belief that within a reasonable time, considering the age and needs of the child or youth, he/she/they could assume a responsible position in the life of the child or youth.

☐ **C.** The child or youth has been denied, by reason of an act or acts of commission or omission, including but not limited to, sexual molestation or exploitation, severe physical abuse or a pattern of abuse, by the ☐ mother ☐ father the care, guidance or control necessary for his or her physical, educational, moral or emotional well being.

☐ **D.** There is no ongoing parent-child or parent-youth relationship with respect to the ☐ mother ☐ father that ordinarily develops as a result of a parent having met on a day-to-day basis the physical, emotional, moral, and educational needs of the child or youth and to allow further time for the establishment or re-establishment of the parent-child or parent-youth relationship would be detrimental to the best interests of the child or youth.

*(Continued)*

☐ E. The ☐ mother ☐ father of the child, under the age of seven years who is neglected, uncared for or abused has/have failed, is/are unable or is/are unwilling to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of the child, such parent(s) could assume a responsible position in the life of the child and such parent's/parents' parental rights of another child were previously terminated in accordance with a petition filed by the Commissioner of the Department of Children and Families.

☐ F. The ☐ mother ☐ father has killed through deliberate, non-accidental act another child or youth of the parent or has requested, commanded, importuned, attempted, conspired, or solicited such killing or has committed an assault, through deliberate non-accidental act that resulted in serious bodily injury of another child or youth of the parent.

☐ G. The ☐ mother ☐ father was convicted as an adult or a delinquent by a court of competent jurisdiction of a sexual assault resulting in the conception of the child/youth, except a conviction for a violation of section 53a-71 OR 53a-73a of the Connecticut General Statutes.

III. ☒ The court finds clear and convincing evidence that termination of parental rights is in the best interest of the child or youth.

## Order

It is therefore ordered that the parental rights of the ☐ mother ☒ father named above in the child or youth are terminated in accordance with the Connecticut General Statutes.

1. ☒ The statutory parent for the child or youth shall be the Commissioner of the Department of Children and Families,
   or

   ☐ The guardian of the person of the child or youth shall be *(Name and address)*:

2. The statutory parent or guardian shall file a case plan not later than (30 days after date of judgment) and at least every three months thereafter shall file a report or treatment plan/administrative review on the implementation of the plan.

   | Case plan due date |
   |---|
   | 11/05/2012 |

3. A hearing to review the permanency plan shall be convened and conducted no more than 12 months from the date of judgment or from the date of the last permanency plan hearing, whichever is earlier and at least once a year thereafter while the child or youth remains in the custody of the Commissioner of Children and Families.

   | Hearing date |
   |---|
   | 11/20/2012 |

4. ☐ The court approves the cooperative post-adoption agreement attached hereto and made a part hereof.

5. ☐ The Department of Children and Families shall place the child on the photo-list within 30 days of the termination of parental rights.

6. ☒ If an adoption occurs in the Probate Court, the Clerk of the Probate Court shall notify in writing the Deputy Chief Clerk of the Superior Court for Juvenile Matters at **HARTFORD** *(location)* of the date when the adoption is finalized.

| Name of Judge | Signed (Judge) | Date of order | Date signed |
|---|---|---|---|
| NINA F. ELGO | | 10/04/2012 | 10/04/2012 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families and *(if applicable)* to the Probate Court at:

| Signed (Probate Clerk) | At (Town) | On (Date) |
|---|---|---|
| | Middletown | 10/4/12 |

JD-JM-31 (Back) Rev. 10-12

**ORDER, TERMINATION OF PARENTAL**
**RIGHTS AND APPOINTMENT OF**
**STATUTORY PARENT/GUARDIAN**
JD-JM-31 Rev. 10-12
C.G.S. §§ 17a-42(b), 17a-111b, 17a-112, 45a-715, 45a-717(f), (g), (h), (k)
PA 12-82, Sec. 16;
Pr. Bk. sec. 35a-19(a)

<div align="right">

STATE OF CONNECTICUT
SUPERIOR COURT
JUVENILE MATTERS
*www.jud.ct.gov*

</div>



| Address of court | | Docket number |
|---|---|---|
| CHILD PROTECTION SESSION, 1 COURT STREET, MIDDLETOWN, CT 06457 | | H12-CP10-13098-A |

| Name of petitioner | Name of child/youth | Date of birth |
|---|---|---|
| DEPARTMENT OF CHILDREN AND FAMILIES | T███████ H████ | 01██/2003 |

| Name of father | Address of father |
|---|---|
| GEORGE HARASZ | 185 WILLIAMS STREET EXT., GLASTONBURY, CT  06033 |

| Name of mother | Address of mother |
|---|---|
| | |

| Name of guardian *(if applicable)* | Address of guardian *(if applicable)* |
|---|---|
| | |

At a session of the Superior Court upon notice and hearing on the petition by the party indicated above, requesting that the parental rights of the mother and/or father named above in the child or youth be terminated in conformity with the provisions of the Connecticut General Statutes and that a statutory parent or guardian be appointed, the court finds clear and convincing evidence that:

I. ☐ DCF has made reasonable efforts to locate the ☐ mother ☐ father *(if applicable)*.

   ☐ DCF has made reasonable efforts to reunify the child or youth with the ☐ mother ☐ father, or

   ☐ Mother ☐ Father is/are unable or unwilling to benefit from reunification efforts.

   ☐ Reasonable efforts to reunify are not required for ☐ mother ☐ father as the court determined at a
      hearing in accordance with Section 17a-111b of the Connecticut General Statutes or determined at a trial on the
      petition that such efforts are not required.

II. **The court finds clear and convincing evidence of the following ground(s) for termination of parental rights:**

   ☒ The ☐ mother ☒ father of said child or youth voluntarily and knowingly consents to the termination of any
      parental rights with respect to the child or youth; or

   ☐ A. The child or youth has been abandoned by the ☐ mother ☐ father in the sense that the parent(s) failed
          to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child or youth.

   ☐ B1. The child or youth has been found in a prior proceeding to have been neglected, uncared for or abused AND the
          ☐ mother ☐ father has/have failed to achieve such degree of personal rehabilitation as would
          encourage the belief that within a reasonable time, considering the age and needs of the child or youth,
          he/she/they could assume a responsible position in the life of the child or youth, or

   ☐ B2. The child or youth is neglected, uncared for, or abused and has been in the custody of the Commissioner for at
          least 15 months and the parent has been provided specific steps to take to facilitate the return of the child or
          youth AND the ☐ mother ☐ father has/have failed to achieve the degree of personal rehabilitation that
          would encourage the belief that within a reasonable time, considering the age and needs of the child or youth,
          he/she/they could assume a responsible position in the life of the child or youth.

   ☐ C. The child or youth has been denied, by reason of an act or acts of commission or omission, including
          but not limited to, sexual molestation or exploitation, severe physical abuse or a pattern of abuse, by the
          ☐ mother ☐ father the care, guidance or control necessary for his or her physical, educational,
          moral or emotional well being.

   ☐ D. There is no ongoing parent-child or parent-youth relationship with respect to the ☐ mother ☐ father that ordinarily
          develops as a result of a parent having met on a day-to-day basis the physical, emotional, moral, and educational
          needs of the child or youth and to allow further time for the establishment or re-establishment of the parent-child or
          parent-youth relationship would be detrimental to the best interests of the child or youth.

*(Continued)*

☐ E. The ☐ mother ☐ father of the child, under the age of seven years who is neglected, uncared for or abused has/have failed, is/are unable or is/are unwilling to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of the child, such parent(s) could assume a responsible position in the life of the child and such parent's/parents' parental rights of another child were previously terminated in accordance with a petition filed by the Commissioner of the Department of Children and Families.

☐ F. The ☐ mother ☐ father has killed through deliberate, non-accidental act another child or youth of the parent or has requested, commanded, importuned, attempted, conspired, or solicited such killing or has committed an assault, through deliberate non-accidental act that resulted in serious bodily injury of another child or youth of the parent.

☐ G. The ☐ mother ☐ father was convicted as an adult or a delinquent by a court of competent jurisdiction of a sexual assault resulting in the conception of the child/youth, except a conviction for a violation of section 53a-71 OR 53a-73a of the Connecticut General Statutes.

III. ☒ The court finds clear and convincing evidence that termination of parental rights is in the best interest of the child or youth.

# Order

It is therefore ordered that the parental rights of the ☐ mother ☒ father named above in the child or youth are terminated in accordance with the Connecticut General Statutes.

1. ☒ The statutory parent for the child or youth shall be the Commissioner of the Department of Children and Families,

    or

    ☐ The guardian of the person of the child or youth shall be *(Name and address)*:

2. The statutory parent or guardian shall file a case plan not later than (30 days after date of judgment) and at least every three months thereafter shall file a report or treatment plan/administrative review on the implementation of the plan.

    | Case plan due date |
    | --- |
    | 11/05/2012 |

3. A hearing to review the permanency plan shall be convened and conducted no more than 12 months from the date of judgment or from the date of the last permanency plan hearing, whichever is earlier and at least once a year thereafter while the child or youth remains in the custody of the Commissioner of Children and Families.

    | Hearing date |
    | --- |
    | 11/20/2012 |

4. ☐ The court approves the cooperative post-adoption agreement attached hereto and made a part hereof.

5. ☐ The Department of Children and Families shall place the child on the photo-list within 30 days of the termination of parental rights.

6. ☒ If an adoption occurs in the Probate Court, the Clerk of the Probate Court shall notify in writing the Deputy Chief Clerk of the Superior Court for Juvenile Matters at    HARTFORD    *(location)* of the date when the adoption is finalized.

| Name of Judge | Signed (Judge) | Date of order | Date signed |
| --- | --- | --- | --- |
| NINA F. ELGO | | 10/04/2012 | 10/04/2012 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families and *(if applicable)* to the Probate Court at: _____

| Signed (Asst. Clerk) | At (Town) | On (Date) |
| --- | --- | --- |
| | | 10/19/12 |

JD-JM-91 (Back) Rev. 10-12

**ORDER, TERMINATION OF PARENTAL**
**RIGHTS AND APPOINTMENT OF**
**STATUTORY PARENT/GUARDIAN**
JD-JM-31 Rev. 10-12
C.G.S. §§ 17a-42(h), 17a-111b, 17a-112, 45a-715, 45a-717(f), (g), (h), (k)
PA 12-82, Sec. 15
Pr. Bk. sec. 35a-19(a)

STATE OF CONNECTICUT
SUPERIOR COURT
JUVENILE MATTERS
www.jud.ct.gov



| Address of court | Docket number |
|---|---|
| CHILD PROTECTION SESSION, 1 COURT STREET, MIDDLETOWN, CT 06457 | H12-CP10-13099-A |

| Name of petitioner | Name of child/youth | Date of birth |
|---|---|---|
| DEPARTMENT OF CHILDREN AND FAMILIES | CH███ H███████ | 10/██/2004 |

| Name of father | Address of father |
|---|---|
| GEORGE HARASZ | 185 WILLIAMS STREET EXT., GLASTONBURY, CT 06033 |

| Name of mother | Address of mother |
|---|---|
| | |

| Name of guardian (if applicable) | Address of guardian (if applicable) |
|---|---|
| | |

At a session of the Superior Court upon notice and hearing on the petition by the party indicated above, requesting that the parental rights of the mother and/or father named above in the child or youth be terminated in conformity with the provisions of the Connecticut General Statutes and that a statutory parent or guardian be appointed, the court finds clear and convincing evidence that:

I.   ☐ DCF has made reasonable efforts to locate the   ☐ mother  ☐ father *(if applicable)*.

☐ DCF has made reasonable efforts to reunify the child or youth with the   ☐ mother  ☐ father, or

~~☐ Mother  ☐ Father is/are unable or unwilling to benefit from reunification efforts.~~

☐ Reasonable efforts to reunify are not required for   ☐ mother  ☐ father as the court determined at a
hearing in accordance with Section 17a-111b of the Connecticut General Statutes or determined at a trial on the
petition that such efforts are not required.

II.  **The court finds clear and convincing evidence of the following ground(s) for termination of parental rights:**

☒ The  ☐ mother  ☒ father of said child or youth voluntarily and knowingly consents to the termination of any
parental rights with respect to the child or youth; or

☐ A. The child or youth has been abandoned by the   ☐ mother  ☐ father in the sense that the parent(s) failed
to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child or youth.

☐ B1. The child or youth has been found in a prior proceeding to have been neglected, uncared for or abused AND the
☐ mother  ☐ father has/have failed to achieve such degree of personal rehabilitation as would
encourage the belief that within a reasonable time, considering the age and needs of the child or youth,
he/she/they could assume a responsible position in the life of the child or youth, or

☐ B2. The child or youth is neglected, uncared for, or abused and has been in the custody of the Commissioner for at
least 15 months and the parent has been provided specific steps to take to facilitate the return of the child or
youth AND the  ☐ mother  ☐ father has/have failed to achieve the degree of personal rehabilitation that
would encourage the belief that within a reasonable time, considering the age and needs of the child or youth,
he/she/they could assume a responsible position in the life of the child or youth.

☐ C. The child or youth has been denied, by reason of an act or acts of commission or omission, including
but not limited to, sexual molestation or exploitation, severe physical abuse or a pattern of abuse, by the
☐ mother  ☐ father the care, guidance or control necessary for his or her physical, educational,
moral or emotional well being.

☐ D. There is no ongoing parent-child or parent-youth relationship with respect to the  ☐ mother ☐ father that ordinarily
develops as a result of a parent having met on a day-to-day basis the physical, emotional, moral, and educational
needs of the child or youth and to allow further time for the establishment or re-establishment of the parent-child or
parent-youth relationship would be detrimental to the best interests of the child or youth.

*(Continued)*

☐ E. The ☐ mother ☐ father of the child, under the age of seven years who is neglected, uncared for or abused has/have failed, is/are unable or is/are unwilling to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of the child, such parent(s) could assume a responsible position in the life of the child and such parent's/parents' parental rights of another child were previously terminated in accordance with a petition filed by the Commissioner of the Department of Children and Families.

☐ F. The ☐ mother ☐ father has killed through deliberate, non-accidental act another child or youth of the parent or has requested, commanded, importuned, attempted, conspired, or solicited such killing or has committed an assault, through deliberate non-accidental act that resulted in serious bodily injury of another child or youth of the parent.

☐ G. The ☐ mother ☐ father was convicted as an adult or a delinquent by a court of competent jurisdiction of a sexual assault resulting in the conception of the child/youth, except a conviction for a violation of section 53a-71 OR 53a-73a of the Connecticut General Statutes.

III. ☒ **The court finds clear and convincing evidence that termination of parental rights is in the best interest of the child or youth.**

## Order

~~It is therefore ordered that the parental rights of the~~ ☐ ~~mother~~ ☒ ~~father named above in the child or youth~~ are terminated in accordance with the Connecticut General Statutes.

1. ☒ The statutory parent for the child or youth shall be the Commissioner of the Department of Children and Families,

   or

   ☐ The guardian of the person of the child or youth shall be *(Name and address):*

2. The statutory parent or guardian shall file a case plan not later than (30 days after date of judgment) and at least every three months thereafter shall file a report or treatment plan/administrative review on the implementation of the plan.

   | Case plan due date |
   | --- |
   | 11/05/2012 |

3. A hearing to review the permanency plan shall be convened and conducted no more than 12 months from the date of judgment or from the date of the last permanency plan hearing, whichever is earlier and at least once a year thereafter while the child or youth remains in the custody of the Commissioner of Children and Families.

   | Hearing date |
   | --- |
   | 11/20/2012 |

4. ☐ The court approves the cooperative post-adoption agreement attached hereto and made a part hereof.

5. ☐ The Department of Children and Families shall place the child on the photo-list within 30 days of the termination of parental rights.

6. ☒ If an adoption occurs in the Probate Court, the Clerk of the Probate Court shall notify in writing the Deputy Chief Clerk of the Superior Court for Juvenile Matters at   HARTFORD   *(location)* of the date when the adoption is finalized.

| Name of Judge | Signed (Judge) | Date of order | Date signed |
| --- | --- | --- | --- |
| NINA F. ELGO | | 10/04/2012 | 10/04/2012 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families and *(if applicable)* to the Probate Court at: _____

| Signed (Judge, Clerk) | At (Town) | On (Date) |
| --- | --- | --- |
| | Middletown | 10/4/12 |

JD-JM-91 (Back) Rev. 10-12

**ORDER, TERMINATION OF PARENTAL
RIGHTS AND APPOINTMENT OF
STATUTORY PARENT/GUARDIAN**
JD-JM-81 Rev. 10-12
C.G.S. §§ 17a-42(b), 17a-111b, 17a-112, 45a-715, 45a-717(f), (g), (h), (k)
PA 12-82, Sec. 18;
Pr. Bk. sec. 35a-19(a)



**STATE OF CONNECTICUT
SUPERIOR COURT
JUVENILE MATTERS**
*www.jud.ct.gov*

| | |
|---|---|
| Address of court | Docket number. |
| CHILD PROTECTION SESSION, 1 COURT STREET, MIDDLETOWN, CT 06457 | H12-CP10-13100-A |

| Name of petitioner | Name of child/youth | Date of birth |
|---|---|---|
| DEPARTMENT OF CHILDREN AND FAMILIES | CO▓▓▓ H▓▓▓▓▓ | 08▓▓2006 |

| Name of father | Address of father |
|---|---|
| DOUGLAS WIRTH | 185 WILLIAMS STREET EXT., GLASTONBURY, CT 06033 |

| Name of mother | Address of mother |
|---|---|
| | |

| Name of guardian (if applicable) | Address of guardian (if applicable) |
|---|---|
| | |

At a session of the Superior Court upon notice and hearing on the petition by the party indicated above, requesting that the parental rights of the mother and/or father named above in the child or youth be terminated in conformity with the provisions of the Connecticut General Statutes and that a statutory parent or guardian be appointed, the court finds clear and convincing evidence that:

I. ☐ DCF has made reasonable efforts to locate the ☐ mother ☐ father *(if applicable).*

☐ DCF has made reasonable efforts to reunify the child or youth with the ☐ mother ☐ father, or

☐ Mother ☐ Father is/are unable or unwilling to benefit from reunification efforts.

☐ Reasonable efforts to reunify are not required for ☐ mother ☐ father as the court determined at a hearing in accordance with Section 17a-111b of the Connecticut General Statutes or determined at a trial on the petition that such efforts are not required.

II. **The court finds clear and convincing evidence of the following ground(s) for termination of parental rights:**

☒ The ☐ mother ☒ father of said child or youth voluntarily and knowingly consents to the termination of any parental rights with respect to the child or youth; or

☐ A. The child or youth has been abandoned by the ☐ mother ☐ father in the sense that the parent(s) failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child or youth.

☐ B1. The child or youth has been found in a prior proceeding to have been neglected, uncared for or abused AND the ☐ mother ☐ father has/have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child or youth, he/she/they could assume a responsible position in the life of the child or youth, or

☐ B2. The child or youth is neglected, uncared for, or abused and has been in the custody of the Commissioner for at least 15 months and the parent has been provided specific steps to take to facilitate the return of the child or youth AND the ☐ mother ☐ father has/have failed to achieve the degree of personal rehabilitation that would encourage the belief that within a reasonable time, considering the age and needs of the child or youth, he/she/they could assume a responsible position in the life of the child or youth.

☐ C. The child or youth has been denied, by reason of an act or acts of commission or omission, including but not limited to, sexual molestation or exploitation, severe physical abuse or a pattern of abuse, by the ☐ mother ☐ father the care, guidance or control necessary for his or her physical, educational, moral or emotional well being.

☐ D. There is no ongoing parent-child or parent-youth relationship with respect to the ☐ mother ☐ father that ordinarily develops as a result of a parent having met on a day-to-day basis the physical, emotional, moral, and educational needs of the child or youth and to allow further time for the establishment or re-establishment of the parent-child or parent-youth relationship would be detrimental to the best interests of the child or youth.

*(Continued)*

E. The ☐ mother ☐ father of the child, under the age of seven years who is neglected, uncared for or abused has/have failed, is/are unable or is/are unwilling to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of the child, such parent(s) could assume a responsible position in the life of the child and such parent's/parents' parental rights of another child were previously terminated in accordance with a petition filed by the Commissioner of the Department of Children and Families.

F. The ☐ mother ☐ father has killed through deliberate, non-accidental act another child or youth of the parent or has requested, commanded, importuned, attempted, conspired, or solicited such killing or has committed an assault, through deliberate non-accidental act that resulted in serious bodily injury of another child or youth of the parent.

G. The ☐ mother ☐ father was convicted as an adult or a delinquent by a court of competent jurisdiction of a sexual assault resulting in the conception of the child/youth, except a conviction for a violation of section 53a-71 OR 53a-73a of the Connecticut General Statutes.

III. ☒ The court finds clear and convincing evidence that termination of parental rights is in the best interest of the child or youth.

## Order

It is therefore ordered that the parental rights of the ☐ mother ☒ father named above in the child or youth are terminated in accordance with the Connecticut General Statutes.

1. ☒ The statutory parent for the child or youth shall be the Commissioner of the Department of Children and Families,
   **or**
   ☐ The guardian of the person of the child or youth shall be *(Name and address)*:

2. The statutory parent or guardian shall file a case plan not later than (30 days after date of judgment) and at least every three months thereafter shall file a report or treatment plan/administrative review on the implementation of the plan.

   | Case plan due date |
   | --- |
   | 11/05/2012 |

3. A hearing to review the permanency plan shall be convened and conducted no more than 12 months from the date of judgment or from the date of the last permanency plan hearing, whichever is earlier and at least once a year thereafter while the child or youth remains in the custody of the Commissioner of Children and Families.

   | Hearing date |
   | --- |
   | 11/20/2012 |

4. ☐ The court approves the cooperative post-adoption agreement attached hereto and made a part hereof.

5. ☐ The Department of Children and Families shall place the child on the photo-list within 30 days of the termination of parental rights.

6. ☒ If an adoption occurs in the Probate Court, the Clerk of the Probate Court shall notify in writing the Deputy Chief Clerk of the Superior Court for Juvenile Matters at  **HARTFORD**  *(location)* of the date when the adoption is finalized.

| Name of Judge | Signed *(Judge)* | Date of order | Date signed |
| --- | --- | --- | --- |
| NINA F. ELGO | | 10/04/2012 | 10/04/2012 |

The above and foregoing is a true copy of the order and was mailed to the Commissioner of Children and Families and *(if applicable)* to the Probate Court at: _____

| Signed *(Judge, Clerk)* | At *(Town)* | On *(Date)* |
| --- | --- | --- |
| | Middletown | 10/4/12 |

JD-JM-31 *(Back)* Rev. 10-12

# EXHIBIT B

ARREST WARRANT APPLICATION

| JD-CR-64b Rev. 10-04 C.G.S. 54-2a Pr. Bk. Sec. 36-1, 36-2, 36-3 | STATE OF CONNECTICUT SUPERIOR COURT WWW.JUD.STATE.CT.US | FOR COURT USE ONLY SUPPORTING AFFIDAVIT SEALED ☐ YES ☐ NO |
|---|---|---|

| | AGENCY NAME | | AGENCY NO. |
|---|---|---|---|
| 11-10021 | Glastonbury | | 054 |

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A. No. |
|---|---|---|
| George S. Harasz 185 Williams St E Glastonbury, CT w/m 08/08/63 | Manchester | 12 |

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the: ☐ AFFIDAVIT BELOW ☐ AFFIDAVIT(S) ATTACHED

| DATE AND SIGNATURE | Date 9/12/11 | SIGNED (Prosecuting Authority) | TYPE/PRINT NAME OF PROSECUTING AUTHORITY Pirella |
|---|---|---|---|

## AFFIDAVIT

The undersigned affiant, being duly sworn, deposes and says:

1. THAT, the affiant, Agent James A. Kennedy, is a sworn police officer of the Glastonbury Police Department and has been a member of said Department for over 12 years, prior to the date hereof and at all times mentioned herein was acting as a member of said Department and the following facts and circumstances are stated from personal knowledge and observations as well as information received from other police officers acting in their official capacity and from official reports.

2. THAT, the name and address of the victim will not be disclosed in accordance with C.G.S 54-86e and will herein be referred to as the victim. The victim in this case is a 5 year old male.

3. THAT, on 08/09/11 the affiant received a call from the State of Connecticut Department of Children and Families, intake worker Karen Ginand, reporting a disclosure of sexual abuse. Ginand advised the affiant that the report came from a psychologist, Dr. Carol Kagel, who reported that the victim disclosed being sexually abused at the hands of George S. Harasz of 185 Williams St E Glastonbury, CT 08/08/63. The affiant was assigned to investigate.

| (This is page 1 of 5 pages Affidavit.) See attached pages for continuation of Affidavit) | | |
|---|---|---|
| DATE AND SIGNATURE | DATE 9/11/11 | SIGNED (Affiant) AG James a. 342 |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 9/11/11 | SIGNED (Judge, Clerk, Comm. Sup. Ct. Notary Pub.) SLS Maurice 1 Ramos 158 |

## FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE AND SIGNATURE | SIGNED AT (City or Town) Manchester | ON (Date) NOV 22 2011 | SIGNED (Judge / Judge Trial Referee) C. Taylor | NAME OF JUDGE/JUDGE TRIAL REFEREE |
|---|---|---|---|---|

ARREST WARRANT AFFIDAVIT
CONTINUATION PAGE
JD-CR-64a Rev. 10-04
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3  11-10021

**INSTRUCTIONS:**
The jurat is to be completed for each page of the affidavit
The prosecutorial official and judge/judge trial referee are to date
and sign or initial each page to indicate they have reviewed it

STATE OF CONNECTICUT
SUPERIOR COURT

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(TOWN)* | G.A. NO. |
|---|---|---|
| George S Harasz 185 Williams St E Glastonbury, CT 08/08/63 w/m | Manchester | 12 |

## AFFIDAVIT

The undersigned affiant, being duly sworn, deposes and says:

4. THAT, the victim in this case is currently in foster care and has been since 02/09/11. The victim was removed from 185 Williams St E Glastonbury, CT after allegations of sexual abuse was reported by another sibling youth. The suspect in that investigation was George Harasz.. In that case, a warrant was submitted by Sgt. William Trantalis and it was returned with questions from the judge. The victim in that case did not want to speak further and the case was closed but has been re-opened.

5. THAT, George Harasz has 8 adopted male children, the victim age 5, ▓▓▓▓▓ age 6, ▓▓▓▓▓ age 8, ▓▓▓▓▓ age 10, ▓▓▓▓▓ age 10, ▓▓▓▓▓ age 16 , Nelson age 20 , ▓▓▓▓▓ age 17 and Carlos age 18. All of the minor children are still in the custody of foster care at this time.

6. THAT, on 08/03/11 the victim attended his ninth therapy session with Dr.Kagel. At the beginning of the session the victim grabbed two baby dolls in her office and began to disclose. The victim said, "Daddy" and the doctor asked which Daddy, since the victim has 2 male parents. The victim said "George". The victim then said "put it in my butt". The victim indicated that it hurt. Dr. Kagel asked what was put in his butt and the victim said, "penis". The victim then went on to explain that he was sleeping and screamed real loud. The victim became distracted and Dr.Kagel tried to reengage the conversation and the victim said, "I am done, call the police, stop Daddy. He keeps holding my penis".

7 THAT, as a result of this disclosure, the affiant made contact with DCF Social Worker Shannon Kiss and the victim was set up with a forensic Interview at Saint Francis Hospital. The affiant obtained further history on the victim and learned that 2 months ago, the victim was caught in the bathroom of a Bright Horizon daycare, masturbating. The victim's foster mother, ▓▓▓▓▓▓▓ of ▓▓▓▓▓▓▓▓▓▓▓▓▓ CT d.o.b▓▓▓▓▓ reported that she caught the victim and his brother wrestling and trying to push their heads toward their genitals. When the victim came into foster care at the Village for Families and Children, he had bathing issues. The victim shouted, "No Daddy No, are you going to hurt me now", while being given a bath.

8. THAT the affiant observed the forensic interview of the victim through a one way glass mirror. The victim was asked who he lives with and he said, "Daddy" and "Dad". The victim said that "Daddy" is Daddy Harasz". The victim identifies his penis as his "Weiner". The victim complains of a headache when he starts to talk about what "Daddy" does to him. The victim said that he gets in trouble and has to sit on the steps. The victim then pointed to

(This is page __2__ of a __5__ page Affidavit)

| DATE AND SIGNATURE | DATE | 9/1/11 | SIGNED *(Affiant)* AGT _____ 342 |
|---|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BE FORE ME ON *(Date)* 9/1/11 | | SIGNED *(Judge/Clerk Comm'r, Sup., Notary Public)* 565 Burneau / Armours 998 |
| REVIEWED *(Prosecutorial Official)* | | DATE 9/8/11 | REVIEWED *(Judge/Judge Trial referee)* C. Taylor  NOV 22 2011 |

ARREST WARRANT AFFIDAVIT
CONTINUATION PAGE
JD-CR-64a Rev. 10-04
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3   11-10021

INSTRUCTIONS:
The jurat is to be completed for each page of the affidavit
The prosecutorial official and judge/judge trial referee are to date
and sign or initial each page to indicate they have reviewed it

STATE OF CONNECTICUT
SUPERIOR COURT

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(TOWN)* | G.A. NO. |
|---|---|---|
| George S Harasz 185 Williams St E Glastonbury, CT 08/08/63 w/m | Manchester | 12 |

## AFFIDAVIT

The undersigned affiant, being duly sworn, deposes and says:

his "Weiner" and he said that ▓▓▓▓made him touch his "Weiner". The victim said that "Daddy grabbed his
weiner" and the victim yelled, "stop it daddy".

9 THAT, on Friday August 12, 2011, the victim was being driven to daycare and the victim asked his foster mother
the following:

*Victim: Did you call Miss Ann today? (Referring to Ann Glasier, who conducted the forensic interview)

*▓▓▓▓▓▓ (Foster Mother): To tell her that Liz, who is the DCF worker, and I are taking care of you and keeping
you safe?

*Victim: Yes

▓▓▓▓ Not yet, I thought you wanted me to call her on the phone today. Did you think of more you wanted me to
tell her?

*Victim: Daddy spanked me.

▓▓▓▓ Yes, I will tell her.

*Victim: And my Weiner.

▓▓▓▓ What about it?

*Victim: ▓▓▓▓▓ was pulling it around and around.

▓▓▓▓Where were you?

*Victim: In the bathroom. ▓▓▓▓ and ▓▓▓ were in time out so they could not help me. Daddy came and said
"Stop it ▓▓▓▓"

▓▓▓▓ That must have hurt. I am sorry someone hurt you.

*(This is page  3  of  5  page Affidavit)*

| DATE AND SIGNATURE | DATE 9/1/11 | SIGNED *(Affiant)* AGf ▓▓▓▓▓ 342 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* 9/1/11 | SIGNED *(Judge/Clerk, Comm. Sup., Notary Public)* S.E. ▓▓▓▓▓ ▓▓▓▓▓ 588 |
| REVIEWED *(Prosecutorial official)* ▓▓▓▓▓ | DATE 9/12/11 | REVIEWED *(Judge/Judge Trial referee)* C. ▓▓▓▓ | DATE NOV 2 2 2011 |

ARREST WARRANT AFFIDAVIT
CONTINUATION PAGE
JD-CR-64a Rev. 10-04
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3   11-10021

**INSTRUCTIONS:**
The jurat is to be completed for each page of the affidavit
The prosecutorial official and judge/judge trial referee are to date
and sign or initial each page to indicate they have reviewed it

STATE OF CONNECTICUT
SUPERIOR COURT

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(TOWN)* | G.A. NO. |
|---|---|---|
| George S Harasz 185 Williams St E Glastonbury, CT 08/08/63 w/m | Manchester | 12 |

## AFFIDAVIT

The undersigned affiant, being duly sworn, deposes and says:

*Victim: Daddy did but I didn't tell anyone.

████ That's ok, I understand.

*Victim: He put his weiner in my butt.

████ I am sorry that must have hurt.

*Victim: I cried and said Daddy you are hurting me.

Then the victim shut down after arriving at daycare.

10. THAT, on 08/16/11 DCF Social Worker Liz Ferreira contacted the affiant to report more disclosures made by the victim. Ferreira told the affiant that on this date she had a supervised sibling meeting with the victim and his brothers, ████████████And████████ The victim went to Ferreira and took her by the hand and asked to talk to her.

11 THAT, the victim said "Daddy and Dad just spank my butt and I don't like it". The victim was asked "where were you when this happened?" the victim replied, "at Daddy's office". Victim was asked who was there and the victim replied, "just me in there", Victim was asked what happened in Daddy's office? The victim said, "Daddy close the door, lock it, turn off the lights (pause), I was scared". Victim was asked what happened next and the victim said, "all that stuff", he was asked what stuff? The victim said, "Daddy stayed with me, fighting me around, (the victim then screamed "stop it daddy" out loud), poking me around, poking me on the ground, I got up and locked the door, I am scared of Daddy". Ferreira confirmed that the victim refers to George Harasz as "Daddy". The affiant learned from the victim's brother, who is a victim in another case, that "daddy's office" is on the second floor of the residence at 185 William St E Glastonbury, CT.

12. THAT the victim continued to disclose information to Ferreira. The victim said, "Daddy take a bath with me". Then he abruptly wanted to stop talking. The conversation ended and the victim then re-engaged and wanted to talk again. The victim began saying, "I want to die" over and over to Ferreira. The victim said "It hurts" and he was asked what hurts. The victim said "My Daddy". He went on to say, "I want to die, it hurts", "I don't like it". When asked what hurt he said, "Daddy's weiner, disgusting". The victim was asked what was disgusting and the Victim stated "I don't know, it is big and shiny". The victim continued with, "I want to die" and "It hurts".

| (This is page 4 of 5 page Affidavit) | | |
|---|---|---|
| DATE AND SIGNATURE | DATE 9/1/11 | SIGNED *(Affiant)* AGT ████ 342 |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* 9/1/11 | SIGNED *(Judge/Clerk, Comm. Sup., Notary Public)* Sta. Nieman Trombley 558 |
| REVIEWED *(Prosecutorial Official)* ████ | DATE 9/12/11 | REVIEWED *(Judge/Judge Trial referee)* C. Taylor   DATE NOV 2 2 2011 |

ARREST WARRANT AFFIDAVIT
CONTINUATION PAGE
JD-CR-64a Rev. 10-04
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3   11-10021

**INSTRUCTIONS:**
The jurat is to be completed for each page of the affidavit
The prosecutorial official and judge/judge trial referee are to date
and sign or initial each page to indicate they have reviewed it

STATE OF CONNECTICUT
SUPERIOR COURT

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (TOWN) | G.A. NO. |
|---|---|---|
| George S Harasz 185 Williams St E Glastonbury, CT 08/08/63 w/m | Manchester | 12 |

## AFFIDAVIT

The undersigned affiant, being duly sworn, deposes and says:

13. THAT the victim has been out of the home and away from Daddy and Dad since February 9, 2011. The victim did not come from an abused home like many of the other adopted children in the family. The victim came to George Harasz as an infant. The victim complains of a headache just prior to disclosing things about "Daddy". The affiant had observed how the victim's demeanor changes and he yells, as if to imitate how "Daddy" yells.

14. THAT, the victim in this case remained consistent in what he discloses. The victim consistently would complain of a headache just prior to him disclosing a new piece of information. On 08/03/11 the victim disclosed that "Daddy", identified as George Harasz, said "George put it in my butt". When asked what was put in his but he said "Penis". The victim also said that Daddy keeps holding my penis. (Sexual Assault in the First Degree and Sexual Assault in the Fourth Degree and 2 counts of Risk of Injury to a Minor) During the forensic interview on 08/11/11, the victim stated again, "Daddy grabbed his weiner", then the victim yelled "Stop it Daddy". On 08/12/11 the victim in an unsolicited conversation with his foster mother said, that Daddy put his weiner in my butt.

15. THAT, on 08/16/11 the victim made another unsolicited disclosure to DCF Social Worker Ferreira. The victim said, "I want to die" and "it hurts". When asked what hurts the victim said, "My Daddy". The victim kept saying, "it hurts" and when asked what hurts the victim said, "Daddy's weiner, disgusting". When the victim was asked what was disgusting the victim said, "I don't know, it is big and shiny". The victim came to George Harasz as an infant and lived at 185 Williams St E Glastonbury, CT. The victim's brother disclosed the same type of sexual assault and reported that George Harasz and his other father were the perpetrators.

16. Wherefore, the affiant states there is probable cause to believe the said George S. Harasz d.o.b 08/08/63, of 185 Williams St E Glastonbury, CT did commit the crime of Sexual Assault in the First Degree 53a-70, Sexual Assault in the Fourth Degree 53a-73a and Injury or Risk of Injury to, or Impairing the Morals of a minor (2 counts), in violation of the General Statutes of Connecticut.

(This is page 5 of a 5 page Affidavit)

| DATE AND SIGNATURE | DATE 9/1/11 | SIGNED (Affiant) AGT 842 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BE FORE ME ON (Date) 9/1/16 | SIGNED (Judge/Clerk/Comm. Sup., Notary Public) 398 |
| REVIEWED (Prosecutorial Official) | DATE 9/12/11 | REVIEWED (Judge/Judge Trial referee) G. Taylor    DATE NOV 22 2011 |

**ARREST WARRANT APPLICATION**
JD-CR-64b   Rev. 5-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

| For Court Use Only |
|---|
| Supporting Affidavits sealed |
| ☐ Yes   ☐ No |

| Police Case number | Agency name | Agency number |
|---|---|---|
| Gpd 11-001752 | Glastonbury Police Department | 054 |

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Harasz, George, S | Glastonbury | Manchester | 12 |

## Application For Arrest Warrant

To: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the:   ☒ Affidavit Below.   ☐ Affidavit(s) Attached.

| Date | Signed (Prosecutorial Official) | Type/print Name of prosecuting authority |
|---|---|---|
| 9/27/11 | | Pirvella |

## Affidavit

The undersigned affiant, being duly sworn, deposes and says:

1) That the affiant is a sworn police officer of the Glastonbury Police Department and has been for 25 years. At all times mentioned herein, the affiant was acting as a member of said department. The following facts and circumstances are stated from personal knowledge and observations as well as information received from other officers and/or State of Connecticut agency employees acting in their official capacities.

2) That on February 8, 2011 at about 10:00 am, the Glastonbury Police Department received a complaint of sexual assault from Investigator Catherine Vera of the State of Connecticut Department of Children and Families, (DCF), 364 West Middle Tpke, Manchester, Ct. The affiant was assigned as the investigating officer.

3) That the name and address of the victim will not be disclosed in accordance with Connecticut General Statute 54-86e and will herein be referred to as the victim. At the time of this complaint the victim was a 15 year old male. The criminal incidents occurred between the ages 8 and 15 years of age.

4) That on February 7, 2011, Investigator Vera met and spoke with the 15 year old victim, and obtained the following information. That the victim disclosed that from ages 10 to about age 14, his adoptive father, George Harasz, of 185 William St. East, Glastonbury Ct, date of birth 08/08/63 would enter into the shower while he was using it. George would be naked and ask the victim to touch his penis. The victim would say no, and then would be disciplined by George until the victim complied. The victim also disclosed incidents which he described as the, "Daddy Trap". The victim stated he was made to get into George's bed and George would grab him and lock his legs around the victim and hold the victim's arms. George would then touch the victim's penis and buttocks under the victim's clothing. These incidents would last for minutes to hours and occurred on a continuing basis and occurred to the victim between the ages of 8 and 15 years of age.

(This is page 1 of a 8 page Affidavit.)

| Date | Signed (Affiant) |
|---|---|
| 9-1-11 | 365 William Francaus 4996 |

| Jurat | Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public) |
|---|---|---|
| | 9/1/11 | AOT |

## Finding

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| Date and Signature | Signed at (City or town) | On (Date) | Signed (Judge/Judge Trial Referee) | Name of Judge/Judge Trial Referee |
|---|---|---|---|---|
| | Manchester | 11/29/11 | Huger | Fuger |

**ARREST WARRANT APPLICATION**
JD-CR-64a  Rev. 6-10
C.G.I. § 54-2a
Pr. Bk. Sec. 36-1, 35-2, 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held in (Town) | Geographical Area number | 12 |
|---|---|---|---|---|
| Harasz, George, S | Glastonbury | Manchester | | |

**Affidavit - Continued**

George would tell the victim that everything would be okay. The victim knows his other adoptive father and George's partner, Douglas Wirth of 185 Williams St. East, Glastonbury Ct, date of birth 01/01/68, was aware and involved in this type of sexual contact but did nothing to stop it. The victim stated that the daddy trap stopped because he got older and stronger. The victim told investigator Vera how he had to massage George's buttocks as part of his punishments from the ages of 6 to 15. At times he was requested by George to massage his stomach area and very close to George's penis. The victim was scared that George would ask the victim to touch his penis but he never did. If at any time he refused to go along with George, he would be physically abused. The victim described Douglas Wirth as George's puppet and he would do anything asked of him by George. The victim also recalled that George told him, that what I do to you is not to be repeated and this is not what therapy is for. The victim feels comfortable now and this is why he disclosed the inappropriate sexual contact.

5) That on February 8, 2011, Investigator Vera and the affiant interviewed five other adoptive brothers living in the home at 185 Williams St. East who are between the ages 4 and 10. The first brother is 4 years old. He did not seem to understand all of the questions he was asked but did know what his private part was and identified it as his, "Wiener". He then pulled his wiener from his pants and stated another brother in the home pulls on his wiener and that his daddy wipes his wiener. During the interview he did not disclose any inappropriate sexual contact, but on August 8, 2011, Agent Kennedy of the Glastonbury Police Department did receive a referral from DCF reporting a sexual abuse disclosure reference this brother, (see paragraph 17 for additional details)

6) That the other 4 little brothers ▓▓▓▓▓▓▓▓▓▓, and ▓▓▓▓▓▓▓▓ (who are all between the ages 6-10) were all interviewed but none disclosed any inappropriate sexual contact. Several did say that they gave George and Douglas massages. At the conclusion of the interviews, the five brothers were removed from the Harasz home by DCF.

7) That on February 9, 2011, the victim agreed to a forensic interview at the St. Francis Childrens Advocacy Center. Lisa Murphy-Cipolla began the interview at about 12:24 p.m. The interview was video and audio taped and at the conclusion, the affiant was given a copy which was tagged and stored as evidence. During the interview the victim told Murphy-Cipolla following in response to their conversation;

The victim suffered on going sexual abuse at the hands of both George Harasz and Douglas Wirth. He gets emotional talking about the incidents as they cause flash backs, and loss of sleep. He thought that the sexual acts were normal for a family. Whatever George and Douglas were doing to the victim, they would always reassure him that they did it out of love. During the victims disclosure he reported the sexual contact/abuse was consistent and ongoing since he was a young boy.

One example of the abuse was the, "Daddy Trap". George would bring or call the victim to his

(This is page 2 of a 9 page Affidavit.)

| Date | 9/1/11 | Signed (Affiant) | Sgt. William ... 398 |
|---|---|---|---|
| Jurat | Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk/Commissioner of the Superior Court, Notary Public) | |
| | 9/1/11 | AGS ... 342 | |

**ARREST WARRANT APPLICATION**
JD-CR-64a Rev. 9-10
C.G.S. § 54-2a
Pr. Bk. § Sec. 36-1, 36-2, 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Harasz, George, S | Glastonbury | Manchester | 12 |

## Affidavit - Continued

bedroom, and lie down on the bed with the victim, wrapping his arms and legs around him. If the victim resisted, George would tighten his grip or physically slap the victim. The victim did not resist anymore after the first few times. George would stroke the victims head and reassure the victim everything would be alright. George would tell the victim that everything he does is because he loves the victim. George would rub the victims back, legs, and private areas. The victim felt he could not tell anyone as if he did, he would get his beaten up.

The victim also outlined incidents in which George would enter the shower with him. The first few times the victim tried to leave the shower but George would beat/slap him until the victim got back into the shower. George again reassured the victim that everything he does is because he loves the victim, and that he wanted to keep him safe. George would use soap and wash both their bodies including their genitals. The victim was also made to wash George's genitals and he was fearful of retaliation if he did not comply.

In early 2010 just prior to the victim leaving the home Douglas and George came home drunk with friends. The victim had to help his older brothers undress and help change the friend's clothes as well as George and Douglas. After helping they heard the younger brothers screaming and found George and Douglas lying in bed naked with the younger brothers. The victim and his brothers took George and Douglas back to their bedroom and locked them in. These types of incidents happened all the time and the victim hated weekends. One of the brothers in bedroom is the victim in Agt Kennedy's case who disclosed sexual contact at the hands of George.

The victim disclosed incidents involving massages. The victim was always told he had strong hand and George would make the victim massage him including his genitals. The victim was made to massage close to George's penis. He went on saying that Douglas would also shower with him and when not directly involved in the sexual acts, he was usually present.

When the victim starts mentioning his father's names he became somewhat emotional. He confirms the identity of his fathers as Douglas Wirth and George Harasz. He describes George as the parent or sergeant and Douglas as the follower. All the sexual abuse occurred in the bathrooms, victim's bedrooms and George and Douglas's bedroom. The sexual abuse started when he was 8 years old when they were living on Gregory Hill Rd in Glastonbury. Both George and Douglas would shower with him and George would put him into the daddy trap. The victim again confirms that both father would shower with him and would have to touch his parent's genitals. When the victim turned 14 years old he started to realize what George and Douglas were doing to him was wrong. After making this statement the victim became emotional again. The victim moved out of the Harasz home on March 22, 2010. The previous two years they lived on Williams St East in Glastonbury, and several months prior to that they lived in a hotel in Glastonbury. The sexual abuse, except for the massages, stopped while they lived at the hotel. During theses massages the victim was told to massage George's private areas, "I had to touch it". George would take the victim's hand and touch it, meaning his penis, then George would ask

(This is page 3 of a 5 page Affidavit.)

| Date | Signed (Affiant) |
|---|---|
| 9/1/11 | Sgt _____ Romance _____ |
| **Jurat** Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public) |
| 9/1/11 | Agt _____ = _____ SUC |
| _____ 9/29/11 | Reviewed (Judge of the Trial Referee) Finger | Date 11/29/11 |

ARREST WARRANT APPLICATION
JD-CR-64a  Rev. 8-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Harasz, George, S | Glastonbury | Manchester | 12 |

## Affidavit - Continued

the victim how it felt. Douglas also received these types of massages. The bedroom door would always be locked.

The victim again spoke about the Gregory Hill home. The victim talked about how George and Douglas would get into bed with the victim naked and touch the victim sexually and have the victim touch them sexually. The victim would have to put his hand on the fathers penises and the victim could feel the fathers getting hard.  The fathers would take the victim's hand and rub their penis' with it.

The victim is asked about being sodimized at the Williams St. house, between June 2008 and March of 2011. The victim explains that there were times when his fathers would ask the victim to stroke their penis's or have the victim turn over but the victim did not, as the victim knew what would happen. During this part of the interview the victim becomes very emotional and soft spoken. The victim tried to resist but it did happen once or twice. The victim continues saying that when he was turned over it occurred once or twice, Douglas and George would take turns. At this point in the interview the victim becomes very withdrawn and tries to explain what they took turns doing. The victim explains that he had to stroke both fathers but then becomes quiet, and stops talking.

As the interview continues the victim stated the last time the he was subjected to anything sexual was on March 20, 2010, which involved being in the shower with both George and Douglas and having to wash them down sexually and they washed the victim down sexually. George and Douglas were sexually aroused as their penises were hard.

Prior to the end of the interview the victim did confirm that he was sodomized once or twice at the Gregory Hill home or the Williams St East home.

-The interview concluded at 2:40 p.m.

8) That Investigator Vera and Officer Arsenault of the Glastonbury Police Department interviewed the victim's brothers Carlos Harasz, (18 yoa) and ▓▓▓▓▓▓ (17 yoa) at the Glastonbury High School on February 9, 2011. Carlos was agitated during the interview because his younger brothers had been removed by DCF. In response to the victim's disclosure and subsequent investigation, Carlos said, "I think this is a bunch of bullshit". Carlos stated he has never seen or experienced any inappropriate contact with his fathers. Carlos has massaged George, and when done you get a reward, like being able to go out etc. Neither father has showered with him and he described the daddy trap as a wrestling game. He feels safe and is still living with George and Douglas.

9) That from the grades of 4th through 7th, George did enter the bathroom while ▓▓▓▓▓▓ was showering. George would open the shower curtain and wash ▓▓▓▓▓▓ genitals. George told ▓▓▓▓▓ that he wanted to make sure he knew how to clean himself. ▓▓▓▓ was exposed to

(This is page 4 of 8 page Affidavit.)

| Date 9/r/11 | Signed (Affiant) 365 Weaver Terrace #388 |
|---|---|
| Jurat | Subscribed and sworn to before me on (Date) 9/1/11 | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public) AGn 342 |
| Reviewed by (Signature of Prosecutorial Official) | Date 11/27/11 | Reviewed (Judge of the Trial Referee) | Date 11/28/11 |

**ARREST WARRANT APPLICATION**
JD-CR-64a Rev. 8-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical |
|---|---|---|---|
| Harasz, George, S | Glastonbury | Manchester | Area number    12 |

**Affidavit - Continued**

the daddy trap, and if he resisted George would tighten his grip or squeeze harder. George described
the trap as therapeutic. Two summers ago he saw ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the 4 year old brother
touching each others penises. He also witnessed the little brothers kissing each other and humping
teddy bears and trying to hump his leg. He also knows that the victim would be called into George's
bedroom late at night and be in there for up to 4 hours, see attached affidavit.

10) That Nelson Harasz, (20 yoa), was interviewed by the affiant on February 11, 2011. Nelson
confirmed that the family lived on Gregory Hill Rd, the hotel and finally Williams St East. Nelson knows
from personal knowledge that George was abusing legal and illegal drugs. He personally smoked
marijuana with George when he was 18 years of age. Nelson felt if he said no, there would be
ramifications. He found George passed out from consumption several times and received a text
several years ago that his younger brothers found George passed out, naked in the little brothers
bedroom, (text is unavailable as it has been removed from the cell service). While showering Nelson
was also approached by George who was outside the tub and would wash Nelson's genitals. George
stated he wanted to make sure Nelson knew how to clean himself. The washings stopped when he
was about 11 years old. He submitted to the daddy trap and had to massage George when he got into
trouble or needed money. The areas he had to massage did include the inner upper thighs. Nelson
believes George abused the victim because he was the easiest to break down. Nelson saw the victim
physically assaulted by George which would include being choked, punched, kicked and hit with
objects. These assaults occurred weekly. Nelson personally saw a bruise on ▓▓▓▓▓▓ stomach after he
was kicked by George. See attached affidavit.

11) That the affiant met with Charlene Dotts-Mete, on February 14, 2011, who is the psychologist
treating the Harasz children. Dotts-Mete supplied an 8 page outline from her notes while treating the
Harasz family. She began seeing some of the children in 2003. In the beginning of treatment she would
describe George as a good father and appeared to have everything in order. In November 2006 the
victim and ▓▓▓▓▓▓▓▓ started seeing another therapist, Nicolette Banbury. In November 2008, the
victim and ▓▓▓▓▓▓▓▓ returned to Charlene. Just prior to this time the family was living in a hotel and
she noticed that George's appearance and mental state were changing. In November 2008, George
admitted to Dotts-Mete that he was using marijuana on almost a daily basis. In February 2009
George's mental state was getting worse and the little brothers started reporting they were getting hit
and slapped, mainly in the face. Dotts-Mete explained that ▓▓▓▓▓▓ defecated himself while being
disciplined by George. Because of the maltreatment by George against the children, she requested to
meet with George and Douglas but only Douglas showed. Douglas denied anyone was hitting the
children. During one session a little brother slipped and said they were not supposed to talk about the
hitting. In the summer of 2009, George became even more neglectful, not feeding the children, no
showers, not putting them to bed, etc. In October 2009, George terminated his children's contact with
Dotts-Mete and out of concern for the children she made a referral to DCF. She believed that the victim
was the hardest to deal with and probably received the brunt of the punishments, which included
physical labor. She also believes the little kids are afraid to talk openly and are fearful of George.

(This is page 5 of a 8 page Affidavit.)

| | |
|---|---|
| Date    7-1-11 | Signed (Affiant)   Sgt. William S. Fenton   PPB |
| Subscribed and sworn to before me on (Date)   2/11/11 | Signed (Judge/Clerk/Commissioner of Superior Court, Notary Public)   AGT                      542 |
| Reviewed by Supervisor (Print)   [signature] 2/27/11 | Reviewed by (Judge of the Trial Referee)   [signature]   Date   11/29/11 |

ARREST WARRANT APPLICATION
JD-CR-64a  Rev. 8-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Harasz, George, S | Glastonbury | Manchester | 12 |

**Affidavit - Continued**

12) That the following is an approximate time line of homes the victim resided in, along with the victims approximate corresponding ages while living with George Harasz and Douglas Wirth are as follows;

*12 Gregory Hill Dr   from 2000 to November 2007
　　　Victims age, 6 to 12 years of age

*Homewood Suites, 65 Glastonbury Blvd ,  November 2007 through June 2008
　　　Victims age, 12 turned 13 years old

*185 Williams St. East  June 2008 though March 2010
　　　Victims age, 13 and left home when he turned 15 years of age.


13) That on March 7, 2011 the affiant met with Nicolette Banbury, a psychologist who cared for the victim from October 2006 through September 2008. Banbury described her initial contact with George as good and he was a very active parent. This slowly changed once the family was living in the hotel. Banbury learned that George was becoming less involved and not available. She had increasing concerns and heard stories of George locking himself in his room for hours, the children smelling marijuana coming from the room, and an expectation that the older kids care for their little brothers. After raising some concerns about the care given to the children, by George and Douglas, the victim was removed from Banbury's care. Banbury was aware of the massage sessions involving George and the victim. The sessions were described as a time for the victim and George to bond.

14) That on March 17, 2011, the affiant met with Christine Palazzolo of 114 Gilbert Ave, Rocky Hill, Ct, date of birth 07/30/60, who is a godmother to some of the brothers and a family friend. Palazzolo outlined her contact with the family in a written affidavit. During our discussions she affirmed her belief that the victim is honest and truthful. She personally knows that George would do anything to discredit and manipulate the victim in an attempt to derail this investigation. In her affidavit she documented from personal knowledge, that she met George in 1997 but as of today they no longer talk. She also personally knows that when the victim started to reveal negative things about the family, to Dotts-Mete and Banbury, George stopped the victim's counseling sessions. She documented what she believed was abusive discipline, i.e.. collecting rocks around the yard, pick up gravel in buckets, only to dump them again, requiring the victim to wear pull ups on the victims head after bed wetting, sit outside in all types of weather, sometimes for the entire day etc. She witnessed the daddy trap which George considered fun but the boys did not. Palazzolo also knows from personal knowledge that George has always smoked marijuana and on one occasion in late 2007/early 2008 asked her for oxycodone pills which she had from a back injury. On February 12th or 13th, 2011 George initiated contact with Palazzolo and asked her to speak with the victim and have this case dropped and admit he was lying. George told her that he will get people to discredit the victim.

*(This is page 8 of a 9 page Affidavit.)*

| Date | Signed (Affiant) |
|---|---|
| 9-1-y | SG  William Rundfors  389 |
| **Jurat** Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public) |
| 9/1/11 | AST George H  342 |
| **Reviewed** | Reviewed (Judge of the Trial Referee) | Date |
|  | Hodges  | 11/29/11 |

ARREST WARRANT APPLICATION
JD-CR-64a Rev. 8-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Harasz, George, S | Glastonbury | Manchester | 12 |

## Affidavit - Continued

15) That on March 17, 2011 the affiant met with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ date of birth ▓▓▓▓▓▓▓ at her request. She told the affiant that on the afternoon of February 24, 2011, she received a text message from Carlos asking if she would accompany him to meet the victim at the theaters at Buckland Hills in Manchester. ▓▓▓▓ agreed, and she met Carlos and the victim in the parking lot of the theaters. ▓▓▓▓▓, Carlos and the victim drove to Manchester separately. They then went to dinner, during which ▓▓▓▓▓ alleges the victim recanted his disclosure. She also stated the victim later went to Glastonbury Police Department and again recanted the disclosure. The affiant looked at ▓▓▓▓▓ texts for that evening and saw that Carlos was directed by George and Douglas to speak to the victim. Prior to receiving this information the affiant had received similar information from DCF. The affiant did speak with the victim who denied recanted his disclosure. The affiant also learned that the victim did speak with an Glastonbury Police officer on the night of the 24th, and requested information on restraining orders.

16) That on March 16, 2011 the affiant received a phone call from Attorney Katheryn Stedman of Middletown who reported she was representing George Harasz. The affiant requested an interview with George but she declined the affiant's request. On March 17 the affiant spoke with Douglas Wirth. The affiant requested an interview but Wirth stated that he needed to speak with an attorney, after which he would call the affiant back. Wirth has not called the back.

17) That through Agent Kennedy's investigation the 4 year old brother disclosed that he was sexually assaulted by George Harasz. The 4 year old was adopted as an infant and had no prior sexual molestation issues. After being removed from Geroge and Douglas's care for the past 6 months, the 4 year old felt comfortable and safe enough to disclose. He disclosed information to four different persons, a psychologist, forensic interviewer, foster mother and a DCF worker. His disclosure consisted of being sodomized, having to bathe with George, and having his penis touched by George. He is quoted as saying, "George put it my butt", "Daddy grabbed my wiener", and "Daddy's wiener is disgusting". DCF also documented that after leaving the Harasz home he was having difficulty and at times refused to bathe. An arrest warrant application is being forwarded to court reference this disclosure.

18) That because of the new disclosure made by the 4 year old brother, the victim agreed to another interview so that certain acts could be better documented with times and places. The victim stated the last time he was sexually touched in the shower was in December of 2009. The incident occurred at night and he was in a 2nd floor bathroom. He remembers this because he was being made to sleep in a closet adjacent to the bathroom. While showering, the victim heard a knock at the door and George and Douglas entered the bathroom. George undressed and entered the shower. Douglas stayed and watched, while using his computer. George used soap and washed the victim down, including the victim's genitals. The victim was then made to wash George, which included his penis which was erect.

| (This is page 7 of a 9 page Affidavit.) | Date | Signed (Affiant) |
|---|---|---|
| | 9-1-11 | SGT William Trasacco |
| Jurat | Subscribed and sworn to before me on (Date) 9/1/11 | Signed (Judge/Clerk/Commissioner of Superior Court, Notary Public) |
| Reviewed (Prosecutorial Official) | Date 9/87/11 | Reviewed (Judge/Judicial Official Review) |

ARREST WARRANT APPLICATION
JD-CR-84a Rev. 8-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 35-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area Number |
|---|---|---|---|
| Harasz, George, S | Glastonbury | Manchester | 12 |

## Affidavit - Continued

The last time he was subjects to the daddy trap or massages was on his birthday▓▓▓▓▓▓▓ The victim remembered it was a Saturday, in the afternoon at about 3:30 pm. He had just showered and George who was lying on his bed, asked him for a massage. The victim massaged George's back and buttocks. Wanting more, George turned over and had the victim massage his upper inner thighs and the area by his crouch. The victim is unsure if George was erect as he tried not to look in that direction. The victim also talked about being forcibly sodimized. He explained that he was uncomfortable talking about this in the interview at St Francis hospital and thus tried to avoid it. During this interview he stated that he was only sodimized once in the home on Williams St East during the fall of 2009. He remembered going to bed and was alone because his brother ▓▓▓▓▓▓, whom he shared a room with moved out. After going to bed he telephoned ▓▓▓▓▓▓ and told him he wanted to move out. At about 12:45 am he remembered George coming into his bedroom and was angry. George was mad because he learned that ▓▓▓▓▓ wanted to leave the home. George began slap and push him around. He took the victims belt and began to whip the victim. The victim was still lying in his bed and did not fight back because this would make things worse. George pulled the victims boxer shorts down and forcible entered the victim sodomizing him. George did not ejaculate. The victim thought that George was trying to show the power he had over him, rather then satisfy a sexual urge. The victim stated his head hurt the next day because it was hitting the wall as he was being sexually assaulted. He body and "ass" also hurt the next day.

19) That through out this investigation the victim has remained consistent with regards to the sexual acts perpetrated on him through out has always maintained that he has been truthful. Based on the information gained through the affiant's investigation, the affiant has identified certain acts that occurred in Glastonbury;

Victim disclosed one incident where he was sodomized by George Harasz in the fall of 2009. The affiant will be charging George Harasz for these particular acts as follows;

Sexual Assault 1st Degree degree 53a-70
Risk of Injury to a Minor  53a-21
Aggravated Sexual Assault to a Minor   53a-70c

The victim also disclosed on going and continuous year to year sexual contact with George Harasz in the form of washing each other in the showers from age 10 until approximately 15 years of age, (2010), massaging George's genital areas and the victim having his genitals touched by George, from the age of 6, (2001) until age 15, (2010), being placed in the Daddy Trap and having to touch George's genitals and being touched by George, from the ages of 8, (2003) until age 15, (2010). Because these acts performed by the victim where done under duress and intimidation by threat of violence, the affiant will be charging George Harasz for these particular acts as follows;

Sexual Assault 3rd degree   53a-72a

(This is page 8 of a 9 page Affidavit.)

| Date | 9-1-11 | Signed (Affiant) 5/9▓ ▓▓▓▓▓▓▓ ▓▓ |
|---|---|---|
| Jurat | Subscribed and sworn to before me on (Date) 9 \| 1 \| 11 | Signed (Judge/Clerk/Commissioner of Superior Court, Notary Public) ▓▓▓ ▓▓▓▓▓▓ ▓▓▓ |
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ 10 7 11 | Reviewed (Judge/Asst Trial Referee) ▓▓▓▓▓ | Date 11 \|29\| 11 |

**ARREST WARRANT APPLICATION**
JD-CR-64a Rev. 5-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 38-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Harasz, George, S | Glastonbury | Manchester | 12 |

**Affidavit – Continued**
Risk of Injury to a Minor 53-21

The victim also disclosed threats and acts of violence as well as continuous inappropriate sexual contact against the victims will, while under duress and the direct parenting care of George Harasz on an on going and continuous basis from 2001 until March 2010. The affiant will be charging George Harasz with the following;

Cruelty to Persons  53-20

20) Wherefore the affiant states there is probable cause to believe the said George Harasz did commit the crimes of Sexual Assault 1st Degree, in violation of CGS 53a-70; Risk of Injury to a Minor, in violation of CGS 53-21; Aggravated Sexual Assault to a Minor, in violation of CGS 53a-70c; Sexual Assault in the 3rd Degree, in violation of CGS 53a-72a; Risk of Injury to a Minor, in violation of CGS 53-21; Cruelty to Persons, in violation of CGS 53-20 and respectfully requests such an arrest warrant be issued.

(This is page 9 of a 9 page Affidavit.)

| Date | Signed (Affiant) |
|---|---|
| 9-1-11 | |
| Jurat | Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk/Commissioner of Superior Court, Notary Public) |
| Reviewed | Date | Reviewed (Judge/Judge Trial Referee) | Date 11/29/11 |

**ARREST WARRANT APPLICATION**
JD-CR-64b   Rev. 8-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

| For Court Use Only |
|---|
| Supporting Affidavit(s) sealed |
| ☐ Yes    ☐ No |

| Police Case number | Agency name | Agency number |
|---|---|---|
| Gpd 11-001752 | Glastonbury Police Department | 054 |

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Wirth, Douglas, A | Glastonbury | Manchester | 12 |

## Application For Arrest Warrant
To: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the: ☒ Affidavit Below    ☐ Affidavit(s) Attached

| Date | Signed (Prosecutorial authority) | Type/print name of prosecuting authority |
|---|---|---|
| 9/7/11 | Pinella | Pinella |

## Affidavit
The undersigned affiant, being duly sworn, deposes and says:

1) That the affiant is a sworn police officer of the Glastonbury Police Department and has been for 25 years. At all times mentioned herein, the affiant was acting as a member of said department. The following facts and circumstances are stated from personal knowledge and observations as well as information received from other officers and/or State of Connecticut agency employees acting in their official capacities.

2) That on February 8, 2011 at about 10:00 am, the Glastonbury Police Department received a complaint of sexual assault from Investigator Catherine Vera of the State of Connecticut Department of Children and Families, (DCF), 364 West Middle Tpke, Manchester, Ct. The affiant was assigned as the investigating officer.

3) That the name and address of the victim will not be disclosed in accordance with Connecticut General Statute 54-86e and will herein be referred to as the victim. At the time of this complaint the victim was a 15 year old male. The criminal incidents occurred between the ages 6 and 15 years of age.

4) That on February 7, 2011, Investigator Vera met and spoke with the 15 year old victim, and obtained the following information. That the victim disclosed that from ages 10 to about age 14, his adoptive father, George Harasz, of 185 William St. East, Glastonbury Ct, date of birth 08/08/63 would enter into the shower while he was using it. George would be naked and ask the victim to touch his penis. The victim would say no, and then would be disciplined by George until the victim complied. The victim also disclosed incidents which he described as the, "Daddy Trap". The victim stated he was made to get into George's bed and George would grab him and lock his legs around the victim and hold the victims arms. George would then touch the victim's penis and buttocks under the victim's clothing. These incidents would last for minutes to hours and occurred on a continuing basis and occurred to the

*(This is page 1 of a 6 page Affidavit.)*

| Date | Signed (Affiant) |
|---|---|
| 9-1-11 | Sgt. Wayne Rautons of GPD |

| Jurat | Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk/Commissioner of Superior Court, Notary Public) |
|---|---|---|
| | 9/1/11 | AGT   542 |

## Finding
The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| Date and Signature | Signed at (City or town) | On (Date) | Signed (Judge/Judge Trial Referee) | Name of Judge/Judge Trial Referee |
|---|---|---|---|---|
| | Manchester | NOV 08 2011 | C. Taylor | |

ARREST WARRANT APPLICATION
JD-CR-64s  Rev. 9-10
C.G.S. § 54-2a
Pr. Bk, Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical |
|---|---|---|---|
| Wirth, Douglas, A | Glastonbury | Manchester | Area number  12 |

Affidavit - Continued
victim between the ages of 8 and 15 years of age.

George would tell the victim that everything would be okay. The victim knows his other adoptive father and George's partner, Douglas Wirth of 185 Williams St. East, Glastonbury Ct, date of birth 01/01/68, was aware and involved in this type of sexual contact but did nothing to stop it. The victim stated that the daddy trap stopped because he got older and stronger. The victim told Investigator Vera how he had to massage George's buttocks as part of his punishments from the ages of 6 to 15. At times he was requested by George to massage his stomach area and very close to George's penis. The victim was scared that George would ask the victim to touch his penis but he never did. If at any time he refused to go along with George, he would be physically abused. The victim described Douglas Wirth as George's puppet and he would do anything asked of him by George. The victim also recalled that George told him, that what I do to you is not to be repeated and that is not what therapy is for. The victim feels comfortable now and this is why he disclosed the inappropriate sexual contact.

5) That on February 8, 2011, Investigator Vera and the affiant interviewed five other adoptive brothers living in the home at 185 Williams St. East who are between the ages 4 and 10. The first brother is 4 years old. He did not seem to understand all of the questions he was asked but did know what his private part was and identified it as his, "Wiener". He then pulled his wiener from his pants and stated another brother in the home pulls on his wiener and that his daddy wipes his wiener. During the interview he did not disclose any inappropriate sexual contact, but on August 8, 2011, Agent Kennedy of the Glastonbury Police Department did receive a referral from DCF reporting a sexual abuse disclosure reference this brother, (see paragraph 17 for additional details)

6) That the other 4 little brothers███████████ ████████ and ████████████, (who are all between the ages 6-10) were all interviewed but none disclosed any inappropriate sexual contact. Several did say that they gave George and Douglas massages. At the conclusion of the interviews, the five brothers were removed from the Harasz home by DCF.

7) That on February 9, 2011, the victim agreed to a forensic interview at the St. Francis Childrens Advocacy Center. Lisa Murphy-Cipolla began the interview at about 12:24 p.m. The interview was video and audio taped and at the conclusion, the affiant was given a copy which was tagged and stored as evidence. During the interview the victim told Murphy-Cipolla following in response to their conversation;

The victim suffered on going sexual abuse at the hands of both George Harasz and Douglas Wirth. He gets emotional talking about the incidents as they cause flash backs, and loss of sleep. He thought that the sexual acts were normal for a family. Whatever George and Douglas were doing to the victim, they would always reassure him that they did it out of love. During the victims disclosure he reported the sexual contact/abuse was consistent and ongoing since he was a young boy.

(This is page 2 of a 9 page Affidavit.)

| Date |  | Signed (Affiant) |  |
|---|---|---|---|
| 9-1-11 |  |  |  |
| Jurat | Subscribed and sworn to before me on (Date) | Signed (Judge/TASJ, Commissioner of Superior Court, Notary Public) |  |
|  | 9\11\11 | AGT | 342 |
| Reviewed |  | Reviewed (Name/Badge-Trial Referee) |  | Day  NOV 0 8 2011 |

ARREST WARRANT APPLICATION
JD-CR-64a Rev, 6-10
C.G.S. § 54-2a
Pr. Bk, Sec. 35-1, 36-2, 35-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical |
|---|---|---|---|
| Wirth, Douglas, A | Glastonbury | Manchester | Area number 12 |

## Affidavit - Continued

One example of the abuse was the, "Daddy Trap". George would bring or call the victim to his bedroom, and lie down on the bed with the victim, wrapping his arms and legs around him. If the victim resisted, George would tighten his grip or physically slap the victim. The victim did not resist anymore after the first few times, George would stroke the victims head and reassure the victim everything would be alright. George would tell the victim that everything he does is because he loves the victim. George would rub the victims back, legs, and private areas. The victim felt he could not tell anyone as if he did, he would get his beaten up.

The victim also outlined incidents in which George would enter the shower with him. The first few times the victim tried to leave the shower but George would beat/slap him until the victim got back into the shower. George again reassured the victim that everything he does is because he loves the victim, and that he wanted to keep him safe. George would use soap and wash both their bodies including their genitals. The victim was also made to wash George's genitals and he was fearful of retaliation if he did not comply.

In early 2010 just prior to the victim leaving the home Douglas and George came home drunk with friends. The victim had to help his older brothers undress and help change the friend's clothes as well as George and Douglas. After helping they heard the younger brothers screaming and found George and Douglas lying in bed naked with the younger brothers. The victim and his brothers took George and Douglas back to their bedroom and locked them in. These types of incidents happened all the time and the victim hated weekends. One of the brothers in bedroom is the victim in Agt Kennedy's case who disclosed sexual contact at the hands of George.

The victim disclosed incidents involving massages. The victim was always told he had strong hand and George would make the victim massage him including his genitals. The victim was made to massage close to George's penis. He went on saying that Douglas would also shower with him and when not directly involved in the sexual acts, he was usually present.

When the victim starts mentioning his father's names he became somewhat emotional. He confirms the identity of his fathers as Douglas Wirth and George Harasz. He describes George as the parent or sergeant and Douglas as the follower. All the sexual abuse occurred in the bathrooms, victim's bedrooms and George and Douglas's bedroom. The sexual abuse started when he was 6 years old when they were living on Gregory Hill Rd in Glastonbury. Both George and Douglas would shower with him and George would put him into the daddy trap. The victim again confirms that both father would shower with him and would have to touch his parent's genitals. When the victim turned 14 years old he started to realize what George and Douglas were doing to him was wrong. After making this statement the victim became emotional again. The victim moved out of the Harasz home on March 22, 2010. The previous two years they lived on Williams St East in Glastonbury, and several months prior to that they lived in a hotel in Glastonbury. The sexual abuse, except for the massages, stopped, while they lived at the hotel. During theses massages the victim was told to massage George's private areas, "I had to

(This is page 3 of a 3 page Affidavit.)

| Date | Signed (Affiant) |
|---|---|
| 9-1-11 | Sgt Norman Hayes, #r. 9 335 |
| **Jurat** Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public) |
| 9/1/11 | AGT |
| Reviewed (Prosecutorial Official) Date 9/2/11 | Reviewed (Judge of the Superior Court) Date NOV 08 2011 |

ARREST WARRANT APPLICATION
JD-CR-64a Rev. 9-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Wirth, Douglas, A | Glastonbury | Manchester | 12 |

**Affidavit - Continued**

touch it". George would take the victim's hand and touch it, meaning his penis, then George would ask the victim how it felt. Douglas also received these types of massages. The bedroom door would always be locked.

The victim again spoke about the Gregory Hill home. The victim talked about how George and Douglas would get into bed with the victim naked and touch the victim sexually and have the victim touch them sexually. The victim would have to put his hand on the fathers penises and the victim could feel the fathers getting hard. The fathers would take the victim's hand and rub their penis' with it.

The victim is asked about being sodimized at the Williams St. house, between June 2008 and March of 2011. The victim explains that there were times when his fathers would ask the victim to stroke their penis's or have the victim turn over but the victim did not, as the victim knew what would happen. During this part of the interview the victim becomes very emotional and soft spoken. The victim tried to resist but it did happen once or twice. The victim continues saying that when he was turned over it occurred once or twice, Douglas and George would take turns. At this point in the interview the victim becomes very withdrawn and tries to explain what they took turns doing. The victim explains that he had to stroke both fathers but then becomes quiet, and stops talking.

As the interview continues the victim stated the last time the he was subjected to anything sexual was on March 20, 2010, which involved being in the shower with both George and Douglas and having to wash them down sexually and they washed the victim down sexually. George and Douglas were sexually aroused as their penises were hard.

Prior to the end of the interview the victim did confirm that he was sodimized once or twice at the Gregory Hill home or the Williams St East home.

-The interview concluded at 2:40 p.m.

8) That Investigator Vera and Officer Arsenault of the Glastonbury Police Department interviewed the victim's brothers Carlos Harasz, (18 yoa) and ▉▉▉▉▉▉▉▉▉▉ (17 yoa) at the Glastonbury High School on February 9, 2011. Carlos was agitated during the interview because his younger brothers had been removed by DCF. In response to the victim's disclosure and subsequent investigation, Carlos said, "I think this is a bunch of bullshit". Carlos stated he has never seen or experienced any inappropriate contact with his fathers. Carlos has massaged George, and when done you get a reward, like being able to go out etc. Neither father has showered with him and he described the daddy trap as a wrestling game. He feels safe and is still living with George and Douglas.

9) That from the grades of 4th through 7th, George did enter the bathroom while ▉▉▉▉▉▉ was showering. George would open the shower curtain and wash ▉▉▉▉▉▉ genitals. George told

(This is page 4 of a 9 page Affidavit.)

| Date | Signed (Affiant) |
|---|---|
| 9-1-11 | S 6 ⟨signature⟩ |
| Jurat  Subscribed and sworn to before me on (Date)  9|1|11 | Signed (Judge/Clerk/Commissioner of Superior Court, Notary Public)  AGF ⟨signature⟩ 342 |
| Reviewed ⟨signature⟩  Date  11/09/11 | Reviewed (Judge)  ⟨signature⟩  taylor |

NOV 0 8 2011

ARREST WARRANT APPLICATION
JD-CR-64a Rev. 8-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 38-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical |
|---|---|---|---|
| Wirth, Douglas, A | Glastonbury | Manchester | Area number . 12 |

**Affidavit - Continued**

██████████ that he wanted to make sure he knew how to clean himself ██████████ was exposed to the daddy trap, and if he resisted George would tighten his grip or squeeze harder. George described the trap as therapeutic. Two summers ago he saw ██████████ and the 4 year old brother touching each others penises. He also witnessed the little brothers kissing each other and humping teddy bears and trying to hump his leg. He also knows that the victim would be called into George's bedroom late at night and be in there for up to 4 hours, see attached affidavit.

10) That Nelson Harasz, (20 yoa), was interviewed by the affiant on February 11, 2011. Nelson confirmed that the family lived on Gregory Hill Rd, the hotel and finally Williams St East. Nelson knows from personal knowledge that George was abusing legal and illegal drugs. He personally smoked marijuana with George when he was 18 years of age. Nelson felt if he said no, there would be ramifications. He found George passed out from consumption several times and received a text several years ago that his younger brothers found George passed out, naked in the little brothers bedroom, (text is unavailable as it has been removed from the cell service). While showering Nelson was also approached by George who was outside the tub and would wash Nelson's genitals. George stated he wanted to make sure Nelson knew how to clean himself. The washings stopped when he was about 11 years old. He submitted to the daddy trap and had to massage George when he got into trouble or needed money. The areas he had to massage did include the inner upper thighs. Nelson believes George abused the victim because he was the easiest to break down. Nelson saw the victim physically assaulted by George which would include being choked, punched, kicked and hit with objects. These assaults occurred weekly. Nelson personally saw a bruise on ██████████ stomach after he was kicked by George. See attached affidavit.

11) That the affiant met with Charlene Dotts-Mete, on February 14, 2011, who is the psychologist treating the Harasz children. Dotts-Mete supplied an 8 page outline from her notes while treating the Harasz family. She began seeing some of the children in 2003. In the beginning of treatment she would describe George as a good father and appeared to have everything in order. In November 2008 the victim and ██████████ started seeing another therapist, Nicolette Banbury. In November 2008, the victim and ██████████ returned to Charlene. Just prior to this time the family was living in a hotel and she noticed that George's appearance and mental state were changing. In November 2008, George admitted to Dotts-Mete that he was using marijuana on almost a daily basis. In February 2009 George's mental state was getting worse and the little brothers started reporting they were getting hit and slapped, mainly in the face. Dotts-Mete explained that ██████████ defecated himself while being disciplined by George. Because of the maltreatment by George against the children, she requested to meet with George and Douglas but only Douglas showed. Douglas denied anyone was hitting the children. During one session a little brother slipped and said they were not supposed to talk about the hitting. In the summer of 2009, George became even more neglectful, not feeding the children, no showers, not putting them to bed, etc. In October 2009, George terminated his children's contact with Dotts-Mete and out of concern for the children she made a referral to DCF. She believed that the victim was the hardest to deal with and probably received the brunt of the punishments, which included

| (This is page 6 of a 9 page Affidavit.) | |
|---|---|
| Date 9-1-11 | Signed (Affiant) S65 William Thomas 198 |
| Jurat 9\|1\|11 | Signed (Judge/Clerk/Commissioner of Superior Court, Notary Public) AG ████████ 342 |
| ████████ 9/29/11 | Reviewed (Judge/Judge Trial Referee) C. Taylor    NOV 0 8 2011 |

ARREST WARRANT APPLICATION
JD-CR-64a Rev. 8-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Wirth, Douglas, A | Glastonbury | Manchester | 12 |

**Affidavit - Continued**
physical labor. She also believes the little kids are afraid to talk openly and are fearful of George.

12) That the following is an approximate time line of homes the victim resided in, along with the victims approximate corresponding ages while living with George Harasz and Douglas Wirth are as follows;

*12 Gregory Hill Dr   from 2000 to November 2007
        Victims age, 6 to 12 years of age

*Homewood Suites, 85 Glastonbury Blvd , November 2007 through June 2008
        Victims age, 12 turned 13 years old

*185 Williams St., East  June 2008 though March 2010
        Victims age, 13 and left home when he turned 15 years of age.

13) That on March 7, 2011 the affiant met with Nicolette Banbury, a psychologist who cared for the victim from October 2006 through September 2008. Banbury described her initial contact with George as good and he was a very active parent. This slowly changed once the family was living in the hotel. Banbury learned that George was becoming less involved and not available. She had increasing concerns and heard stories of George locking himself in his room for hours, the children smelling marijuana coming from the room, and an expectation that the older kids care for their little brothers. After raising some concerns about the care given to the children, by George and Douglas, the victim was removed from Banbury's care.  Banbury was aware of the massage sessions involving George and the victim. The sessions were described as a time for the victim and George to bond.

14) That on March 17, 2011, the affiant met with Christine Palazzolo of 114 Gilbert Ave, Rocky Hill, Ct, date of birth 07/30/60, who is a godmother to some of the brothers and a family friend. Palazzolo outlined her contact with the family in a written affidavit. During our discussions she affirmed her belief that the victim is honest and truthful. She personally knows that George would do anything to discredit and manipulate the victim in an attempt to derail this investigation. In her affidavit she documented from personal knowledge, that she met George in 1997 but as of today they no longer talk. She also personally knows that when the victim started to reveal negative things about the family, to Dotts-Mele and Banbury, George stopped the victim's counseling sessions. She documented what she believed was abusive discipline, i.e.. collecting rocks around the yard, pick up gravel in buckets, only to dump them again, requiring the victim to wear pull ups on the victims head after bed wetting, sit outside in all types of weather, sometimes for the entire day etc. She witnessed the daddy trap which George considered fun but the boys did not. Palazzolo also knows from personal knowledge that George has always smoked marijuana and on one occasion in late 2007/early 2008 asked her for oxycodone pills which she had from a back injury. On February 12th or 13th, 2011 George initiated contact with Palazzolo and asked her to speak with the victim and have this case dropped and admit he was lying.

(This is page 8 of a 9 page Affidavit)

| Date | Signed (Affiant) |
|---|---|
| 9-1-11 | S of |
| Jurat Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk/Commissioner of Superior Court, Notary Public) |
| 9/1/11 | AGT    /342 |
| Date | Reviewed (Judge/Judge Trial Referee) |
| 9/04/11 | G.    NOV 0 8 2011 |

ARREST WARRANT APPLICATION
JD-CR-64a Rev 8-19
C.G.S. § 54-2n
Pr. Bk. Sec. 35-1, 35-2, 35-4

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Wirth, Douglas, A | Glastonbury | Manchester | 12 |

**Affidavit - Continued**
George told her that he will get people to discredit the victim.

15) That on March 17, 2011 the affiant met with ▇▇▇▇▇ of ▇▇▇▇▇▇▇, date of birth ▇▇▇ at her request. She told the affiant that on the afternoon of February 24, 2011, she received a text message from Carlos, asking if she would accompany him to meet the victim at the theaters at Buckland Hills in Manchester. ▇▇▇ agreed, and she met Carlos and the victim in the parking lot of the theaters. ▇▇▇ Carlos and the victim drove to Manchester separately. They then went to dinner, during which ▇▇▇ alleges the victim recanted his disclosure. She also stated the victim later went to Glastonbury Police Department and again recanted the disclosure. The affiant looked at ▇▇▇ texts for that evening and saw that Carlos was directed by George and Douglas to speak to the victim. Prior to receiving this information the affiant had received similar information from DCF. The affiant did speak with the victim who denied recanted his disclosure The affiant also learned that the victim did speak with an Glastonbury Police officer on the night of the 24th; and requested information on restraining orders.

16) That on March 16, 2011 the affiant received a phone call from Attorney Katheryn Stedman of Middletown who reported she was representing George Harasz. The affiant requested an interview with George but she declined the affiant's request. On March 17, 2011 the affiant spoke with Douglas Wirth. The affiant requested an interview but Wirth stated that he needed to speak with an attorney, after which he would call the affiant back. Wirth has not called the back.

17) That through Agent Kennedy's investigation the 4 year old brother disclosed that he was sexually assaulted by George Harasz. The 4 year old was adopted as an infant and had no prior sexual molestation issues. After being removed from George and Douglas's care for the past 6 months, the 4 year old felt comfortable and safe enough to disclose. He disclosed information to four different persons, a psychologist, forensic interviewer, foster mother and a DCF worker. His disclosure consisted of being sodomized, having to bathe with George, and having his penis touched by George. He is quoted as saying, "George put it my butt", "Daddy grabbed my wiener", and "Daddy's wiener is disgusting". DCF also documented that after leaving the Harasz home he was having difficulty and at times refusing to bathe. An arrest warrant application is being forwarded to court reference this disclosure.

18) That because of the new disclosure made by the 4 year old brother, the victim agreed to another interview so that certain acts could be better documented with times and places. The victim stated the last time he was sexually touched in the shower was in December of 2009. The incident occurred at night and he was in a 2nd floor bathroom. He remembers this because he was being made to sleep in a closet adjacent to the bathroom. While showering, the victim heard a knock at the door and George and Douglas entered the bathroom. George undressed and entered the shower. Douglas stayed and watched, while using his computer. George used soap and washed the victim down, including the

*(This is page 7 of p 9 page Affidavit)*

| Date | Signed (Affiant) |
|---|---|
| 9-1-11 | |
| Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public) |
| 9/1/11 | ACT |
| Reviewed (Judge) | Date | Reviewed (Judge/State's Attorney) |
| | 9/22/11 | C. Taylor |

NOV 0 8 2011

ARREST WARRANT APPLICATION
JD-CR-64a  Rev. 5-10
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Wirth, Douglas, A | Glastonbury | Manchester | 12 |

**Affidavit - Continued**

victim's genitals. The victim was then made to wash George, which included his penis which was erect. The last time he was subjected to the daddy trap or massages was on his birthday▓▓▓▓▓▓▓▓. The victim remembered it was a Saturday, in the afternoon at about 3:30 pm. He had just showered and George who was lying on his bed, asked him for a massage. The victim massaged George's back and buttocks. Wanting more, George turned over and had the victim massage his upper inner thighs and the area by his crouch. The victim is unsure if George was erect as he tried not to look in that direction. During this massge Douglas was present working on his computer.

19) That through out this investigation the victim has remained consistent with regards to the sexual acts perpetrated on him through out has always maintained that he has been truthful. Based on the information gained through the affiant's investigation, the affiant has identified certain acts that occurred in Glastonbury;

The victim also disclosed on going and continuous year to year sexual contact with Douglas Wirth in the form of washing each other in the showers from age 10 until approximately 15 years of age, (2010), massaging George's genital areas and the victim having his genitals touched by George, from the age of 6, (2001) until age 15, (2010), being placed in the Daddy Trap and having to touch George's genitals and being touched by George, from the ages of 8, (2003) until age 15, (2010). During these acts Douglas was either present or involved. Because these acts performed by the victim where done under duress and intimidation by threat of violence, the affiant will be charging Douglas Wirth for these particular acts as follows;

Sexual Assault 3rd degree  53a-72a
Risk of Injury to a Minor  53-21

20) Wherefore the affiant states there is probable cause to believe the said Douglas Wirth did commit the crimes of Sexual Assault 3rd Degree, in violation of CGS 53a-72a; Risk of Injury to a Minor, in violation of CGS 53-21; and respectfully requests such an arrest warrant be issued.

(This is page 8 of a 9 page Affidavit.)

| Date | Signed (Affiant) |
|---|---|
| 9-1-11 | Sgt Wilmington George Zere #788 |
| **Jurat** Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk, Commissioner/Superior Court, Notary Public) |
| 9/1/11 | ACT #842 |
| Reviewed | Date | Reviewed (Judge/Judge Trial Referee) | Date |
| | 9/24/16 | C. Taylor | NOV 08 2011 |

**ARREST WARRANT APPLICATION**
JD-CR-64a  Rev. 3-10
O.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

| Name (Last, First, Middle Initial) | Residence (Town) of accused | Court to be held at (Town) | Geographical Area number |
|---|---|---|---|
| Wirth, Douglas, A | Glastonbury | Manchester | 12 |

**Affidavit - Continued**

*(This is page 9 of a 9 page Affidavit.)*

| Date | Signed (Affiant) |
|---|---|
| 9-1-11 | Sgt Newman Connn.Frus |
| Juret   Subscribed and sworn to before me on (Date)   9 1 11 | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public)   AC |
| Reviewed (Superior Court)   Date | Reviewed (Judge/Judge - Trial Referee)   C. Rau |